ALEX G. TSE (CSBN 152348)
United States Attorney
SARA WINSLOW (DCBN 457643)
Assistant United States Attorney
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

    U.S. Attorney's Office/Civil Division
    150 Almaden Blvd., Suite 900
    San Jose, CA  95113
    Telephone: (408) 535-5044
    Fax:  (408) 535-5081
    Email:  claire.cormier@usdoj.gov

Attorneys for Defendant Robert Wilkie
Secretary, U.S. Dept. of Veterans Affairs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TATYANA E. DREVALEVA, | CASE NO. 18-CV-3748-WHA |
| Plaintiff, | NOTICE OF MOTION AND MOTION TO DISMISS |
| v. | |
| 1) The U.S. DEPARTMENT OF VETERANS AFFAIRS | Date: November 29, 2018
Time: 8:00 a.m.
Courtroom 12, 19th Floor
Hon. William H. Alsup |
| 2) ROBERT WILKIE, Secretary, U.S. Dept. of Veterans Affairs, | |
| Defendants. | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on Thursday, November 29, 2018, at 8:00 a.m., or as soon thereafter as the parties may be heard in Courtroom 12, 19th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA, Defendant U.S. Department of Veterans Affairs ("VA") and Defendant Robert Wilkie, Secretary of the VA[1], will move this Court for an order dismissing the

---

[1] Pursuant to Fed. R. Civ. P. Rule 25(d) Secretary Wilkie is automatically substituted for his predecessor in office.

MOTION TO DISMISS - Case No. 18-CV-3748-WHA

1

Complaint for failure to comply with Rule 10 of the Federal Rules of Civil Procedure, for lack of jurisdiction pursuant to Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6). Defendant's Motion is based on this notice, the points and authorities in support of this motion, the pleadings on file in this matter, and on such oral argument as the Court may permit.

Pursuant to Civ. L.R. 7-3, any opposition is due within fourteen days of service of this motion. Accordingly, Plaintiff's opposition must be served and filed by October 23, 2018.

**ISSUES TO BE DECIDED**

1) Whether the Complaint should be dismissed for failure to comply with Rule 10.
2) Whether Plaintiff's fifth, sixth, and seventh claims set forth in her Complaint must be dismissed for lack of subject matter jurisdiction without leave to amend because Title VII of the Civil Rights Act is her exclusive remedy for the conduct complained of.
3) Whether the Federal Tort Claims Act bars Plaintiff's tort claims.
4) Whether the United States Department of Veterans Affairs is a proper defendant in this matter.
5) Whether Plaintiff may seek punitive damages against a federal defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTS[2]**

Plaintiff, Tatyana E. Drevaleva, was employed as a medical instrument technician at the Raymond G. Murphy Veterans Affairs Medical Center ("VAMC") in Albuquerque, New Mexico. Complaint at p. 2. After working at the VAMC for about a month and a half, Plaintiff requested leave without pay ("LWOP") and travelled to Russia. Complaint at p. 3, 6. Plaintiff planned to undergo an In-Vitro Fertilization ("IVF") procedure and search for a surrogate mother in Russia since she cannot carry the pregnancy herself. Complaint at p. 4.

While in Russia, Plaintiff emailed a translated document from her Russian OB/GYN explaining that she was in the Russian registry to receive an IVF procedure. Complaint attachment 2. Plaintiff updated her supervisors on her IVF procedure by email and informed them that she was staying in

---

[2] Many of the "facts" presented in this motion are based on Plaintiff's allegations. Defendant presents these facts for purposes of this motion only. Should this case proceed beyond this motion, Defendant may present evidence disputing certain allegations.

MOTION TO DISMISS - Case No. 18-CV-3748-WHA

2

Russia a month longer than originally predicted. Complaint at p. 6, 7. Plaintiff requested additional time off, and her supervisor replied stating that Plaintiff had been let go. Complaint at p. 7. Plaintiff returned to the United States after remaining in Russia for another month. Complaint at p. 7, 8.

In a mediation proceeding, Plaintiff learned that her supervisor submitted her LWOP request to the Director of Nursing Services, who denied her request under the Family Medical Leave Act ("FMLA") because she did not qualify for leave under the FMLA, which requires the employee to have worked for the employer for at least one year. Complaint at p. 8. The supervisor explained that a letter stating Plaintiff's leave was denied was mailed to her home and could not be emailed to Plaintiff in Russia because it was against VAMC policy. Complaint at p. 8, 9. After the VAMC refused to reinstate her, Plaintiff learned that the VAMC hired two younger male monitor technicians. Complaint at p. 9. This led Plaintiff to file claims for pregnancy discrimination, sex discrimination, age discrimination, and disability discrimination against the VAMC. Complaint at p. 10-21 (Causes of Action 1 through 4).

