IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TATYANA EVGENIEVNA DREVALEVA,

    Plaintiff,

v.

U. S. DEPARTMENT OF VETERANS AFFAIRS, and ROBERT WILKIE, Secretary, U. S. Department of Veteran's Affairs,

    Defendants.

No. C 18-03748 WHA

**ORDER DENYING MOTION FOR RECONSIDERATION**

In this *pro se* employment discrimination action, plaintiff moves for reconsideration of the November 2 order denying her request to file supplemental briefing. This order finds no grounds for reconsideration.

Under Civil Local Rule 7-9(b), a party moving for leave to file a motion for reconsideration must show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Here, plaintiff has not shown that any of the above three grounds applies in this matter. Instead, plaintiff alleges that defendants' counsel "didn't act in good faith" and that plaintiff did not previously have the chance to review the case law defendants cited in their motion to dismiss prior to filing her opposition. Moreover, plaintiff already made most of the arguments put forth in her opposition to defendants' motion to dismiss. Thus, allowing plaintiff to repeat her arguments would violate Local Rule 7-9(c), which states that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party." To the extent plaintiff raises new arguments in this motion, plaintiff is advised that a motion for leave to file a motion for reconsideration is an improper vehicle.

Accordingly, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 14, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE