IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF VETERANS AFFAIRS, *et al.*, <br><br> Defendants. | No. C 18-3748-WHA <br><br> **ORDER GRANTING MOTION TO DISMISS; DENYING MOTION TO STRIKE; DENYING MOTION FOR A PRELIMINARY INJUNCTION** |

**INTRODUCTION**

In this employment discrimination action, federal defendants move to dismiss for lack of subject-matter jurisdiction and failure to state a claim. *Pro se* plaintiff moves to strike and for preliminary injunction. For the reasons stated herein, federal defendants' motion to dismiss is **GRANTED**. Plaintiff's motions to strike and for preliminary injunction are **DENIED**.

**STATEMENT**

The following is taken from the allegations set forth in *pro se* plaintiff's complaint. Defendants Department of Veterans Affairs and Robert Wilkie, United States Secretary of Veterans Affairs hired *pro se* plaintiff Tatyana E. Drevaleva as a medical instrument technician at the Raymond G. Murphy Veterans Affairs Medical Center in Albuquerque starting in April 2017. Approximately six weeks after starting, while still in the probationary period of her

employment, plaintiff requested a leave without pay for a month and a half to travel to Russia to undergo in-vitro fertilization. Plaintiff's supervisor informed plaintiff that to qualify for an unpaid leave, plaintiff had to be employed by the hospital for a minimum of twelve months, not just six weeks. Additionally, she informed plaintiff that she would need to support her request for a leave with written medical documentation, in English, from plaintiff's OB/GYN (Dkt. No. 1 at 2–4).

On May 17, 2017, after learning her supervisor would be out of the office for two weeks, plaintiff approached the assistant manager and requested a leave without pay to go to Russia. The assistant manager advised plaintiff of the proper procedure for requesting such a leave, but told her, "If you need to go — go!" which plaintiff treated as verbal permission to travel to Russia. Plaintiff filled out the necessary form and slipped it under her supervisor's door without the required medical documentation. Plaintiff left for Russia the next day (*id.* at 5–6). While in Russia, plaintiff emailed her supervisor several times to transmit copies of translated medical documents from her OB/GYN, to request more time off, and to generally keep her apprised of her health status. Plaintiff did not receive any response to her emails (*id.* at 6–8).

On July 3, 2017, plaintiff received an email from her supervisor advising plaintiff that her employment had been terminated. In September 2017, plaintiff participated in mediation with her supervisor. During the mediation, her supervisor stated she had received plaintiff's request for a leave without pay and submitted it to the nursing director, who then denied the request because plaintiff had not been employed at the hospital for the minimum one-year period. Plaintiff was advised she had been terminated for taking a leave without permission.

Plaintiff then filed a formal complaint of employment discrimination (Dkt. No. 1, Exh. 8 at 8). In February 2018, the Office of Resolution Management requested a sixty-day extension to complete their investigation, which plaintiff approved (Dkt. No. 1, Exh. 14–15). After waiting for a resolution for over sixty days, plaintiff notified the Office of Resolution Management of her intent to sue in federal court. The Office of Employment Discrimination

Complaint Adjudication advised plaintiff that her case was docketed with a due date of June 2018, but, if she wished to file suit in federal court, her complaint with their office would be dismissed on procedural grounds (Dkt. No. 1, Exh. 19).

Plaintiff commenced this action on June 25, 2018. On July 2, plaintiff moved to transfer this action from San Jose to San Francisco, which was granted. The complaint alleges the following claims: (1) gender and pregnancy discrimination under Title VII of the Civil Rights Act; (2) disability discrimination under the ADA and failure to accommodate under the Rehabilitation Act of 1973; (3) age discrimination under the Age Discrimination in Employment Act; (4) tort claims for libel and intentional infliction of emotional distress; and (5) deprivation of liberty and property without due process. All of plaintiff's claims arise from her employment at the VA hospital. Plaintiff seeks relief in the form of back pay, five million dollars of compensatory damages, two million dollars of punitive damages, and attorney's fees (Dkt. No. 1 at 24–25). Additionally, plaintiff has filed a motion for a preliminary injunction and seeks an order reinstating her to her previous position or "a similar full time job with benefits" (Dkt. No. 39 at 4). Defendants now move to dismiss. This order follows full briefing and oral argument.

