**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DEPARTMENT OF VETERANS AFFAIRS; et al., <br><br> Defendants-Appellees. | No. 19-16395 <br><br> D.C. No. 3:18-cv-03748-WHA <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Tatyana Evgenievna Drevaleva appeals pro se from the district court's judgment dismissing her employment action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).  We may affirm on any basis supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm in part, reverse in part, and remand.

The district court properly dismissed Drevaleva's claim that she was discriminated against in violation of the Americans with Disabilities Act ("ADA") because the federal government is excluded from the coverage of the ADA.  *See* 42 U.S.C. § 12111(5)(B) (stating that "[t]he term 'employer' does not include the United States [or] a corporation wholly owned by the government of the United States").

Dismissal of Drevaleva's Age Discrimination in Employment Act ("ADEA") claim was proper because Drevaleva failed to allege facts sufficient to show that Drevaleva was discriminated against on the basis of her age.  *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012) (setting forth requirements for stating an ADEA claim).

The district court properly dismissed Drevaleva's constitutional and state law claims because federal employees are limited to using federal employment laws to redress employment discrimination.  *See White v. Gen. Servs. Admin.*, 652 F.2d 913, 916-17 (9th Cir. 1981) (Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment); *see also Ahlmeyer v. Nev. Sys.*

*of Higher Educ.*, 555 F.3d 1051, 1054 (9th Cir. 2009) (the ADEA provides the exclusive remedy for age discrimination); *Vinieratos v. U.S., Dep't of Air Force*, 939 F.2d 762, 773 (9th Cir. 1991) (Title VII provides the exclusive channel through which Rehabilitation Act claims may be heard in federal court).

The district court dismissed Drevaleva's Title VII claim because Drevaleva failed to allege facts sufficient to establish a prima facie case of sex discrimination on the basis of her fertility issues. However, Federal Rule of Civil Procedure 8(a), not the *McDonnell Douglas* framework, provides the appropriate pleading standard for reviewing a Rule 12(b)(6) motion in an employment discrimination action. *See Austin v. Univ. of Or.*, 925 F.3d 1133, 1136-37 (9th Cir. 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). Drevaleva alleged that her supervisors fraudulently concealed available leave options when she requested time off to travel to Russia to continue her in vitro fertilization procedures in Russia, imposed additional requirements on her application for leave without pay that were inconsistent with the agency's policies, and failed to provide a full explanation of the reason for her leave to the medical staff responsible for approving the leave request. At this early stage in the proceedings, these allegations are sufficient to warrant proceeding to summary judgment. *See Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) (review on a motion to dismiss is based on the contents of the complaint, and factual allegations are taken as true); *see also Costa*

*v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir. 2002) (the *McDonnell Douglas* framework is a legal proof structure that is only relevant at the summary judgment stage of a discrimination action). We therefore reverse the district court's dismissal of Drevaleva's sex discrimination claim and remand for further proceedings on this claim.

The district court dismissed Drevaleva's Rehabilitation Act claim based on the finding that an affidavit submitted by defendant Dunkelberger demonstrated that Drevaleva's requested accommodation for her alleged impairment in reproductive functioning was denied for the legitimate reason of Drevaleva's failure to follow the proper procedure for requesting leave. However, Drevaleva alleged that she was denied leave for her alleged disability and terminated even though she made a proper request that was approved by her supervisor. Liberally construed, these allegations, in conjunction with those discussed above with respect to Drevaleva's Title VII claim, are sufficient to warrant proceeding to summary judgment. *See Buckey*, 968 F.2d at 794. We therefore reverse the district court's dismissal of Drevaleva's Rehabilitation Act claim and remand for further proceedings on this claim.

The district court did not abuse its discretion by denying Drevaleva's first post-judgment Federal Rule of Civil Procedure 60(b) motion because Drevaleva failed to demonstrate any basis for such relief. *See Sch. Dist. No. 1J, Multnomah*

*Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Rule 60).

The district court properly concluded that it lacked jurisdiction to entertain Drevaleva's second Rule 60(b) motion to vacate, which was filed after the notice of appeal became effective, thereby depriving the district court of its jurisdiction. *See* Fed. R. App. P. 4(a)(4)(B)(ii) (notice of appeal becomes effective when the order disposing of the last remaining tolling motion is entered); *see also Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (vacating for lack of jurisdiction an order denying a Rule 60(b) motion where the motion was filed after the notice of appeal and movant did not follow the procedure for seeking a remand of the case back to district court).

The district court did not abuse its discretion in denying Drevaleva's motion to appoint counsel. *See Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981) (setting forth standard of review and the three factors relevant to the exercise of the district court's discretion).

We do not consider matters not specifically and distinctly raised in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

In sum, we reverse the dismissal of Drevaleva's sex discrimination claim and failure-to accommodate claim, and remand for further proceedings as to these

claims only.  We affirm the dismissal of all other claims.  In light of our disposition, the district court should reconsider whether the appointment of counsel is warranted.

All remaining pending motions and requests are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**