UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>Defendants. | Case No. 18-cv-03748-JCS<br><br>**ORDER STRIKING AMENDED COMPLAINT, DENYING MOTION FOR PRELIMINARY INJUNCTION, DENYING MOTION TO VACATE, GRANTING LEAVE TO FILE REPLY, DENYING AS MOOT MOTION TO EXTEND TIME, AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 322, 325, 339, 340, 341 |

## I.   INTRODUCTION

Plaintiff Tatyana Drevaleva, pro se, asserted claims against Defendants the United States Department of Veterans Affairs (the "Department") and the Secretary of Veterans Affairs (the "Secretary")[1] related to the termination of Drevaleva's employment.  Claims against the Department were dismissed; the Secretary is the only remaining defendant.  This case was recently reassigned to the undersigned magistrate judge on the consent of all parties under 28 U.S.C. § 636(c), with a number of issues pending.  For the reasons discussed below, Drevaleva's amended complaint is STRICKEN sua sponte, her motion for a preliminary injunction and motion to vacate are DENIED, and Defendants' motion for an extension of time is DENIED as moot.

A case management conference will occur on April 30, 2021 at 2:00 PM via Zoom webinar.  The parties shall file separate case management statements no later than April 23, 2021. The Court will address Drevaleva's motion to appoint counsel (dkt. 323) at the case management

---

[1] As the recently-appointed Secretary of Veterans Affairs, Denis McDonough is automatically substituted as the defendant in this case.  *See* Fed. R. Civ. P. 25(d).

conference.[2]

## II. BACKGROUND

Plaintiff Tatyana Drevaleva, pro se, filed this action against Defendants the United States Department of Veterans Affairs (the "Department") and the Secretary of Veterans Affairs (the "Secretary") in June of 2018, asserting a number of claims based on the termination of her employment for taking leave to travel internationally for in vitro fertilization ("IVF") treatment. *See* Compl. (dkt. 10) After multiple reassignments, the case was eventually assigned to the Honorable William Alsup, who granted Defendants' motion to dismiss and denied Drevaleva's motion for a preliminary injunction and motion to strike. *See* Order Granting Mot. to Dismiss (dkt. 69). Judge Alsup held that Drevaleva had not plausibly alleged that she was treated differently from similarly situated employees, that she was disabled or denied reasonable accommodation, or that she was performing her job satisfactorily; that the Department (as opposed to the Secretary) was not an appropriate defendant; and that Title VII and other federal statutes provided the exclusive remedy for Drevaleva's claims, preempting any possible constitutional or state law claims; among other defects. *Id.* at 4–8. Judge Alsup instructed Drevaleva that she could file a motion for leave to amend her complaint, and that if she did not do so within thirty-five days, the case would be closed. *Id.* at 9–10. Judge Alsup denied Drevaleva's motion for a preliminary injunction because she offered no argument or evidence to support it, and had not shown serious questions or a likelihood of success on the merits. *Id.* at 9.

A flurry of other motions followed, including a motion to certify an interlocutory appeal, a motion to disqualify Judge Alsup, motions to stay, and additional motions for preliminary injunctions, among others. Drevaleva was generally unsuccessful in obtaining relief. Judge Alsup eventually denied a motion for leave to amend, holding that Drevaleva's failure to follow the Department's policies for requesting leave (among other defects in her proposed amended complaint) would render any amendment futile, and the Clerk entered judgment in favor of

---

[2] Drevaleva's motion for leave to file a reply (dkt. 325) is GRANTED, and the Court will consider the evidence she presented regarding her efforts to obtain counsel. To the extent that filing could be construed as seeking to excuse Drevaleva from her obligations to confer with opposing counsel going forward, it is DENIED.

Defendants. Order re Mots to Stay, Certify, Sever, Reconsider & for Leave to Amend (dkt. 154); Judgment (dkt. 155). Drevaleva appealed to the Ninth Circuit, and also filed a number of ultimately unsuccessful motions in this Court.

