STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

SARA WINSLOW (DCBN 457643)
Chief, Civil Division

KIMBERLY A. ROBINSON (CABN 332441)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    kimberly.robinson3@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TATYANA DREVALEVA, | CASE NO. 3:18-cv-03748-JCS |
| Plaintiff, | DEFENDANTS' INITIAL CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER |
| v. | |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS ET AL., | Date: April 30, 2021<br>Time: 2:00 p.m.<br>Location: Videoconference |
| Defendants. | Hon. Joseph C. Spero |

Defendants file this separate initial case management statement and proposed order pursuant to this Court's April 5, 2021 Order. Dkt. 345 at 1 ("Order").

1. **JURISDICTION & SERVICE**

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. There are no issues of personal jurisdiction or venue and no parties remain to be served. Defendants note however that Plaintiff has expressed an interest in transferring her claims to a different federal district, the United States District Court for the District of New Mexico. *See* Dkt. 353 at 2. Defendants will stipulate to the transfer of this case and any other remaining cases Plaintiff has

filed in this district to the District of New Mexico.

2. **FACTS**

The Court *sua sponte* struck Plaintiff's amended complaint. Order at 1.

On April 5, 2021, the parties met and conferred, per this Court's order regarding further amendments. Defendants conveyed the following to Plaintiff with respect to their position:

> Before Defendants will agree to permit the filing of any amended complaint, Defendants would like to review the proposed amended complaint. The amended complaint may include only the Title VII and Rehabilitation Act claims that the Ninth Circuit remanded and must state facts supporting those claims in numbered paragraphs as required by Rule 10(b) of the Federal Rules of Civil Procedure. Defendants will review the amended complaint and let you know if it has any objections to it being filed. Please provide an amended complaint by April 21, 2021. If Defendants agree, the Amended Complaint shall be filed by April 30, 2021. Defendant will respond within 30 days. If Defendant objects to your proposed Amended Complaint, and the parties do not stipulate to permit the Amended Complaint, you can file a motion for leave to file it, but Defendant will oppose this motion.

Plaintiff declined to stipulate to the above and has not filed a motion for leave to file a second amended complaint, per this Court's Order. Order at 6.

Accordingly, there is currently no operative complaint.

3. **LEGAL ISSUES**

The second amended complaint will likely raise claims under Title VII and the Rehabilitation Act, per the Ninth Circuit's order. *See also* Order at 5-6.

4. **MOTIONS**

Defendants will likely file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12 ("Rule 12") Plaintiff's second amended complaint. If this Court grants the motion in part or in

full without prejudice, and if the Third Amendment Complaint continues to be insufficient, Defendants plan to file another motion to dismiss pursuant to Rule 12. Defendants state that it is premature to state what further motion practice may occur.

Defendants also respectfully request that to the extent Plaintiff seeks to file administrative motions, that she meet and confer with Defendants per the Local Rules, prior to filing. Defendants would also like to discuss with the Court pre-filing rules that might apply given Plaintiff's propensity for excessive filings.

5. **AMENDMENT OF PLEADINGS**

If this Court grants Defendant's motion to dismiss in part or in full without prejudice, Plaintiff will amend by a date set by this Court.

6. **EVIDENCE PRESERVATION**

Defendants hereby certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. Once the pleadings are settled, Defendants would like to meet and confer with Plaintiff (or her counsel if one is appointed) pursuant to Rule 26(f). Defendant has taken reasonable and proportionate steps to preserve evidence that is reasonably evident in this action.

7. **DISCLOSURES**

No initial disclosures or General Order 71 disclosures have been provided in this case.

8. **DISCOVERY**

The parties have not yet served initial disclosures or commenced discovery because there is no complaint.

9. **CLASS ACTIONS**

Not applicable.

10. **RELATED CASES**

Case No. 3:21-cv-684,-JCS *Drevaleva v. Hayo et al.*

Case No. 3:21cv500-JCS, *Drevaleva v. Glazer el al.*

CASE NO.: 3:18-cv-03748-JCS  Defendants' Initial Case Management Statement
3

Case No. 3:20cv820-JCS, *Drevaleva v. United States of America et al.*

Case No. 3:19-cv-6127-JCS, *Drevaleva v. Department of Veterans Affairs et al.*

Case No. 4:19-cv-5927-HSG, *Drevaleva v. Department of Veterans Affairs et al.*

Case No. 3:19-cv-2665-JCS, *Drevaleva v. U.S. Department of Veterans Affairs et al.*

Case No. 4:19-cv-1454-HSG, *Drevaleva v. United States et al.*

11. **RELIEF**

Since there is no second amended complaint, the damages sought are unknown to Defendants. From past complaints and related cases, Plaintiff seeks approximately $7,000,000 from the federal government.

12. **SETTLEMENT AND ADR**

Without the pleadings being settled, Defendants cannot yet suggest a time frame for an early ADR event. Defendants would propose a mediation date after the pleadings are finalized.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have consented to magistrate judge jurisdiction.

14. **OTHER REFERENCES**

No.

15. **NARROWING OF ISSUES**

As noted above, Plaintiff makes the following request in her case management statement: "Currently, I need to change the venue, and I need to transfer my Title VII and Rehabilitation Act of 1973 claims to the U.S. District Court for the District of New Mexico for a Jury trial." Dkt. 343 at 2. Defendants do not oppose this request and will stipulate to a change in venue for this and any remaining cases.

16. **EXPEDITED TRIAL PROCEDURE**

Defendants do not believe the Expedited Trial Procedure of General Order No. 64 Attachment A is appropriate for this case.

CASE NO.: 3:18-cv-03748-JCS                Defendants' Initial
4                                          Case Management Statement

## 17. SCHEDULING

Defendants view scheduling as premature due to the fact that there is not an operative complaint in this matter.

## 18. TRIAL

Plaintiff's request with respect to trial is not clear because there is no operative complaint.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

As governmental agencies, Defendants are exempt from the disclosure requirement of Civil Local Rule 3-16.

## 20. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21. OTHER

Nothing at this time.

DATE: April 22, 2021

Respectfully Submitted,

STEPHANIE HINDS
Acting United States Attorney

*/s/ Kimberly A. Robinson*
KIMBERLY A. ROBINSON
Assistant United States Attorney
Counsel for Defendants

CASE NO.: 3:18-cv-03748-JCS        Defendants' Initial Case Management Statement
5

**[PROPOSED] ORDER**

IT IS SO ORDERED.

DATE: _____

                                    Hon. Joseph C. Spero

                                    Chief United States Magistrate Judge