1  Tatyana Evgenievna Drevaleva

2  3015 Clement St., Apt. 204,

3  San Francisco, CA, 94121

4  415-806-9864, tdrevaleva@gmail.com

5  Plaintiff in Pro Per

6

7                THE UNITED STATES DISTRICT COURT

8                   FOR NORTHERN CALIFORNIA

9

10                                          )    Case No. 3:18-cv-03748-JCS
                                            )
11                                          )
       Tatyana E. Drevaleva                 )
12                                          )
              *Plaintiff,*                  )    CASE MANAGEMENT STATEMENT.
13                                          )    **Part 4-21**.
              vs.                           )
14                                          )
                                            )
15     Mr. Denis Richard McDonough in his   )
       capacity as a Secretary of the U.S.  )
16     Department of Veterans Affairs       )    Location: Courtroom F – 15th Floor
                                            )
17     810 Vermont Avenue, NW,              )    450 Golden Gate Avenue,
       Washington, D.C. 20420               )
18                                          )    San Francisco, CA 94102
              *Defendant*                   )
19                                          )    Judge: The Hon. Chief Magistrate
    Facility:                               )
20                                          )       Judge Joseph C. Spero
          New Mexico VA Healthcare System   )
21        1501 San Pedro Drive, S.E.        )
          Albuquerque, NM, 87108            )
22   _____)

23

24        Plaintiff Tatyana Drevaleva to the above-entitled action submits Parts 3 of the   CASE

25   MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern

26   District of California and Civil Local Rule 16-9. I am submitting **Parts 4-21.**

27

28

4. **Motions**

*All prior and pending motions, their current status, and any anticipated motions.*

All my Motions were denied by Judges Alsup, Gilliam, and Spero. Also, the 9th Circuit denied all my Motions.

I anticipate the following Motions:

1) Motion for Preliminary Injunction – reinstatement back to work at any VAMC, being awarded with damages

2) Motion to Consolidate my Lawsuits No. 3:18-cv-03748-JCS, 3:21-cv-00500-JCS, and 3:21-cv-00684-JCS.

    Read *MULLEN v. WELLS FARGO & COMPANY et al.*, No. C 20-07674 WHA No. C 20-07997 WHA, March 15, 2021, "Under Rule 42(a) , the district court may consolidate actions where the actions involve a "common question of law or fact." The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777 , 777 (9th Cir. 1989)."

    My lawsuits involve the common questions of law and fact. Therefore, I will file a Motion to consolidate my lawsuits.

3) Applications for Certification for a 28 U.S.C. §1292(b) Appeal

4) Motions for Sanctions, Expenses, Costs, and Attorney's Fees pursuant to the following statutes:

   a) F.R.C.P. Rule 11

   b) C.C.P. §128.5

   c) C.C.P. §128.7

5) Discovery Motions.

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS

5. **Amendment of Pleadings**

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

At the Case management Conference, we need to decide whether we want to consolidate my lawsuits. All amendments to my pleadings will be after that decision.

6. **Evidence Preservation**

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

Alsup never allowed me to conduct Discovery. I need to conduct Discovery.

7. **Disclosures**

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.  For ADA and employment cases, see General Order Nos. 56 and 71.*

Alsup never allowed me to conduct Discovery. I need to conduct Discovery.

8. **Discovery**

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Due to a joint Alsup's and Robinson's fraud and harassment towards me, I was deprived of any right to conduct Discovery.

The scope of the anticipated Discovery:

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS

1) To find out the name, the age, the qualifications, and the date of hiring of the second young male employee whom Dunkelberger hired to substitute my employment in 2016 when I was in Russia

2) To find out what Dr. Prince told over the phone to the EEO Investigator Mr. Dennis Hayo when Prince intentionally interrupted the phone conversation on March 15, 2018 at 11.30 AM

3) To depose Ms. Rhonda Anderson who allegedly was responsible for terminating my employment from the Raymond G. Murphy VAMC in 2017

4) To depose Mr. Thomas Harris who wrote the June 30, 2017 Termination Letter from the Raymond G. Murphy VAMC in 2017

5) To depose Dr. Prince and to ask her why she didn't reinstate my employment at the Raymond G. Murphy VAMC after she spoke to the EEO Investigator Mr. Dennis Hayo and after she found out that the purpose of my 2017 trip to Russia was an IVF procedure

6) To depose Ms. Raneta Bonin and to ask her what her role was in the termination of my employment from the Raymond G. Murphy VAMC in 2017

7) To obtain the clear copies of the documents from the Human Resources of the Raymond G. Murphy VAMC regarding my employment and the reasons of its termination. Please, notice that the Raymond G. Murphy VAMC provided the EEO Investigator Mr. Dennis Hayo with non-readable copies of the documents (**ER Vol. 1, pages 277, 295, 296**)

