UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-03748-JCS<br><br>**ORDER DENYING MOTION TO DISQUALIFY**<br><br>Re: Dkt. No. 369 |

## I. INTRODUCTION

Plaintiff Tatyana Drevaleva, pro se, moves to disqualify the undersigned magistrate judge from this case. She states no reason for disqualification except that she is "disappointed" with the Court's rulings on her motions and in setting a schedule for the case, as well as speculation that the Court "wants to intentionally and maliciously prolong [her] case." *See* Drevaleva Decl. (dkt. 369-1) ¶ 14. For the reasons discussed below, the motion to disqualify is DENIED.[1]

## II. LEGAL STANDARD

Drevaleva has not provided the Court with any legal basis for her motion. The Court assumes that Drevaleva's motion is made pursuant to 28 U.S.C. §§ 144 and 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

> favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Section 455 provides in relevant part:

> (a) Any . . . magistrate judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party . . . .

28 U.S.C. § 455(a)–(b).

"The test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1), and the decisions interpreting this language in section 144 are controlling in the interpretation of section 455(b)(1)." *United States v. Sibla*, 624 F.2d 864, 867 (citations omitted). A motion properly brought under § 144 will therefore also raise a question concerning recusal under section 455(b)(1). *Id*. "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997) (per curiam) (brackets and internal quotation marks omitted).

"Although the substantive test for bias or prejudice is identical in sections 144 and 455, the procedural requirements of the two sections are different." *Sibla*, 624 F.2d at 867. For § 144, relief is conditioned upon the filing of a timely and legally sufficient affidavit. *See id.* (citing *Blum v. Gulf Oil Corp.*, 597 F.2d 936, 938 (5th Cir. 1979); *United States v. Azhocar*, 581 F.2d 735, 738–40 (9th Cir. 1978); *United States v. Bennett*, 539 F.2d 45, 51 (10th Cir. 1976)). If the judge "determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under § 144, the legal sufficiency of the affidavit has been established, and the motion

2

must be referred to another judge for a determination of its merits." *Id.*; *see also* Civ. L.R. 3-14 (requiring that an affidavit of bias under § 144 be referred to another judge only where the presiding judge "has determined not to recuse him or herself and found that the affidavit is *neither legally insufficient* nor interposed for delay" (emphasis added)).

"Section 455, on the other hand, sets forth no procedural requirements. That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge," with "no provision for referral of the question of recusal to another judge." *Sibla*, 624 F.2d at 868 (citing *Davis v. Bd. of Sch. Comm'rs*, 517 F.2d 1044, 1051 (5th Cir. 1975); *Nicodemus v. Chrysler Corp.*, 596 F.2d 152, 157 & n.10 (6th Cir. 1979)). Instead, a motion under § 455 requires a judge to determine "whether all the circumstances call for recusal under the self-enforcing provisions of section 455(a) & (b)(1), a matter which rests within the sound discretion of the judge." *Id.* (citing *United States v. Schreiber*, 599 F.2d 534, 536 (3d Cir. 1979)).

### III. ANALYSIS

The Court first considers whether, for purpose of § 144, Drevaleva's motion includes a "legally sufficient" affidavit. An affidavit filed pursuant to § 144 is generally "not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party stemming from an extrajudicial source," *Sibla*, 624 F.2d at 868, i.e., a source other than "conduct or rulings made during the course of the proceeding," *see Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988) (finding an affidavit "legally insufficient" where it was based on "conduct during the judicial proceeding"). A judge's views on legal issues also may not serve as the basis for motions to disqualify. *Azhocar*, 581 F.2d at 738. As the Supreme Court has explained:

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Wilkerson*, 208 F.3d

3

794, 799 (9th Cir. 2000) ("To disqualify a judge, the alleged bias must constitute animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct." (internal quotation marks omitted)).

Under that standard, Drevaleva's motion and declaration are "legally insufficient," because she presents no facts suggesting that the Court has any bias against her "stemming from an extrajudicial source." *See Sibla*, 624 F.2d at 868. Instead, she cites only the Court's decisions in this case with which she disagrees. It is the role of the Court to make such decisions, and virtually inevitable that one party or another will be dissatisfied with at least some of them. Mere disagreement with the Court's decisions is not evidence of bias or grounds for disqualification. Because the motion is legally insufficient, the Court need not refer it to another judge. Drevaleva's motion to disqualify the Court is DENIED.

As for § 455, the Court has considered whether the instant motion identifies any ground upon which disqualification would be warranted, as well as whether there is any other ground for disqualification, and finds no such ground exists. The Court has no deep-seated favoritism or antagonism that would make fair judgment impossible, nor is the Court aware of any circumstances that would cause its impartiality to reasonably be questioned.

## IV. CONCLUSION

The Court finds no basis to refer Drevaleva's motion to disqualify to another judge. For the reasons discussed above, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: May 11, 2021

JOSEPH C. SPERO
Chief Magistrate Judge

4