UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>Defendants. | Case No. 18-cv-03748-JCS<br><br>**ORDER RESOLVING VARIOUS MOTIONS AND SETTING DEADLINE FOR DEFENDANTS' ANSWER**<br><br>Re: Dkt. Nos. 371, 373, 374, 376 379, 384 |

Defendants shall file their answer to Plaintiff's operative complaint (dkt. 1) no later than June 4, 2021.[1] Because Plaintiff did not use numbered paragraphs as required by Rule 10(b) of the Federal Rules of Civil Procedure, Defendants may answer the factual allegations of the complaint by citing pages and lines of the complaint.

The Court resolves a number of pending motions in this case as follows:[2]

Plaintiff's motion to appoint a master (dkt. 371) is DENIED.

Plaintiff's "Administrative Motion for an Order that Allows [her] to Serve Discovery Papers on Assistant U.S. Attorney instead of Serving on a Party," and to "allow [her] to personally

---

[1] The Federal Rules of Civil Procedure allow the United States and federal agencies or officers sixty days to answer a complaint. Fed. R. Civ. P. 12(a)(3). The Ninth Circuit issued its mandate for its decision reversing dismissal in this case and reinstating Plaintiff's complaint on March 11, 2021. *See* dkt. 315. This Court stayed Defendants' deadline to answer on April 5, 2021 pending discussions as to whether Plaintiff would file an amended complaint. *See* dkt. 345. Twenty-five days later, on April 30, 2021, the Court ordered Defendants to respond to the complaint. *See* dkt. 372. The deadline set here allows Defendants sixty days from the date of the Ninth Circuit's mandate, not counting the twenty-five days during which their obligation to answer was stayed.
[2] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

mail [her] Discovery papers to the U.S. Attorney's Office without using help of a Process Server" (dkt. 373), is MOOT.  Rule 5(b)(1) of the Federal Rules of Civil Procedure provides that, "[i]f a party is represented by an attorney, service under [Rule 5] must be made on the attorney unless the court orders service on the party."  Fed. R. Civ. P. 5(b)(1).  Rule 5 also provides for service by mail, without requiring a process server.  *See* Fed. R. Civ. P. 5(b)(2)(C).  Accordingly, to the extent Drevaleva is concerned about service on *parties*, as she states in her motion, Rule 5 allows her to proceed as she has proposed without any action by the Court.  The Court notes, however, that Rule 5 applies only to *parties* to the case—i.e., Plaintiff and Defendants—and only in the absence of a more specific rule requiring a particular method of service.  Plaintiff must follow any applicable procedures for serving anyone who is not a party to the case.  *See, e.g.*, Fed. R. Civ. P. 45(b).

        Plaintiff's motion for permission to file a separate statement of undisputed facts (dkt. 374) is DENIED.  Plaintiff also indicates in this motion that she intends to file a motion for summary judgment without conducting discovery.  The Court has previously issued notice (dkt. 375) explaining the basic procedure for such a motion.  Each side in this case may file only <u>one</u> motion for summary judgment.  The Court previously set a schedule for Defendants' motion for summary judgment.  *See* dkt. 378.  Plaintiff's motion to expedite that schedule and immediately award her injunctive relief (dkt. 379) is DENIED.  Plaintiff may file her motion for summary judgment no later than the same deadline as Defendants' motion (August 13, 2021), or she may file her motion sooner if she prefers.  The Court notes that parties are typically entitled to discovery to oppose a motion for summary judgment, and a party opposing summary judgment may seek additional time to conduct discovery.  *See* Fed. R. Civ. P. 56(d).

        Plaintiff's motion for reconsideration (dkt. 376) is DENIED.

        Plaintiff's latest request to appoint counsel (dkt. 384) is DENIED.  The authority she cites pertains to an award of attorneys' fees only after a plaintiff has prevailed on their claim.  Contrary to Plaintiff's assertions, the Ninth Circuit did *not* find that Defendants discriminated against her; it held only that the allegations of her complaint were sufficient to proceed.  Plaintiff must now prove her claim with evidence at summary judgment or trial, and Defendants are entitled to

conduct discovery and present evidence in their defense.

**IT IS SO ORDERED.**

Dated: May 12, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge