STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
ADRIENNE ZACK (CABN 291629)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7031
     FAX: (415) 436-6748
     adrienne.zack@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF VETERANS<br>AFFAIRS, et al.,<br><br>    Defendants. | CASE NO. 3:18-CV-03748-JCS<br><br>**DEFENDANTS' ANSWER** |

     Defendants U.S. Department of Veterans Affairs ("VA"); Denis McDonough, Secretary of the

Department of Veterans Affairs ("Secretary")[1]; and New Mexico VA Healthcare System ("NM VA")

(collectively "Defendants") hereby respond to the Complaint filed by Plaintiff Tatyana Drevaleva

("Plaintiff") as follows:

     1:26-2:8:[2]  Defendants admit that this paragraph recites Plaintiff's assertion of jurisdiction in this

case.  Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of

---

     [1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary McDonough is automatically substituted as a party.

     [2] Pursuant to the Court's Order, ECF No. 386 at 1, Defendants indicate the paragraph to which they respond by page and line number.  Defendants note that pages 8 and 9 of the complaint were scanned in out of order in the electronic version uploaded to CM/ECF.  Defendants therefore utilize the page numbers at the bottom of the complaint.

1

1   their contents.  To the extent that Plaintiff's characterization of the content of the authorities is

2   inconsistent with the text of the authorities, Defendants deny the allegations.  Defendants deny that there

3   are federal questions regarding the First and Fifth Amendments of the Constitution.  Defendants deny

4   jurisdiction under the Federal Tort Claims Act.  Defendants deny each and every other factual allegation

5   in this paragraph.

6        2:9-15:  Defendants admit that this paragraph recites Plaintiff's assertion of venue in this case.

7   Defendants respectfully refer the Court to the cited authorities for a full and accurate statement of their

8   contents.  To the extent that Plaintiff's characterization of the content of the authorities is inconsistent

9   with the text of the authorities, Defendants deny the allegations.  Defendants are without sufficient

10  knowledge to admit or deny the factual allegations concerning Plaintiff's place of residence and, on that

11  basis, deny those allegations.  Defendants admit this Court has venue over this matter on grounds other

12  than those asserted in this paragraph.  Defendants admit that Plaintiff formerly worked at Raymond G.

13  Murphy Veterans Affairs Medical Center in Albuquerque, New Mexico ("Albuquerque VAMC").

14  Defendants deny each and every other factual allegation in this paragraph.

15       2:18-22:  Defendants admit that Plaintiff was terminated from the Albuquerque VAMC and that

16  she was not rehired.  Defendants admit that Plaintiff's vacated position was subsequently filled.

17  Defendants deny each and every other factual allegation in this paragraph.

18       2:24-28:  Defendants admit that Plaintiff was appointed (rather than "hired") as a Medical

19  Instrument Technician at the Albuquerque VAMC with an entry date of April 2, 2017, as a probationary

20  employee.  Defendants admit that Plaintiff underwent orientation and was scheduled to observe cardiac

21  monitors in 5D.  Defendants admit that the manager of 5D was Ms. Dunkelberger and the assistant

22  manager was Mr. Johnson.  Defendants deny each and every other factual allegation in this paragraph.

23       3:1-2:  Defendants are without sufficient knowledge to admit or deny the factual allegations

24  concerning Plaintiff's citizenship, place of birth, and naturalization and, on that basis, deny those

25  allegations.

26       3:3-8:  Defendants admit that Plaintiff was qualified for the position to which she was appointed

27  and that she had multiple previous years of experience.  Defendants are without sufficient knowledge to

28  admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those

1 allegations.

2      3:9-23:  Defendants admit that Plaintiff had a conversation with Ms. Dunkelberger about wanting

3 to have children and trying to have children to no avail.  Defendants admit that Plaintiff and Ms.

4 Dunkelberger had a conversation regarding a fertility medication that Plaintiff was prescribed by her

5 doctor in Russia and that it was hard to find in the United States and could only be obtained in Russia.

6 Defendants aver that on April 18, 2017, Plaintiff informed Ms. Dunkelberger that she had a few months

7 of medication left.  Defendants admit that on May 15, 2017, Plaintiff stated that she had less than ten

8 pills left.  Defendants aver that Plaintiff informed Ms. Dunkelberger that she located a pharmacy in New

9 York that advertised being able to get the medication.  Defendants are without sufficient knowledge to

10 admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those

11 allegations.

