UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-03748-JCS<br><br>**ORDER DENYING VARIOUS MOTIONS**<br><br>Re: Dkt. Nos. 406, 407, 408 |

Plaintiff's administrative motion for leave to amend (dkt. 406) is DENIED. A motion for leave to amend under Rule 15 of the Federal Rules of Civil Procedure must be brought as a motion noticed for a hearing under Civil Local Rule 7-2, not an administrative motion under Civil Local Rule 7-11. Moreover, Plaintiff cannot amend by right without bringing such a motion. Rule 15 allows amendment of a complaint by right under the following circumstances:

　　(A) 21 days after serving it, or

　　(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Plaintiff's complaint was served in August of 2018. *See* dkt. 22. The twenty-one-day deadline after service of the complaint has therefore long expired. And while Defendants only filed and served a responsive pleading—their answer (dkt. 396)—relatively recently, they filed and served a motion to dismiss under Rule 12(b) in October of 2018. Dkt. 34. Since Rule 15(a)(1)(B) sets a deadline of twenty-one days after either service of a responsive pleading or service of a motion under Rule 12, "whichever is earlier," the deadline here is based

on the motion to dismiss, and expired in 2018. Plaintiff therefore must file a noticed motion under Civil Local Rule 7-2 seeking leave under Rule 15(a)(2) or Rule 15(d) if she wishes to amend or supplement her complaint.

Plaintiff's motion for a more definite statement (dkt. 408) of Defendants' answer is DENIED. Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." An answer is not "a pleading to which a responsive pleading is allowed"; it is itself a "responsive pleading." Plaintiff need not prepare a response to the answer, and thus cannot bring a motion under Rule 12(e). Regardless, Defendants' answer sufficiently admits or denies each allegation of Plaintiff's complaint.

Plaintiff's "Administrative Motion to Clarify Whether or Not [She] Should File a Reply to Defendants' June 04, 2021 Answer" (dkt. 407) seeks legal advice from the Court. The Court cannot provide legal advice to the parties, and a party may not bring a motion seeking such advice. The motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: June 14, 2021

JOSEPH C. SPERO
Chief Magistrate Judge