1 | Tatyana Evgenievna Drevaleva

2 | 3015 Clement St., Apt. 204,

3 | San Francisco, CA, 94121

4 | 415-954-2116, tdrevaleva@gmail.com

5 | Plaintiff in Pro Per

THE UNITED STATES DISTRICT COURT

FOR NORTHERN CALIFORNIA

|  |  |
|---|---|
| Tatyana E. Drevaleva | Case No. 3:18-cv-03748-JCS |
| *Plaintiff*, | Proposed Order. |
| vs. |  |
| 1) The U.S. Department of Veterans Affairs | Date: July 30, 2021 |
|  | Time: 09:30 AM |
| 2) Mr. Denis Richard McDonough in his capacity as a Secretary of the U.S. Department of Veterans Affairs | Location: Courtroom F – 15th Floor |
|  | 450 Golden Gate Avenue, |
| 810 Vermont Avenue, NW, Washington, D.C. 20420 | San Francisco, CA 94102 |
| *Defendant* | Judge: The Hon. Chief Magistrate |
| Facility: | Judge Joseph C. Spero |
| New Mexico VA Healthcare System 1501 San Pedro Drive, S.E. Albuquerque, NM, 87108 |  |

Proposed Order; No. 3:18-cv-03748-JCS

1      GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED that
2 Plaintiff's Second Motion to Strike Defendants' June 04, 2021 Answer to Plaintiff's June 25,
3 2018 Complaint is **GRANTED**.

4      Defendants' June 04, 2021 Answer is **STRICKEN in its entirety** because it doesn't
5 satisfy both 28 U.S.C. § 1746 and the F.R.C.P. Rule 11(b.) This Answer is hearsay that is not
6 supposed to be reviewed.

7      Defendants' assertion that Plaintiff worked for an eight hour shift is **STRICKEN** because
8 Plaintiff worked for a 12 hour shift.

9      Defendants' assertion that they were not aware about Plaintiff's age is **STRICKEN**
10 because the evidence demonstrates that Defendants were aware about Plaintiff's age.

11      Defendants' assertion that Plaintiff was not entitled for a Leave Without Pay pursuant to
12 the Family and Medical Leave Act (the F.M.L.A.) because Plaintiff didn't work at the VAMC
13 for 12 months is **STRICKEN** because it is immaterial. Pursuant to the F.M.L.A. and the AFGE
14 Master Agreement, Article 35, Section 16 - Family and Medical Leave Act (FMLA), Subdivision
15 (B)(2.) Plaintiff was entitled to 12 weeks of an unpaid leave per year **for a serious health**
16 **condition** regardless **whether or not she worked at the VAMC for 12 months**.

17      See the definition of a "Serious Health Condition" at 5 CFR § 630.1202 – Definitions,

18      "(1) Serious health condition means an illness, injury, impairment, or physical or mental
19 condition that involves -

20           (ii) Continuing treatment by a health care provider that includes (but is not limited
21           to) examinations to determine if there is a serious health condition and evaluations
22           of such conditions if the examinations or evaluations determine that a serious
23           health condition exists. Continuing treatment by a health care provider may
24           include one or more of the following -

25                (A) A period of incapacity of more than 3 consecutive calendar days,
26                including any subsequent treatment or period of incapacity relating to the
27                same condition, that also involves -

28

Proposed Order; No. 3:18-cv-03748-JCS

      (2) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider (e.g., a course of prescription medication or therapy requiring special equipment to resolve or alleviate the health condition).

      (B) **Any period of incapacity due to pregnancy** or childbirth, or for prenatal care, even if the affected individual does not receive active treatment from a health care provider during the period of incapacity or the period of incapacity does not last more than 3 consecutive calendar days."

  Defendants' assertion that Plaintiff didn't submit her medical certification *at all* prior on May 17, 2017 together with her OPM 71 form is **STRICKEN** because it is immaterial, see 5 CFR § 630.1208(a), "An agency **may** require that a request for leave under § 630.1203(a) (3) or (4) be supported by written medical certification issued by the health care provider of the employee or the health care provider of the spouse, son, daughter, or parent of the employee, as appropriate. An agency **may waive the requirement for an initial medical certificate** in a subsequent 12-month period if the leave under § 630.1203(a) (3) or (4) is for the same chronic or continuing condition."

  The Rehabilitation Act incorporates by reference many of the prohibitions on employment discrimination of Title I of the Americans with Disabilities Act ("ADA"), including [42 U.S.C.] § **12112(d)(4)(A)**'s **medical inquiry prohibition**. Section 12112(d)(4)(A) provides:

> A covered entity **shall not** require a medical examination and **shall not** make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

  *Taylor v. City of Shreveport*, 798 F.3d 276, 283 (5th Cir. 2015).

1   Defendants' assertion that Plaintiff didn't submit her medical certification on English language prior to her May 18, 2017 trip to Russia is **STRICKEN** because it is immaterial, see 5 CFR § 630.1208(d), "If the agency doubts the validity of the original certification provided under paragraph (a) of this section, the agency may require, at the agency's expense, that the employee obtain the opinion of a second health care provider designated or approved by the agency concerning the information certified under paragraph (b) of this section."

Defendants' assertion that on May 19, 2017 Dr. Prince disapproved Plaintiff's Request for a LWOP is **STRICKEN** because it is immaterial, see 5 CFR § 630.1208(g), "If the employee is unable to provide the requested medical certification before leave begins, or if the agency questions the validity of the original certification provided by the employee and the medical treatment requires the leave to begin, the agency **shall** grant **provisional leave pending final written medical certification**."

Additionally, Defendants' June 04, 2021 Answer is **STRICKEN** for the following reasons:

**IT IS SO ORDERED**.

Date:                            The Chief Magistrate Judge the Hon. Joseph C. Spero

Proposed Order; No. 3:18-cv-03748-JCS