Plaintiff moved from New Mexico to California, where she applied for Unemployment Insurance benefits. Complaint at p. 8. She did not receive the benefits because the Employment Development Department ("EDD") learned that Plaintiff was let go for cause. Complaint at p. 9. Plaintiff alleges the VAMC committed libel when her supervisor told the EDD that she was discharged for cause because she traveled to Russia without approved leave. Complaint at p. 21 (Fifth Cause of Action).

Plaintiff alleges the VAMC intentionally caused her emotional distress ("IIED") by relieving her of her position at the VAMC and depriving her of the opportunity to have children. Complaint at p.21-22 (Sixth Cause of Action).

Finally, Plaintiff alleges the VAMC deprived her of liberty or property in violation of the Fifth Amendment of the United States Constitution. Complaint at p. 22-23 (Seventh Cause of Action). She claims the VAMC deprived her of the liberty to work and of any property she would have purchased if she was still employed at the VAMC. Complaint at p.23.

All of Plaintiff's seven claims arise from her employment at the VAMC. Her prayer for relief requests reinstatement, back pay, compensatory damages of five million dollars, attorney's fees, and punitive damages for libel in the amount of two million dollars. Complaint at p. 24-25.

## II.     LEGAL STANDARDS

Rule 10 of the Federal Rules of Civil Procedure requires a plaintiff to state her claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This allows a defendant to respond to the complaint allegations "refer[ring] by number to a paragraph" in the complaint. Fed. R. Civ. P. 10(b). Plaintiff's Complaint lacks numbered paragraphs.

Where subject matter jurisdiction is lacking, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is the appropriate disposition. *MacKay v. Pfiel*, 827 F.2d 540, 543 (9th Cir. 1987). Once the defendant objects based on a lack of subject matter jurisdiction, plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Federal courts have limited jurisdiction, and the presumption is that a complaint falls outside this limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may launch a facial or factual jurisdictional attack. In a facial attack, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack, the Court must accept the factual allegations in plaintiff's complaint as true. *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). The court, however, does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.,* 349 F.3d 1191, 1199-200 (9th Cir. 2003). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations, however, are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

### III. STATUTORY FRAMEWORK FOR EMPLOYMENT-RELATED CLAIMS

Title VII of the Civil Rights Act of 1964, as amended, makes it "an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). The terms "because of sex" or "on the basis of sex" include, "but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work . . . ." 42 U.S.C. § 2000e(k).

Congress extended the protections of Title VII to federal employees. Title VII states, "[a]ll personnel actions affecting employees or applicants for employment . . . in executive agencies . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a). The extension of Title VII to federal employees also included "rigorous administrative exhaustion requirements." *Brown v. General Services Administration*, 425 U.S. 820, 833 (1976). The requirements create "a dispute resolution system that requires a complaining party to pursue administrative relief prior to court action, thereby encouraging quicker, less formal, and less expensive resolution of disputes within the Federal Government and outside of court." *West v. Gibson*, 527 U.S. 212, 218-19 (1999).

### IV. ARGUMENT

#### A. Rule 10 of the Federal Rules of Civil Procedure requires Plaintiff to state her claims in numbered paragraphs.

Under Rule 10 of the Federal Rules of Civil Procedure, a complaint must state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances" in a manner that "would promote clarity . . . ." Fed. R. Civ. P. 10(b). A complaint is subject to dismissal if it fails to comply with Rule 10 and makes it difficult for "any Defendant to properly respond to the allegations." *Jacob v. Flagg,* 2010 WL 4974868 at *3 (S.D. Cal. Dec. 1, 2010) (plaintiff's complaint

MOTION TO DISMISS - Case No. 18-CV-3748-WHA

5

was dismissed for failing to comply with Rule 10); *see also Bishop v. Mohave Mental Health Incorporated,* 2017 WL 1927918 at *3 (D. Ariz. May, 10, 2017).

Here, Plaintiff's complaint fails to comply with Rule 10 making it difficult for Defendants to properly respond to Plaintiff's allegations. Thus, Plaintiff's complaint should be dismissed with leave to amend because it violates Rule 10.

### B. Title VII preempts Plaintiff's tort and constitutional claims.

In *Brown,* 425 U.S. at 835, the Supreme Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." Where a federal employee asserts a claim under Title VII, that statute is exclusive of any other remedy against both the federal government and the individual federal employees alleged to have participated in the discrimination. *White v. General Services Administration*, 652 F.2d 913, 916-17 (9th Cir. 1981). The Court in *Brown* held that "[s]ection 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (1970 ed., Supp. IV), proscribes federal employment discrimination and establishes an administrative and judicial enforcement system." *Brown*, 425 U.S. at 829. The Supreme Court held that section 717 is a "precisely drawn, detailed statute [that] preempts more general remedies," and thus it "provides the exclusive remedy for claims of discrimination in federal employment." *Id.* at 834-35.