## ANALYSIS

### 1. MOTION TO DISMISS.

To survive a motion to dismiss, a complaint must allege facts "sufficient to state a claim to relief that is plausible on its face," and allegations that are merely conclusory need not be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When the plaintiff proceeds *pro se*, "courts should construe the pleadings liberally . . . to afford the petitioner the benefit of the doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Plaintiff points to various instances of alleged wrongful conduct to support her numerous claims, but offers no legal support for her conclusions. With due solicitude, this order addresses each theory in turn.

### A. Discrimination Claims.

#### *(1) Gender and Pregnancy Discrimination.*

Title VII prohibits employers, including the Department of Veterans Affairs, from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). The elements of a *prima facie* discrimination case require that: (1) plaintiff is a member of a protected class; (2) plaintiff performed his or her job satisfactorily; (3) plaintiff suffered an adverse employment action; and (4) plaintiff was treated less favorably than a similarly situated, non-protected employee. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). While a plaintiff's employment discrimination complaint need not contain specific facts fully establishing a *prima facie* case at this stage in the proceedings, it must still "contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema, N.A.*, 534 US 506, 508 (2002) (quoting FRCP 8(a)(2)). Though plaintiff need not establish a *prima facie* discrimination case at this point, this order uses the required elements to determine whether the facts that are alleged state plausible claims for relief. *See Twombly*, 550 U.S. at 570.

Accepted as true, plaintiff's complaint sufficiently alleges she is a member of a protected class and that she suffered an adverse employment action (Dkt. No. 1 at 17). The complaint, however, lacks any facts showing that plaintiff was performing her job satisfactorily or that she was treated less favorably than a similarly situated non-protected employee. Instead, the complaint mentions two of plaintiff's female colleagues, one who was allegedly allowed to work once per month while pursuing her nursing degree and the other who allegedly received phone calls from plaintiff's supervisor, asking her to apply for a nursing job (Dkt. No. 1 at 9). Neither allegation, however, contains facts regarding the actual treatment of these women, nor facts showing how they were similarly situated to plaintiff. In sum, plaintiff's complaint provides no factual allegations that support her conclusory claim that she was terminated on account of her sex and desire to get pregnant.

4

At oral argument, plaintiff cited *Hall v. Nalco*, 534 F.3d 644 (7th Cir. 2008), for the proposition that the Pregnancy Discrimination Act covers discrimination against a person experiencing infertility who wishes to become pregnant. To the extent plaintiff would like the undersigned judge to consider this argument, she must plead the relevant facts and cite to the relevant case law in her amended complaint. As currently pleaded, plaintiff's gender and pregnancy discrimination claim under Title VII must be **DISMISSED.**

### *(2)* *Disability Discrimination and Failure to Accommodate.*

Plaintiff alleges that defendants discriminated against her and failed to accommodate her on the basis of her disability, which she describes as an inability to "give birth to children in a natural way" (Dkt. No. 1 at 21). While the Rehabilitation Act of 1973 provides a cause of action for both claims, on its face, the complaint only alleges disability discrimination under the ADA. The ADA does not allow claims against the federal government, which is excluded from the statute's definition of employer. 42 U.S.C. § 12111(5)(B)(i). Accordingly, plaintiff's claim for disability discrimination under the ADA is **DISMISSED**.

The complaint further fails to allege facts to support her claim that defendants failed to accommodate her. On its face, the complaint merely alleges that defendants failed to provide her with "placement and advancement" in violation of the Rehabilitation Act of 1973 (Dkt. No. 1 at 21). Plaintiff, however, submitted an exhibit to her complaint where her supervisor stated, under oath, that she had advised plaintiff of the procedure for requesting an unpaid leave on two occasions, once on April 8, 2017, and again on May 15, 2017 (Dkt. No. 1, Exh. 16 at 116). Plaintiff waited to submit the requisite form until the night before she left for Russia, without the supporting medical documentation and before receiving approval, despite having over a month's notice of the required procedure (Dkt. No. 1 at 6). Thus, defendants' alleged failure to accommodate plaintiff's leave was not at all plausibly motivated by animus towards plaintiff's alleged disability. Rather, the plausible inference is that her employment was terminated for failing to timely submit her request for an unpaid leave and subsequently becoming absent without leave.