The Ninth Circuit reversed in part. *Drevaleva v. Dep't of Veterans Affairs*, 835 F. App'x 221 (9th Cir. 2020). It affirmed the dismissal of Drevaleva's claims under the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Constitution, and state law. *Id.* at 223. The Ninth Circuit reversed, however, with respect to Drevaleva's Title VII and Rehabilitation Act claims:

> The district court dismissed Drevaleva's Title VII claim because Drevaleva failed to allege facts sufficient to establish a prima facie case of sex discrimination on the basis of her fertility issues. However, Federal Rule of Civil Procedure 8(a), not the *McDonnell Douglas* framework, provides the appropriate pleading standard for reviewing a Rule 12(b)(6) motion in an employment discrimination action. *See Austin v. Univ. of Or.*, 925 F.3d 1133, 1136–37 (9th Cir. 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). Drevaleva alleged that her supervisors fraudulently concealed available leave options when she requested time off to travel to Russia to continue her in vitro fertilization procedures in Russia, imposed additional requirements on her application for leave without pay that were inconsistent with the agency's policies, and failed to provide a full explanation of the reason for her leave to the medical staff responsible for approving the leave request. At this early stage in the proceedings, these allegations are sufficient to warrant proceeding to summary judgment. *See Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) (review on a motion to dismiss is based on the contents of the complaint, and factual allegations are taken as true); *see also Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir. 2002) (the *McDonnell Douglas* framework is a legal proof structure that is only relevant at the summary judgment stage of a discrimination action). We therefore reverse the district court's dismissal of Drevaleva's sex discrimination claim and remand for further proceedings on this claim.
>
> The district court dismissed Drevaleva's Rehabilitation Act claim based on the finding that an affidavit submitted by defendant Dunkelberger demonstrated that Drevaleva's requested accommodation for her alleged impairment in reproductive functioning was denied for the legitimate reason of Drevaleva's failure to follow the proper procedure for requesting leave. However, Drevaleva alleged that she was denied leave for her alleged disability and terminated even though she made a proper request that was approved by her supervisor. Liberally construed, these allegations, in conjunction with those discussed above with respect to Drevaleva's Title VII claim, are sufficient to warrant proceeding to summary judgment. *See Buckey*, 968 F.2d at 794. We therefore reverse the

1    district court's dismissal of Drevaleva's Rehabilitation Act claim and
     remand for further proceedings on this claim.

2  *Id.* at 223–24. The Ninth Circuit affirmed Judge Alsup's orders denying two motions to alter
3  judgment and a motion to appoint counsel, and "remand[ed] for further proceedings as to . . . *only*"
4  Drevaleva's sex discrimination and failure-to-accommodate claims. *Id.* at 224.

5      Following remand, Judge Alsup recused, and the case was assigned to the undersigned
6  magistrate judge on consent of the parties. The following matters currently require attention:
7  Drevaleva has filed a motion for preliminary injunction (dkt. 322), an administrative motion to
8  schedule a case management conference and appoint counsel (dkt. 323), a request for permission
9  to file a reply in support of the administrative motion (dkt. 325), a motion to vacate the Ninth
10 Circuit's decision and the previously entered judgment (dkt. 339), and a second amended
11 complaint (dkt. 340), and Defendants have filed a motion for an extension of time to respond to
12 the second amended complaint (dkt. 341).

### III.  ANALYSIS

#### A.  The Ninth Circuit's Ruling Is Final

Drevaleva moves to vacate the ruling of the Ninth Circuit regarding claims on which she was not allowed to proceed. *See* Mot. to Vacate (dkt. 339). This Court is bound by rulings of the Ninth Circuit and has no power to vacate that decision. No argument that Drevaleva might make regarding the merits of the Ninth Circuit's decision can change that this Court is bound by it. Drevaleva's only avenues for relief from the Ninth Circuit's decision were to petition for rehearing at the Ninth Circuit, or to seek certiorari from the Supreme Court. She repeatedly petitioned the Ninth Circuit for rehearing, and was denied.[3] The mandate of the Ninth Circuit issued on March 11, 2021. The Ninth Circuit's decision is therefore final, and Drevaleva's motion to vacate (dkt. 339) is DENIED.

The only claims remaining in this case are under Title VII and the Rehabilitation Act. *Drevaleva*, 835 F. App'x at 224 ("In sum, we reverse the dismissal of Drevaleva's sex

---

[3] The Court notes that Drevaleva has been barred from any further filings to the Supreme Court without paying a filing fee, for having "repeatedly abused [that] Court's process." *See Drevaleva v. United States*, No. 20-5581 (U.S. Oct. 13, 2020) (text-only docket entry in a separate case seeking review of a Federal Circuit decision).

discrimination claim and failure-to accommodate claim, and remand for further proceedings *as to these claims only*." (emphasis added)). To the extent judgment as to those claims has not already been vacated by the Ninth Circuit's decision, the Court hereby vacates judgment as to those claims only, and the case will proceed as to those claims only.