8) To depose Dunkelberger and to ask her why she placed me on the AWOL status starting May 21, 2017

9) To depose Johnson and to ask him why he cheated Dr. Prince about the reasons of my trip to Russia in 2017 and why he lied that I hadn't provided the VAMC with my medical documentation

10) To depose Dunkelberger and to ask her why she lied in her June 12, 2017 letter that I hadn't provided the VAMC with my medical documentation on English language and

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS

why she mailed this letter to my home postal address in New Mexico instead of sending me an email

11) To depose my co-workers Ms. Chelsea Casey, Ms. Nadya Das, and Nurse Melanie

12) To depose both Dr., Prince and Ms. Raneta Bonin and to ask them why they denied my Request for a LWOP

13) To find out who mailed a June 12, 2017 letter to my home postal address in Albuquerque, NM and why this person didn't email this letter to my email address

14) To find out whether the Raymond G. Murphy VAMC possibly bribed the EEO Investigator Mr. Dennis Hayo in exchange to a ruling against me

15) To obtain the copies of all mail and email exchange between Dunkelberger, Johnson, Prince, Bonin, Speakman, Hayo, Anderson, Harris, and other individuals regarding the termination of my employment in 2017 and the EEO investigation

16) To obtain, if possible, the copies of all verbal protocols between Dunkelberger, Johnson, Prince, Bonin, Speakman, Hayo, Anderson, Harris, and other individuals regarding the termination of my employment in 2017 and the EEO investigation

17) To obtain a statement of Hiring Official of the Minneapolis VAMC Mr. Joseph Glazer about his phone conversation with Dunkelberger

18) To obtain a statement of the Hiring Official of the West Los Angeles VAMC about whether or not the West Los Angeles VAMC spoke to Dunkelberger or any other person at the Raymond G. Murphy VAMC about the reasons of the termination of my employment in 2017.

Obviously, Robinson will not assist the Court to conduct any Discovery, and she will not stipulate about obtaining any e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and Robinson will keep blocking any Discovery. I am respectfully asking the Court to disqualify Robinson from representing the U.S. Department of Veterans Affairs.

9. **Class Actions**

*If a class action, a proposal for how and when the class will be certified.*

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS

This case is not a class action.

10. **Related Cases**

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

4:19-cv-01454-HSG

4:19-cv-02665-HSG

4:19-cv-05927-HSG

4:20-cv-00820-HSG

3:21-cv-00500-JCS

3:21-cv-00684-JCS

1:20-cv-00153-TW

No. 21-1213 at the U.S. Court of Appeals for the Federal Circuit (I erroneously filed a Notice of Appeal after the lawsuit No. 4:20-cv-00820-HSG.)

11. **Relief**

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Reinstatement, lost salary and benefits, initial damages – **IMMEDIATELY.**

All other remedies will be determined afterwards.

12. **Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including which ADR process option the parties have selected and a proposed deadline, or if the parties do not agree, each party's preferred option and timing, in compliance with ADR L.R. 3-5.*

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS

*In addition, the parties should include a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Due to both Alsup's and Robinson's ongoing fraud and harassment, I've been unable to obtain relief for over two and a half years. Finally, after multiple libelous promises to give "fair hearings and proceedings to a Pro Se Plaintiff", Alsup recused himself from judging all my lawsuits. Robinson is still remaining as an Opposing Counsel. Recently, I made multiple attempts to disqualify Robinson from representing the Federal Government in all my lawsuits. Robinson doesn't want to disqualify herself, and she keeps harassing me. The Hon. Judges Gilliam sand Spero also refused to disqualify Robinson and subject her to criminal penalties for intentionally and maliciously denying my right to work on account of sex.

I don't believe that after remand of my lawsuit No. 3:18-cv-03748-JCS Robinson will change her fraudulent and harassing tactics. No doubt that she will keep harassing me, and she will keep procrastinating and denying my right for relief. I am respectfully asking the Hon. Judge Joseph Spero to immediately disqualify Robinson from representing the U.S. Department of Veterans Affairs in my lawsuits.

Currently, the Alternative Dispute Resolution is impossible. Secretary McDonough is not willing to assist me to obtain relief. Only the Court's intervention is necessary for me to obtain relief.