12      3:24-4:3:  Defendants admit that Plaintiff informed Ms. Dunkelberger that Russia offers a free

13 one-time in vitro fertilization attempt to Russian citizens.  Defendants admit that on May 15, 2017,

14 Plaintiff informed Ms. Dunkelberger that she needed to go to Russia for a medical procedure and to

15 obtain related medication.  Defendants are without sufficient knowledge to admit or deny the remaining

16 factual allegations in this paragraph and, on that basis, deny those allegations.

17      4:4-8:  Defendants admit that Plaintiff informed Albuquerque VAMC Human Resources that her

18 home postal address was in Albuquerque, New Mexico.  Defendants are without sufficient knowledge to

19 admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those

20 allegations.

21      4:9-16:  Defendants admit that on April 18, 2017, Plaintiff told Ms. Dunkelberger that she

22 wanted to go to Russia in a few months for four to six weeks to make an embryo.  Defendants admit that

23 on May 15, 2017, Plaintiff told Ms. Dunkelberger that she needed to go to Russia to obtain medication

24 and undergo a medical procedure if she could not obtain the medication from the pharmacy in New

25 York.  Defendants admit that on April 18, 2017, Plaintiff informed Ms. Dunkelberger that she would

26 need to go to Russia to hire a surrogate to have a child for Plaintiff after she saved up enough money.

27 Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this

28 paragraph and, on that basis, deny those allegations.

ANSWER
3:18-CV-3748-JCS
3

1    4:17-19:  Deny.

2    4:21-5:2:  Defendants admit that on April 18, 2017, Ms. Dunkelberger informed Plaintiff that she

3    did not qualify for Family Medical Leave Act ("FMLA") leave because Plaintiff had less than one year

4    of service with the VA.  Defendants are without sufficient knowledge to admit or deny the remaining

5    factual allegations in this paragraph and, on that basis, deny those allegations.

6    5:3-10:  Defendants admit that on April 18, 2017, and May 15, 2017, Ms. Dunkelberger

7    informed Plaintiff that to request leave without pay ("LWOP") for the length of time Plaintiff was

8    requesting, she needed to submit a request to the Associate Director of Patient Care Services on Form

9    OPM-71 Request for Leave or Approved Absence, and submit supporting medical documentation, and

10   that on both dates Plaintiff was informed that approval was required before going on leave.  Defendants

11   admit that on April 18, 2017, Ms. Dunkelberger told Plaintiff that any medical documentation submitted

12   needed to be written in or translated to English.  Defendants are without sufficient knowledge to admit

13   or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations.

14   5:11-13:  Defendants are without sufficient knowledge to admit or deny the factual allegations in

15   this paragraph and, on that basis, deny those allegations.

16   5:14-6:4:  Defendants admit that Plaintiff worked from 11:30 p.m. on May 17, 2017, to 8 a.m. on

17   May 18, 2017.  Defendants admit that Plaintiff worked with Ms. Das that night and told Ms. Das about

18   her plans to go to Russia the next day for a medical reason.  Defendants admit that Ms. Dunkelberger

19   was absent that night.  Defendants admit that Plaintiff spoke with Mr. Johnson that night about her plans

20   to return to Russia the next day for medication and in vitro fertilization.  Defendants are without

21   sufficient knowledge to admit or deny the remaining factual allegations in this paragraph, including the

22   details of the conversation with Mr. Johnson and, on that basis, deny those allegations.

23   6:5-10:  Defendants admit that Plaintiff asked Mr. Johnson's permission to go to Russia.

24   Defendants deny that Plaintiff was given verbal permission to go to Russia or take two or more weeks of

25   leave and that any leave was approved.  Defendants admit that Plaintiff completed a form requesting

26   leave without pay from May 18, 2017, to July 7, 2017, and slid the form under Mr. Johnson's door.

27   Defendants aver that Plaintiff submitted no medical documentation with the form and that the request

28   was not approved prior to Plaintiff's departure for Russia.  Defendants respectfully refer the Court to the

document for a full and accurate statement of its contents.  To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations.  Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations.

6:11-13:  Defendants deny that Plaintiff told Ms. Das that Mr. Johnson gave Plaintiff verbal permission to go to Russia for the purpose of undergoing in vitro fertilization.  Defendants deny that Plaintiff told Ms. Das that she would be absent for any certain dates or times.

6:14-18:  Defendants admit that Plaintiff asked and gave consent to Ms. Das to translate a document from Russian to English.  Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations.