Based upon the legislative history and structure of section 717 of Title VII (42 U.S.C. § 2000e-16), the Court found that "[t]he balance, completeness, and structural integrity of § 717 are inconsistent with the . . . contention that the judicial remedy afforded by § 717(c) was designed merely to supplement other putative judicial relief." *Brown*, 425 U.S. at 832. Therefore, because it was Congress' intent to create an "unambiguous . . . exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination," Plaintiff may not "bootstrap" additional causes of action onto her Title VII complaint. *Id.* at 829-30.

#### 1. Preemption of Plaintiff's Constitutional Claim

The Ninth Circuit has rejected supplemental statutory and constitutional claims where those claims were remediable under Title VII or involved the same factual predicate as the plaintiff's Title VII claim. *See Nolan v. Cleland*, 686 F.2d 806, 814-15 (9th Cir. 1982) (holding that *Brown's* holding cannot be circumvented where the factual predicate for the plaintiff's constitutional claim is the discrimination

that is the basis for her Title VII claim); *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 198 (9th Cir. 1995) (rejecting plaintiff's Fifth Amendment equal protection claim because his claim was covered by the "massive and complex program" of Title VII). Other circuits agree. *See, e.g, Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (holding that "Title VII preempts any constitutional cause of action that a court might find under the First or Fifth Amendments for discrimination in federal employment").

In this case, Plaintiff alleges she was deprived of liberty and property without due process by the VAMC. Complaint at p. 22. Plaintiff claims that, by discharging her, the VAMC deprived her of the liberty to work and the property she would have been able to purchase if she was still employed at the VAMC. Complaint at p. 23. Plaintiff's Title VII causes of action state the VAMC discriminated against her by discharging her because of sex, age, and her pregnancy-related health conditions. Complaint at p.14, 17. Defendant is unaware of any case where the court permitted a plaintiff to maintain a separate constitutional claim where the plaintiff brought an employment discrimination claim under Title VII. Because Plaintiff predicates her constitutional and Title VII causes of action on the same event – her termination – this Court should dismiss Plaintiff's seventh cause of action because Title VII preempts any constitutional claim with the same factual predicate and provides the "exclusive remedy" for federal employment discrimination claims. *Brown*, 425 U.S. at 834-35.

### 2. Preemption of State Tort Claims

The Ninth Circuit and the Supreme Court have both held that, due to Title VII's comprehensive scope, it preempts other causes of action seeking to redress the same wrong, including tort claims based upon the same discriminatory employment actions. *Brown*, 425 U.S. at 835; *Williams v. General Services Administration*, 905 F.2d 308, 311 (9th Cir. 1990).

Here, both of Plaintiff's tort claims are based upon her employment at the VAMC and the alleged discriminatory actions taken by her supervisor and the VAMC. Plaintiff claims she was defamed when her former supervisor told the EDD that she was discharged because she travelled to Russia without approved leave. Complaint at p. 21. Plaintiff also claims the VAMC intentionally caused her emotional distress by discharging her, depriving her of her opportunity to work and have children. Complaint at p. 22. Thus, the Court should dismiss Plaintiff's libel and IIED causes of action because

Title VII provides the exclusive remedy for federal employment discrimination actions and preempts tort claims seeking to redress the same wrong.

### C. The Federal Tort Claims Act bars Plaintiff's tort claims even if Title VII did not preempt them.

Even if Plaintiff's tort claims were not preempted by Title VII, they would still be subject to dismissal. The Federal Tort Claims Act ("FTCA") provides the "exclusive remedy for tortious conduct by the United States" and effected a broad waiver of sovereign immunity, making the United States liable for the tortious acts of its employees, with certain exceptions. *See Federal Deposit Ins. Corp. v. Craft,* 157 F.3d 697, 716 (9th Cir.1998); 28 U.S.C. § 2674. The FTCA, however, "only allows claims against the United States" and does not allow claims against a federal employee or a federal agency. *See Federal Deposit Ins. Corp.,* 157 F.3d at 706; *Kennedy v. United States Postal Serv.,* 145 F.3d 1077, 1078 (9th Cir.1998) (per curiam) (The court held that the "United States Postal Service in its own name is not a claim against the United States.")

The FTCA also provides that an "action shall not be instituted . . . against the United States," unless the claimant has first exhausted 0administrative remedies. 28 U.S.C. § 2675(a). Additionally, under the FTCA, any claims for libel are expressly excluded from the general waiver of sovereign immunity for tort claims. *See* 28 U.S.C. § 2680(h). This Court would have jurisdiction over Plaintiff's tort claims against the United States *only* if there was an express waiver of sovereign immunity. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). Absent a waiver, sovereign immunity shields the United States and its agencies from suit. *See Loeffler v. Frank*, 486 U.S. 549, 554 (1988).