Additionally, at oral argument, plaintiff stated that she was forced to request a leave

5

without pay though she felt she was entitled to sick leave. This theory was not pleaded in her complaint. Moreover, plaintiff's complaint states that she told her supervisor that she was not asking for salary and benefits while she was in Russia, rather, she was specifically requesting a leave without pay (Dkt. No. 1 at 4). Sick leave is with pay. Plaintiff also admits that because she was a probationary employee, she was not eligible for a leave under the Family Medical Act (Dkt. No. 1 at 14).

Because plaintiff fails to plausibly allege that she is disabled under the proper statute or that she was denied reasonable accommodations based on that disability, plaintiff's claim under the Rehabilitation Act of 1973 is **DISMISSED.**

### *(3)* *Age Discrimination.*

Plaintiff's complaint alleges she was fired for being fifty years of age (Dkt. No. 1 at 18). The Age Discrimination in Employment Act of 1967 (ADEA) makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of age discrimination, plaintiff must allege in her complaint that: (1) she was at least forty years old; (2) she was performing her job satisfactorily; (3) she was discharged; and (4) she was either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an "inference of age discrimination." *Sheppard v. David Evans and Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012). Here, plaintiff alleges facts sufficient to establish the first and third elements of a *prima facie* case of age discrimination; however, plaintiff fails to plead facts showing she was performing her job satisfactorily or that the allegedly younger employees hired for her position had equal or inferior qualifications (Dkt. No. 1 at 18). Accordingly, plaintiff's claim under the ADEA is **DISMISSED.**

### *(4)* *Retaliation.*

In addition to her discrimination claims, plaintiff alleges that defendants retaliated against her based on age and gender when they hired two younger, male employees to fill two vacancies for her position (Dkt. No. 1 at 9). To establish a *prima facie* claim of retaliation

under Title VII plaintiff must show that: (1) she engaged in a protected activity; (2) her employer subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). Here, plaintiff failed to show a causal link between her termination and the age and sex of the employees subsequently hired. Additionally, plaintiff submitted evidence to the contrary in the form of a signed affidavit from her supervisor stating that one the employees hired for plaintiff's job was, in fact, a woman (Dkt. No. 1, Exh. 16 at 113). As a result, this order finds insufficient evidence to support a retaliation claim, thus this claim is **DISMISSED.**

### B. Improper Defendant.

Defendants argue that the Department of Veterans Affairs is an improper defendant in this action. This order agrees. The proper defendant for a civil action based on each of the above noted anti-discrimination statutes is the head of the agency or department. *Mahoney v. U.S. Postal Service*, 884 F.2d 1194, 1196 (9th Cir. 1989) (Title VII & Rehabilitation Act); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986) (ADEA). Here, plaintiff improperly named both the United States Department of Veteran Affairs and the Secretary of Veterans Affairs as defendants (Dkt. No. 1 at 1). Plaintiff is at liberty to seek leave to amend her complaint to name the proper defendant. The United States Department of Veterans Affairs is hereby **DISMISSED** as a defendant.

### C. Tort and Constitutional Claims.

Plaintiff's fifth and sixth claims allege defamation and intentional infliction of emotional distress. Under her defamation claim, plaintiff alleges she was denied unemployment benefits when the Department of Veterans Affairs reported to the EDD that she was fired for cause. Plaintiff further alleges that the denial of benefits, coupled with defendants' refusal to reinstate plaintiff to her previous position, caused her to suffer emotional distress (Dkt. No. 1 at 21–22).

Plaintiff's seventh and final claim alleges a due process violation under the Fifth Amendment for deprivation of the liberty to work and property she could have purchased had she been able to work (Dkt. No. 21–23). Because plaintiff's tort and constitutional claims arise from the same factual predicate as her discrimination claims, Title VII provides the exclusive

remedy. *Brown v. GSA*, 425 U.S. 820, 835 (1976). To the extent that plaintiff's ADEA and Rehabilitation Act claims could be segregated, those claims would also be preempted under their respective statutes. *See Ahlmeyer v. Nevada System of Higher Educ.*, 555 F.3d 1051, 1060–61; *Boyd v. U.S. Postal Service*, 752 F.2d 410, 419 (9th Cir. 1985). Accordingly, plaintiff's fifth, sixth, and seventh claims are **DISMISSED WITH PREJUDICE**.