Drevaleva may not file any further motions seeking to challenge the Ninth Circuit's decision or revive claims for which the Ninth Circuit affirmed dismissal. Any such motions will be denied summarily.

### B. The Amended Complaint Did Not Comply with Rule 15

Rule 15 of the Federal Rules of Civil Procedure sets limits on when and how a plaintiff may amend their complaint:

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Drevaleva filed her original complaint on June 15, 2018. *See* Compl. (dkt. 1). The Court ordered service of the complaint by the U.S. Marshal on July 6, 2018 (dkt. 7), and Defendants were served on August 20, 2018 (dkt. 27). Defendants filed and served a motion to dismiss under Rule 12(b) on October 9, 2018. Dkt. 34. The twenty-one day deadline to amend by right after service of either Drevaleva's complaint or Defendants' motion to dismiss has long expired. Drevaleva does not appear to have obtained leave of the Court or Defendants' written consent to file an amended complaint. Her second amended complaint (dkt. 340) is therefore STRICKEN for failure to comply with Rule 15. Defendants' motion for an extension of time to respond is DENIED AS MOOT.

The parties are ORDERED to meet and confer as to whether Defendants will consent to

5

1  Drevaleva filing an amended complaint, and a schedule for her to do so and for Defendants to
2  respond.  Any such amended complaint may <u>not</u> include claims for which dismissal was affirmed
3  by the Ninth Circuit, and must state the facts supporting Drevaleva's claims in numbered
4  paragraphs as required by Rule 10(b) of the Federal Rules of Civil Procedure.  If Defendants will
5  not consent to Drevaleva filing an amended complaint, Drevaleva may file a motion to do so, but
6  <u>only</u> after she has conferred with defense counsel in an attempt to reach an agreement.

7  The deadline for Defendants to answer the original complaint is STAYED, pending a
8  resolution of whether Drevaleva will file an amended complaint.

### C.    Drevaleva Is Not Entitled to a Preliminary Injunction

Drevaleva has moved, once again, for a preliminary injunction.  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20.  Irreparable harm must be likely—it is no longer sufficient to grant a preliminary injunction upon a mere showing of a "possibility" of irreparable harm when the other factors weigh heavily in favor of the plaintiff.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).  Nonetheless, the Ninth Circuit still evaluates the likelihood of success on a "sliding scale."  *Id.*  A preliminary injunction may be warranted upon a showing of "serious questions going to the merits" as well as "a hardship balance that tips sharply toward the plaintiff," so long as the plaintiff is likely to suffer irreparable harm and the injunction or restraining order is in the public interest.  *Id.*

Drevaleva's motion consists solely of arguments that she needs money to travel to Russia to care for her aunt and obtain medical treatment for herself, and that injunctive relief *can* be available under Title VII and the Rehabilitation Act.  She has submitted no evidence with her motion showing a likelihood of success on the merits, or serious issues going to the merits.  The fact that Drevaleva's *allegations* are sufficient to survive a motion to dismiss (as the Ninth Circuit held) is not a substitute for *evidence* on the merits of her claims.  Drevaleva also has not addressed

6

the remaining elements of the test for a preliminary injunction. The motion for preliminary injunction (dkt. 322) is therefore DENIED.

Drevaleva has been advised in the past of the standard for seeking a preliminary injunction, *see, e.g.*, Order Granting Mot. to Dismiss (dkt. 69) at 9, but has failed to address it in her multiple subsequent motions seeking injunctive relief, including the present motion. Drevaleva may not, therefore, file any more motions for a preliminary injunction or for a temporary restraining order without leave of Court.

## IV.   CONCLUSION

For the reasons discussed above, Drevaleva's motion to vacate and motion for a preliminary injunction are DENIED, and her second amended complaint is STRICKEN. The parties are ORDERED to confer as to whether they can reach an agreement for Drevaleva to amend her complaint and for Defendants to respond. A case management conference will occur on April 30, 2021, and the Court will address Drevaleva's motion to appoint counsel at that time.

**IT IS SO ORDERED.**

Dated: April 5, 2021

JOSEPH C. SPERO
Chief Magistrate Judge