13. **Consent to Magistrate Judge For All Purposes**

*Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*    __x__ *YES*     ____ *NO*

14. **Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

**Part 1.** I don't want binding arbitration. I want to proceed my lawsuit to a Jury Trial in New Mexico.

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS

**Part 2.** I asked Alsup and the 9th Circuit to appoint a Master pursuant to 42 U.S.C. §2000e-5(f)(5) but Alsup refused. Read Alsup's July 11, 2019 Order, from page 10, line 16 to page 11, line 7,

"**5. MOTION TO CERTIFY ACTION TO THE NINTH CIRCUIT OR APPOINT A MASTER.**

Plaintiff moves to certify this action to our court of appeals or to appoint a master pursuant to 42 U.S.C. § 2000e-5(f)(4)–(5), respectively. These motions are without merit for two reasons. *First*, Section 2000e-5(f)(4) states that "it shall be the duty of the chief judge of the district . . . to designate a judge in such district to hear and determine the case." If no judge in the district is available, the chief judge of the district "shall certify this fact to the chief judge of the circuit . . . who shall then designate a district or circuit judge of the circuit to hear and determine the case." *Ibid*. From the beginning, plaintiff has been assigned district judges in a timely manner. Plaintiff filed her original complaint on June 25, 2018 (Dkt. No 1). That same day, the action was assigned to Magistrate Judge Susan van Keulen (Dkt. No. 2). Plaintiff then moved to transfer this action from San Jose to San Francisco, which was granted. From there, the action was immediately assigned to Magistrate Judge Lucy Koh (Dkt. No. 9). The action was then reassigned to the undersigned judge (Dkt. No. 33). At no point has plaintiff's action been without a district judge "to hear and determine the case." *Second*, Section 2000e-5(f)(5) states that if the designated judge "has not scheduled the case for trial within one hundred and twenty days after issue has been joined, that judge *may* appoint a master" (emphasis added). This order declines to appoint a master.

Finally, this order notes that plaintiff seems to agree to move forward with the action before the undersigned judge (Dkt. No. 144 at 2). Accordingly, the motions to certify this action to our court of appeals or to appoint a master are **DENIED AS MOOT**."

If the Hon. Judge Joseph Spero doesn't schedule a trial within 120 days from the date of the remand of my lawsuit No. 3:18-cv-03748-JCS to the District Court, I will renew my Motion to Appoint a Master pursuant to 42 U.S.C. §2000e-5(f)(5) and the F.R.C.P. Rule 53.

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS

**Part 3.** I believe that the Judicial Panel for Multidistrict Litigation will be appropriate because my lawsuits involve Defendants that reside in New Mexico (the lawsuit No. 3:18-cv-03748-JCS), Minnesota (the lawsuit No. 3:21-cv-00500-JCS) and Pennsylvania (the lawsuit No. 3:21-cv-00684-JCS.) Also, I reside in California.

15. **Narrowing of Issues**

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

The 9th Circuit issued multiple fraudulent rulings against me in all my Appeals. These rulings contradict the applicable Federal laws and contradict the case laws that were decided by the U.S. Supreme Court and other Circuits.

Also, due to Robinson's fraud and ongoing harassment towards me, she will not stipulate with me about the facts of the case.

I need to disqualify Robinson from representing the U.S. Department of Veterans Affairs before I can stipulate about the facts of the case, about the legal standards, and about all other issues. Any stipulation is impossible with Robinson. She will keep obstructing Justice.

Also, I need to appeal the March 05, 2021 Order of the Hon. Judge Joseph Spero that denied my Fourth Motion to Vacate the Judgment in case No. 3:18-cv-03748-JCS.

Also, I need to appeal the March 29, 2021 Order of the Hon. Judge Haywood S. Gilliam that closed the case No. 3:20-cv-00820-HSG.

Also, I need to appeal the March 26, 2021 Order of the Hon. Judge Haywood S. Gilliam that closed the case No. 3:19-cv-05927-HSG.

If I find $300 to file a Petition for Writ of Certiorari after Appeal No. 19-16395, I want to challenge the fraudulent decisions of the 9th Circuit in this Appeal. Seems that the 9th Circuit is concerned by only rich litigants, and the 9th Circuit doesn't care about the penniless victims of employment discrimination.

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS

After I file my new Notices of Appeal, and after I possibly file a Petition for Writ of Certiorari, and after I obtain the new rulings of the 9th Circuit and the U.S. Supreme Court, I will be eligible to think about bifurcating issues and claims.

16. **Expedited Trial Procedure**

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.  If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Despite all my long time begging to expedite a trial in New Mexico, all Courts including the U.S. Supreme Court have consistently denied my right for relief. It is sadism that is not justified by any statute or regulation.

Title VII is criminal case. Read 18 U.S. Code § 246 - Deprivation of relief benefits, "Whoever directly or indirectly deprives, attempts to deprive, or threatens to deprive any person of any employment, position, work, compensation, or other benefit provided for or made possible in whole or in part by any Act of Congress appropriating funds for work relief or relief purposes, on account of political affiliation, race, color, **sex**, religion, or national origin, **shall** be fined under this title, or imprisoned not more than one year, or both."

The right to trial by jury in a criminal case resides in Article III, Section 2 of the federal Constitution, "The Trial of all Crimes, except in Cases of Impeachment; **shall** be by Jury; and such Trial **shall be held in the State where the said Crimes shall have been committed**; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed."

Read *Tin Cup, LLC, an Alaska limited liability company, v. United States Army Corps of Engineers*, No. 17-35889 (9th Circuit, 2018),

"Indeed, the first paragraph uses the mandatory term "shall," while the second paragraph uses the word "will." The Supreme Court has distinguished descriptive "will" statements from mandatory "**shall**" statements. See *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55,

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS

69 (2004) (concluding that a statute's requirement that an agency "shall" act in accordance with a land use plan was **a mandatory statement**.")…

Had Congress intended to bind the Corps, it would have used the word "shall." This interpretation comports with the "well established canon of statutory interpretation that the use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words." *S.E.C. v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003) (collecting cases).

… The Corps' interpretation of the provision at issue—that "shall" connotes a mandatory obligation and "will" connotes a description of what Congress expected to happen—is a reasonable reading of the statute. It cannot be said that the language of the statute "admits of no other reasonable interpretation" than the interpretation that Tin Cup has proffered. *Minis*, 40 U.S. at 445 [*Minis v. United States*, 40 U.S. (15 Pet.) 423 (1841)]."

Therefore, Article III, Section 2 of the U.S. Constitution imposes a mandatory obligation on a Court to conduct a Jury Trial in the State of New Mexico where the crime occurred.

17. **Scheduling**

*Proposed dates for completion of initial ADR session, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

IMMEDIATELY!!!

18**. Trial**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

I demanded a Jury Trial multiple times which Alsup completely ignored. The Jury Trial shall be held in New Mexico. I don't know about the length of the trial. The Jury Trial shall be held **IMMEDIATELY**.

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS

19. **Disclosure of Non-party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

The Civil Local Rule 3-15 doesn't apply "to any governmental entity or its agencies."

20. **Professional Conduct**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Attorney Robinson has consistently exhibited fraud, harassment, and multiple felonies. I believe she possibly filed a forged Declaration of Carla Dunkelberger under the penalty of perjury with severely redacted Exhibits in the lawsuit No. 3:18-cv-03748-JCS. I believe that Ms. Carla Dunkelberger never wrote this Declaration herself and never redacted the Exhibits. Attorney Robinson fraudulently concealed the material facts of all my lawsuits. Robinson intentionally and maliciously didn't disclose that Assistant Manager Mr. Phil Johnson had verbally allowed me to go to Russia in 2017. Robinson fraudulently procrastinated for very extended periods of time, and she intentionally and maliciously kept denying my right for relief on account of sex, see 18 U.S.C. §246. Robinson consistently, maliciously and intentionally didn't file her own Declarations under the penalty of perjury and under the Federal laws that:

1) She is familiar with the material facts of the case

2) Everything she wrote was a true and genuine point of view of the U.S. Department of Veterans Affairs

3) Everything she wrote was true and correct.

I made multiple Motions to disqualify Robinson from representing the U.S. Department of Veterans Affairs, to report Robinson's behavior to the Federal Bureau of Investigations, and to

impose criminal penalties on Robinson for obstruction of Justice, tampering with the evidence and for denying my right for relief on account of sex, see 18 U.S.C. §246.

Obviously, Robinson intentionally and maliciously brought false claims upon the United States in violation of 18 U.S. Code § 287 - False, fictitious or fraudulent claims. Robinson fraudulently and maliciously claimed that I had been fired from my job at the Raymond G. Murphy VAMC for failure to follow the proper steps to obtain a Leave Without Pay and for subsequent absence without leave. Robinson knew very well that I had gone to Russia with a verbal approval of Assistant Manager Mr. Phil Johnson. However, in all my lawsuits, Robinson kept claiming that I had gone to Russia without permission, and therefore I was fired. It was an intentional and malicious Libel about the reasons of the termination of my employment which is a crime in both State of New Mexico and State of California. It is also a hate crime. Robinson **shall** be prosecuted for this Libel.

The Hon. Judges Gilliam and Spero denied my Administrative Motions and refused to prosecute Robinson for her felonies. Also, I believe that there was a criminal conspiracy between Robinson and Alsup that was aimed to deny my right for relief on account of sex, see 18 U.S.C. §246.I am respectfully asking the Hon. Judge Joseph Spero to prosecute both Alsup and Robinson for their crimes.

21. **Other**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Alsup and Robinson made everything very expensive for me. They **shall** be prosecuted for their crimes.

Dated: April 22, 2021.                     s/ Tatyana Drevaleva Plaintiff Pro Se.

_____
                                            Counsel for plaintiff

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS

Dated: _____        _____
                                                Counsel for defendant

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____        _____
                                        UNITED                    STATES
                                        DISTRICT/MAGISTRATE JUDGE

Case Management Statement, Parts 4-21; case No. 3:18-cv-03748-JCS