6:19-21:  Defendants admit that Ms. Dunkelberger received an email from Plaintiff on May 18, 2017, at approximately 10:00 a.m.  Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.  To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations.  Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations.

6:22-27:  Defendants admit that Ms. Dunkelberger received an email from Plaintiff on May 30, 2017, at approximately 9:00 a.m. with an attachment that appeared to be from the Public Government - Financed Institution of Public Health of Novosibirsk Region.  Defendants respectfully refer the Court to the email for a full and accurate statement of its contents.  To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations.  Defendants admit that Ms. Dunkelberger and Mr. Johnson did not respond to Plaintiff's emails.  Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations.

7:1-7:  Defendants are without sufficient knowledge to admit or deny the factual allegations in this paragraph and, on that basis, deny those allegations.

7:8-12:  Defendants admit that Ms. Dunkelberger received an email from Plaintiff on July 1, 2017.  Defendants respectfully refer the Court to the email for a full and accurate statement of its

1   contents.  To the extent that Plaintiff's characterization of the content of this document is inconsistent

2   with the text of the document, Defendants deny the allegations.  Defendants are without sufficient

3   knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny

4   those allegations.

5        7:13-17:  Defendants admit that Ms. Dunkelberger emailed Plaintiff on July 3, 2017.  Defendants

6   respectfully refer the Court to the email for a full and accurate statement of its contents.  To the extent

7   that Plaintiff's characterization of the content of this document is inconsistent with the text of the

8   document, Defendants deny the allegations.  Defendants admit that Plaintiff was terminated prior to July

9   7, 2017, and aver that she was terminated effective June 30, 2017.  Defendants are without sufficient

10   knowledge to admit or deny whether Plaintiff emailed Ms. Dunkelberger on July 3, 2017, and, on that

11   basis, deny those allegations.  Even if such email was sent, Defendants respectfully refer the Court to the

12   email for a full and accurate statement of its contents.  To the extent that Plaintiff's characterization of

13   the content of this document is inconsistent with the text of the document, Defendants deny the

14   allegations.  Defendants admit that Ms. Dunkelberger did not respond to Plaintiff's email.  Defendants

15   are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph

16   and, on that basis, deny those allegations.

17        7:18-21:  Defendants are without sufficient knowledge to admit or deny whether Plaintiff

18   emailed Ms. Dunkelberger on July 14, 2017, and, on that basis, deny those allegations.  Even if such

19   email was sent, Defendants respectfully refer the Court to the email for a full and accurate statement of

20   its contents.  To the extent that Plaintiff's characterization of the content of this document is inconsistent

21   with the text of the document, Defendants deny the allegations.  Defendants admit that Ms.

22   Dunkelberger and Mr. Johnson did not respond to Plaintiff's emails.  Defendants are without sufficient

23   knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny

24   those allegations.

25        7:22-23:  Defendants admit that Plaintiff timely contacted an EEO counselor.  Defendants admit

26   that Plaintiff elected to participate in alternative dispute resolution.  Defendants are without sufficient

27   knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny

28   those allegations.

1    7:24-26:  Defendants are without sufficient knowledge to admit or deny whether Plaintiff

2  emailed Ms. Dunkelberger on other dates in July 2017, and, on that basis, deny those allegations.  Even

3  if such email was sent, Defendants respectfully refer the Court to the emails for a full and accurate

4  statement of their contents.  To the extent that Plaintiff's characterization of the content of the

5  documents is inconsistent with the text of the documents, Defendants deny the allegations.  Defendants

6  admit that Ms. Dunkelberger and Mr. Johnson did not respond to Plaintiff's emails.  Defendants are

7  without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and,

8  on that basis, deny those allegations.

9    8:1-3:  Defendants are without sufficient knowledge to admit or deny whether Plaintiff emailed

10  Ms. Dunkelberger on August 10, 2017, and, on that basis, deny those allegations.  Even if such email

11  was sent, Defendants respectfully refer the Court to the email for a full and accurate statement of its

12  contents.  To the extent that Plaintiff's characterization of the content of this document is inconsistent

13  with the text of the document, Defendants deny the allegations.  Defendants admit that Ms.

14  Dunkelberger and Mr. Johnson did not respond to Plaintiff's emails.  Defendants are without sufficient

15  knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny

16  those allegations.

17    8:4-5: Defendants are without sufficient knowledge to admit or deny the factual allegations in

18  this paragraph and, on that basis, deny those allegations.

19    8:6-12:  Defendants admit that Plaintiff participated in a mediation on September 7, 2017.

20  Defendants admit that Plaintiff recounted her version of events.  Defendants admit that Plaintiff was

21  terminated on June 30, 2017, during her probationary period.  Defendants admit that Plaintiff asked to

22  be reinstated to her former position at Albuquerque VAMC.  Defendants are without sufficient

23  knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny

24  those allegations.

25    8:13-20:  Defendants deny that Ms. Dunkelberger stated she received Plaintiff's request for leave

26  without pay and that Ms. Dunkelberger submitted the request to Dr. Prince.  Defendants aver that Mr.

27  Johnson submitted Plaintiff's request to Dr. Prince on Ms. Dunkelberger's behalf while she was out of

28  the office.  Defendants admit that Dr. Prince denied Plaintiff's request.  Defendants respectfully refer the

ANSWER                                         7
3:18-CV-3748-JCS

1   Court to the denial for a full and accurate statement of its contents.  To the extent that Plaintiff's

2   characterization of the content of this document is inconsistent with the text of the document,

3   Defendants deny the allegations.  Defendants admit that they mailed a leave request clarification letter

4   including Dr. Prince's decision to Plaintiff's last known address.  Defendants are without sufficient

5   knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny

6   those allegations.

7        8:21-9:2:  Defendants admit that Ms. Dunkelberger stated that there was a policy that required

8   her to mail any communication to Plaintiff's last known address, known as her "home of record."

9   Defendants admit that Ms. Dunkelberger was aware of Plaintiff's email address based on the email

10  received on May 18, 2017.  Defendants admit that Ms. Dunkelberger emailed Plaintiff the termination

11  during probationary period memorandum that had already been mailed to Plaintiff's last known address.

12  Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this

13  paragraph and, on that basis, deny those allegations.

14       9:3-11: Defendants are without sufficient knowledge to admit or deny the allegations that

15  Plaintiff communicated with other employees and that no request was made for Plaintiff's postal address

16  in Russia in this paragraph and, on that basis, deny those allegations.  Defendants deny each and every

17  other factual allegation in this paragraph.

18       9:12-15:  Defendants admit that Plaintiff was not reinstated to her former position at the

19  Albuquerque VAMC.  Defendants admit that Plaintiff filed a formal Complaint of Employment

20  Discrimination on September 19, 2017.  Defendants deny that a deadline to issue a decision was March

21  18, 2018.  Defendants are without sufficient knowledge to admit or deny the remaining factual

22  allegations in this paragraph and, on that basis, deny those allegations.

23       9:16-19:  Defendants deny that Ms. Dunkelberger spoke to the Employment Development

24  Department.  Defendants are without sufficient knowledge to admit or deny the remaining factual

25  allegations in this paragraph and, on that basis, deny those allegations.

26       9:20-25:  Defendants admit that Ms. Das spoke with Plaintiff over the phone.  Defendants deny

27  each and every other factual allegation in this paragraph.

28       9:23-25: Deny.

1  9:26-28:  Defendants admit that Plaintiff requested a right to sue letter and that Defendants did

2 not provide a right to sue letter.  Defendants respectfully refer the Court to the communication regarding

3 Plaintiff's request for a right to sue letter for a full and accurate statement of its contents.  To the extent

4 that Plaintiff's characterization of the content of this document is inconsistent with the text of the

5 document, Defendants deny the allegations.  Defendants are without sufficient knowledge to admit or

6 deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations.

7  10:1-4:  Defendants admit that they received a request for Alternative Dispute Resolution from

8 Plaintiff on April 18, 2018.  Defendants respectfully refer the Court to that document for a full and

9 accurate statement of its contents.  To the extent that Plaintiff's characterization of the content of this

10 document is inconsistent with the text of the document, Defendants deny the allegations.  Defendants are

11 without sufficient knowledge to admit or deny whether Plaintiff submitted a second request for

12 Alternative Dispute Resolution and, on that basis, deny those allegations.  Even if such a request was

13 sent, Defendants respectfully refer the Court to that document for a full and accurate statement of its

14 contents.  To the extent that Plaintiff's characterization of the content of this document is inconsistent

15 with the text of the document, Defendants deny the allegations.  Defendants admit that Plaintiff agreed

16 to a sixty-day extension for the investigation of her complaint on March 5, 2018.  Defendants deny that

17 the deadline to issue a decision was on May 18, 2018.  Defendants are without sufficient knowledge to

18 admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those

19 allegations.

20  10:5:  Defendants admit that Plaintiff submitted a request for a final agency decision dated April

21 11, 2018, and aver that it was received on April 20, 2018.  Defendants respectfully refer the Court to the

22 referenced document for a full and accurate statement of its contents.  To the extent that Plaintiff's

23 characterization of the content of this document is inconsistent with the text of the document,

24 Defendants deny the allegations.

25  10:6:  Defendants admit that the final agency decision was not yet complete on May 18, 2018,

26 and aver that they had no requirement to have completed the final agency decision by May 18, 2018.

27  10:7:  Defendants admit that on May 21, 2018, Plaintiff emailed various individuals at the VA.

28 Defendants respectfully refer the Court to the referenced document for a full and accurate statement of

1  its contents.  To the extent that Plaintiff's characterization of the content of this document is inconsistent

2  with the text of the document, Defendants deny the allegations.

3       10:8-14:  Defendants admit that Ms. Long called and emailed Plaintiff on May 30, 2018.

4  Defendants respectfully refer the Court to the referenced document for a full and accurate statement of

5  its contents.  To the extent that Plaintiff's characterization of the content of this document is inconsistent

6  with the text of the document, Defendants deny the allegations.  Defendants admit that the Office of

7  Employment Discrimination Complaint Adjudication ("OEDCA") received Plaintiff's case on April 26,

8  2018, and docketed a due date of June 25, 2018.  Defendants deny that Plaintiff was not provided

9  official notification previously that her case was forwarded to OEDCA.  Defendants deny that Ms. Long

10  attempted to force Plaintiff to forward her case to OEDCA in order to procedurally dismiss it.

11  Defendants admit that Plaintiff stated that Defendants were obligated to issue a decision by May 18,

12  2018.  Defendants aver that they had no requirement to have completed the final agency decision by

13  May 18, 2018.  Defendants are without sufficient knowledge to admit or deny the remaining factual

14  allegations in this paragraph and, on that basis, deny those allegations.

15       10:15: Defendants admit that the final administrative decision was not issued by June 22, 2018.

16  Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this

17  paragraph and, on that basis, deny those allegations.

18       10:16-18: Defendants are without sufficient knowledge to admit or deny the factual allegations

19  in this paragraph and, on that basis, deny those allegations.

20       10:19-21:  Defendants admit that the final administrative decision was not issued by May 18,

21  2018, or by June 21, 2018.  Defendants aver that they were not required to issue a decision by either

22  date.  Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in

23  this paragraph and, on that basis, deny those allegations.

24       10:24-14:10:  Defendants respectfully refer the Court to the referenced documents for a full and

25  accurate statement of their contents.  To the extent that Plaintiff's characterization of the content of these

26  documents is inconsistent with the text of the documents, Defendants deny the allegations.  Defendants

27  deny that Plaintiff is entitled to any relief pursuant to the referenced materials.

28       14:11-17:  Defendants admit that Plaintiff was not reinstated to her position during the mediation

of September 7, 2017.  Defendants deny each and every other factual allegation in this paragraph.

14:19-17:3:  Defendants respectfully refer the Court to the referenced documents for a full and accurate statement of their contents.  To the extent that Plaintiff's characterization of the content of these documents is inconsistent with the text of the documents, Defendants deny the allegations.  Defendants deny that Plaintiff is entitled to any relief pursuant to the referenced materials.

17:4-6:  Deny.

17:8-18:3: Defendants aver that Plaintiff's claims under the Age Discrimination in Employment Act have been dismissed.  *See* ECF No. 291 at 2.  To the extent a response is otherwise required, Defendants respectfully refer the Court to the referenced documents for a full and accurate statement of their contents.  To the extent that Plaintiff's characterization of the content of these documents is inconsistent with the text of the documents, Defendants deny the allegations.  Defendants deny that Plaintiff is entitled to any relief pursuant to the referenced materials.

18:4-6: Defendants aver that Plaintiff's claims under the Age Discrimination in Employment Act have been dismissed.  *See* ECF No. 291 at 2.  To the extent a response is otherwise required, Defendants deny.

18:9-21:1: Defendants aver that Plaintiff's claims under the Americans with Disabilities Act have been dismissed.  *See* ECF No. 291 at 2.  Defendants respectfully refer the Court to the referenced documents for a full and accurate statement of their contents.  To the extent that Plaintiff's characterization of the content of these documents is inconsistent with the text of the documents, Defendants deny the allegations.  Defendants deny that Plaintiff is entitled to any relief pursuant to the referenced materials.

21:2-7:  Deny.

21:9-12:  Defendants aver that Plaintiff's libel claim has been dismissed.  *See* ECF No. 291 at 2-3.  To the extent a response is otherwise required, Defendants are without sufficient knowledge to admit or deny the factual allegation that Plaintiff's Unemployment Insurance Compensation was denied in this paragraph and, on that basis, deny those allegations.  Defendants deny each and every other factual allegation in this paragraph.

21:13-23:  Defendants aver that Plaintiff's libel claim has been dismissed.  *See* ECF No. 291 at

2-3.  To the extent a response is otherwise required, Defendants respectfully refer the Court to the referenced documents for a full and accurate statement of their contents.  To the extent that Plaintiff's characterization of the content of these documents is inconsistent with the text of the documents, Defendants deny the allegations.  Defendants deny that Plaintiff is entitled to any relief pursuant to the referenced materials.

21:25:  Defendants aver that Plaintiff's libel claim has been dismissed.  *See* ECF No. 291 at 2-3.  To the extent a response is otherwise required, Defendants deny.

21:27-22:25:  Defendants aver that Plaintiff's intentional infliction of emotional distress claim has been dismissed.  *See* ECF No. 291 at 2-3.  To the extent a response is otherwise required, Defendants respectfully refer the Court to the referenced documents for a full and accurate statement of their contents.  To the extent that Plaintiff's characterization of the content of these documents is inconsistent with the text of the documents, Defendants deny the allegations.  Defendants deny that Plaintiff is entitled to any relief pursuant to the referenced materials.  Defendants are without sufficient knowledge to admit or deny the factual allegations concerning Plaintiff's current activities in this paragraph and, on that basis, deny those allegations.  Defendants deny each and every other factual allegation in this paragraph.

22:27-23:20: Defendants aver that Plaintiff's constitutional claims have been dismissed.  *See* ECF No. 291 at 2-3.  To the extent a response is otherwise required, Defendants respectfully refer the Court to the referenced documents for a full and accurate statement of their contents.  To the extent that Plaintiff's characterization of the content of these documents is inconsistent with the text of the documents, Defendants deny the allegations.  Defendants deny that Plaintiff is entitled to any relief pursuant to the referenced materials.

23:21-26: Defendants aver that Plaintiff's constitutional claims have been dismissed.  *See* ECF No. 291 at 2-3.  To the extent a response is otherwise required, Defendants deny.

24:2-10:  Deny.

24:13-25:13:  The section entitled "My Pray for Relief" sets forth Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny the allegations and deny that Plaintiff is entitled to any relief whatsoever.

Defendants deny each and every allegation contained in the Complaint not specifically admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

To the extent that Plaintiff has failed to mitigate her damages, her recovery is limited accordingly.

### SECOND AFFIRMATIVE DEFENSE

### (Exhaustion of Administrative Remedies)

To the extent that Plaintiff alleges or asserts matters not contained in a legally sufficient and timely administrative claim, such claims are barred by the exhaustion of administrative remedies doctrine.

### THIRD AFFIRMATIVE DEFENSE

### (Mixed Motive)

To the extent that Plaintiff demonstrates that a discriminatory motive played a part in the challenged actions, which Defendant denies, Defendant asserts that the same actions would have been taken absent the discriminatory or retaliatory motive.

### FOURTH AFFIRMATIVE DEFENSE

### (Offset)

To the extent that Plaintiff demonstrates eligibility for damages, which Defendant does not concede, Defendant asserts that such damages must be offset by the amount of federal benefits received by Plaintiff.

Defendant reserves the right to assert additional defenses as warranted.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

1.      Plaintiff takes nothing by her Complaint;

2.      The Complaint be dismissed with prejudice;

1        3.       Judgment be entered in favor of Defendants;

2        4.       Defendants be awarded their costs of suit;

3        5.       The Court award such other and further relief as it may deem proper.

4

5  DATED: June 4, 2021                 Respectfully submitted,

6                              STEPHANIE M. HINDS
                                 Acting United States Attorney

7

8                              */s/ Adrienne Zack*
                                 ADRIENNE ZACK

9                              Assistant United States Attorney

10                             Attorneys for the Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER
3:18-CV-3748-JCS