In this case, Plaintiff is asserting libel and IIED claims against the VA and its Secretary. Complaint at p. 21, 22. The FTCA provides her "exclusive remedy" when bringing tort claims against the government and requires a plaintiff to exhaust her administrative remedies before bringing an action against the United States. *Federal Deposit Ins. Corp.,* 157 F.3d at 716; 28 U.S.C. § 2675(a). Here, Plaintiff has not provided any allegation or evidence that she has exhausted her administrative remedies. Even if she had, the Ninth Circuit has held that the proper defendant in an FTCA claim is the United States; the FTCA bars bringing an action against a federal employee or federal agency. *Kennedy*, 145

F.3d at 1078. Additionally, Plaintiff asserts a claim for libel against the VAMC, a tort expressly excluded from the waiver of immunity by the United States under the FTCA. 28 U.S.C. § 2680(h).

Finally, there is no evidence the United States waived its sovereign immunity in this case, a requirement for this Court to have jurisdiction over Plaintiff's tort claims. *See Nordic Village, Inc.*, 503 U.S. at 33-34; *Loeffler*, 486 U.S. at 554. Therefore, even if Title VII did not preempt Plaintiff's tort claims, she is prohibited from asserting them under the FTCA for naming an improper defendant, for failing to exhaust administrative remedies, for asserting an expressly excluded claim, and because there is no evidence the United States has waived its sovereign immunity in this case. Her tort claims should be dismissed.

### D. The Department of Veterans Affairs is an improper defendant.

Section 717 of Title VII, 42 U.S.C. § 2000e-16, states that in a Title VII discrimination action, "the head of the department, agency, or unit . . . shall be the defendant." 42 U.S.C. § 2000e-16(c). The terms "department," "agency," and "unit" are defined in section 2000e-16(a). "[A]gency" refers to one of the "executive agencies as defined in section 105 of Title 5." In turn, 5 U.S.C. § 105 states that "'Executive agency' means an Executive department, a Government corporation, [or] an independent establishment." 5 U.S.C. §101 further defines "Executive department" as one of the thirteen cabinet-level departments, including the VA.

Plaintiff named the VA and the Secretary of the VA as defendants. Complaint at p. 1. In a Title VII discrimination action, the head of the department or agency, the Secretary of the VA in this case, is the only proper defendant. 42 U.S.C. § 2000e-16(c). Thus, under Title VII, Plaintiff improperly named the VA as a defendant, and it should be dismissed as a defendant from this action.

### E. Punitive damages are not available against federal government defendants.

As provided in 42 U.S.C. Section 1981a(b)(1), punitive damages are not available against federal government defendants in a Title VII case. Section 1981a(b)(1) states, "[a] complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision . . . .)" 42 U.S.C. § 1981a(b)(1). Plaintiff does not expressly request punitive damages as a remedy for her Title VII claim, but she should not be allowed to amend to do so.

Plaintiff does request punitive damages as a remedy for her libel claim. As discussed above, that claim must be dismissed. Plaintiff, however, could not recover punitive damages from the federal government even if she could pursue a tort claim. Section 2674 of the FTCA provides, the United States "shall not be liable for . . . punitive damages." Even "if the local law provides for punitive damages, or permits application of standards which result in plaintiffs getting more than compensatory damages, only compensatory damages may be awarded." *Felder v. United States*, 543 F.2d 657, 669 (9th Cir. 1976) (quoting *United States v. English*, 521 F.2d 63, 70 (9th Cir. 1975)). Therefore, such damages are unrecoverable under either Title VII or the FTCA and should be stricken from the complaint.

## V.  CONCLUSION

Since Title VII provides the exclusive remedy for discrimination in federal employment, any additional claims asserted by Plaintiff under tort and constitutional law are preempted and must be dismissed. Plaintiff is limited to her claims of discrimination under Title VII and cannot "bootstrap" tort and constitutional claims onto her Title VII complaint. Even if Title VII did not preempt Plaintiff's tort claims, the claims are barred under the FTCA. Additionally, the VA should be removed from this action because the "head of the department" is the only proper defendant in a Title VII discrimination action. Finally, punitive damages are not available against a federal employer under Title VII or the FTCA.

Plaintiff's fifth, sixth, and seventh causes of action should be dismissed with prejudice and without leave to amend. All claims against the VA should be dismissed with prejudice and without leave to amend. The prayer for punitive damages should be stricken. Finally, because Plaintiff's complaint fails to comply with Rule 10, the remainder of the complaint – the first through fourth causes of action against the Secretary – should be dismissed with leave to amend and with instructions that any amended complaint should be written in numbered paragraphs.

Respectfully submitted,

ALEX G. TSE
United States Attorney

Dated: October 9, 2018

  /s/ Claire T. Cormier
CLAIRE T. CORMIER
Assistant United States Attorney