### D. Punitive Damages.

Defendants seek to dismiss plaintiff's request for two million dollars in punitive damages for her libel claim because punitive damages are not recoverable from federal defendants (Dkt. No. 34 at 9). This order agrees. Tort claims against the United States only arise under the Federal Torts Claims Act, which provides a statutory waiver of sovereign immunity. 28 U.S.C. § 1346(b). The FTCA specifically provides that the Government has not waived its sovereign immunity with respect to "[a]ny claim arising out of . . . libel." 28 U.S.C. § 2680(h). The FTCA also bars the award of punitive damages. 28 U.S.C. § 2674. Although the judicial policy of treating *pro se* litigants leniently suggests allowing leave to amend, because plaintiff's tort and constitutional claims are dismissed with prejudice, plaintiff's prayer for punitive damages is **DENIED AS MOOT**.

### E. Failure to Comply with FRCP 10.

Defendants argue that plaintiff's complaint should be dismissed for failure to comply with FRCP 10 (Dkt. No. 34 at 4). FRCP 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Here, plaintiff's complaint lacks numbered paragraphs and thus fails to comply with FRCP 10. Accordingly, plaintiff is advised that should she seek leave to amend, her amended complaint must be written in numbered paragraphs.

### F. Plaintiff's Additional Requests.

In her opposition, plaintiff includes request for a temporary restraining order, a request for a jury trial, and an order instructing the Department of Veterans Affairs to pay plaintiff's legal costs (Dkt. No. 40 at 18–19). In light of the dismissal, her request for a temporary restraining order is **DENIED**. Assuming plaintiff is entitled to a jury trial in a case like this,

8

plaintiff is advised that a jury trial must be requested under Federal Rule of Civil Procedure 38(b). Should plaintiff file a motion for leave to file an amended complaint, she may include a demand for a jury trial therein and it can later be litigated whether failure to demand a jury trial in her original complaint constitutes a waiver of that right. In regards to plaintiff's request for defendants to pay her legal costs, plaintiff is advised that request is premature.

### 2. MOTION TO STRIKE.

In her reply, plaintiff admits she made a mistake in filing a motion to strike in response to defendants' motion to dismiss and requests that it be considered as part of her opposition (Dkt No. 47 at 1–2). Plaintiff's motion to strike defendants' motion to dismiss is hereby **DENIED AS MOOT**.

### 3. MOTION FOR A PRELIMINARY INJUNCTION.

Plaintiff also seeks an order reinstating her to the same or a substantially similar position at any Veterans Affairs Medical Center (Dkt. No. 39 at 4). To support a preliminary injunction, plaintiff must establish four elements: (1) likelihood of success on the merits, (2) irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). The four-part test is also satisfied if "serious questions going to the merits [are] raised and the balance of hardships tips sharply in the plaintiff's favor" so long as there is also a likelihood of irreparable harm and an injunction would be in the public's interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (citations and quotations omitted). Here, plaintiff has not offered legal arguments or evidence to support a request for a preliminary injunction, nor has she raised serious questions going to the merits. In light of the dismissal, plaintiff's motion for a preliminary injunction is **DENIED**.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss plaintiff's complaint is **GRANTED**. Plaintiff's motion to strike is **DENIED**. Plaintiff's motion for a preliminary injunction is **DENIED**. Plaintiff may file a motion to obtain leave to amend her complaint and will have until **JANUARY 7, 2019** to file such a motion, to be noticed on the normal 35-day

9

track.  A proposed amended complaint must be appended to her motion.  Plaintiff should plead her best case.  The motion should clearly explain how the amendments cure the deficiencies identified herein.  If such motion is not filed by the deadline, this case will be closed.

**IT IS SO ORDERED.**

Dated: December 3, 2018.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE