1  STEPHANIE M. HINDS (CABN 152348)
   Acting United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  ADRIENNE ZACK (CABN 291629)
   Assistant United States Attorney
4
        450 Golden Gate Avenue, Box 36055
5       San Francisco, California 94102-3495
        Telephone: (415) 436-7031
6       Fax: (415) 436-6748
        adrienne.zack@usdoj.gov
7
   Attorneys for Defendants
8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN FRANCISCO DIVISION
11

12  TATYANA DREVALEVA,                  )  CASE NO. 3:18-CV-03748-JCS
                                        )
13          Plaintiff,                  )  **DEFENDANTS' OPPOSITION TO**
                                        )  **PLAINTIFF'S MOTIONS TO STRIKE**
14      v.                              )
                                        )  Date: July 30, 2021
15  U.S. DEPARTMENT OF VETERANS         )  Time: 9:30 a.m.
    AFFAIRS, et al.,                    )  Location: Zoom Webinar
16                                      )
            Defendants.                 )  Honorable Joseph C. Spero
17                                      )
                                        )
18  _____

19

20

21

22

23

24

25

26

27

28

## I.       INTRODUCTION

Plaintiff's motions to strike Defendants' answer in its entirety or various parts of the answer merely because Plaintiff disputes the contents are inappropriate under Federal Rule of Civil Procedure 12(f).  The Court should deny Plaintiff's motions.  The Court should also deny Plaintiff's request for judicial notice because the facts sought to be notice are not undisputed or, in some instances, are not adjudicative.

## II.      BACKGROUND

On November 20, 2020, the Ninth Circuit remanded Plaintiff's case to this Court for further consideration of her sex discrimination and failure to accommodate claims.  *See* ECF No. 291 at 5-6. On March 12, 2021, the Ninth Circuit's mandate issued.  *See* ECF No. 315.  On May 12, 2021, the Court ordered Defendants to file an answer in response to Plaintiff's complaint, ECF No. 1.  *See* ECF No. 386 at 1.  Defendants filed their answer on June 4, 2021.  *See* ECF No. 396.  Plaintiff now moves to strike. *See* ECF Nos. 411 & 412.

## III.     LEGAL STANDARDS

Federal Rule of Civil Procedure 12(f) allows for "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" to be stricken from a pleading.  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citation omitted). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Id.* (citation omitted).  "Motions to strike 'are generally disfavored because the motions may be used as delay[ ] tactics and because of the strong policy favoring resolution of the merits.'"  *Boayke-Yiadom v. Comm'r of Soc. Sec.*, No. 4:13-CV-3076 KAW, 2013 WL 6672422, at *2 (N.D. Cal. Dec. 18, 2013) (citation omitted).

IV.    **ARGUM ENT**

    **A.    Two Motions Are Improper.**

        As an initial matter, the Court should reject Plaintiff's attempts to avoid the page limitations of the local rules by filing serial motions to strike regarding the same answer.  Plaintiff's second motion to strike simply picks up where Plaintiff's first motion left off, starting with "Objection No. 16."  ECF No. 412 at 4.  Further, Plaintiff's serial motions are in violation of Federal Rule of Civil Procedure 12(g)(2): "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

    **B.    Defendants' Answer Is Proper Pursuant To Rules 8 And 12.**

        The Court should deny Plaintiff's motions because she has not properly alleged that any of Defendants' Answer contains an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, which would potentially be a ground upon which to strike.  *See generally* ECF Nos. 411, 412.

        First, Plaintiff alleges that the answer states that Plaintiff was not eligible for FMLA leave and that this is immaterial.  *See* ECF No. 412 at 27.  However, the statement in Defendants' answer only admits that Ms. Dunkelberger informed Plaintiff that she did not qualify for FMLA leave, which Plaintiff alleged Ms. Dunkelberger said in her complaint.  *Compare* ECF No. 2 at 4:21-5:2 with ECF No. 396 at 4:2-5. Defendants' answer makes no further averment beyond what Plaintiff herself alleged. If Defendants' answer regarding this issue is immaterial, then so too is Plaintiff's allegation.  Because Defendants were merely responding to Plaintiff's allegations, this portion of the answer need not be stricken.

        Second, Plaintiff alleges that her failure to submit medical certification with her request for leave without pay, her failure to provide a translated medical certification, and the disapproval of her request for leave without pay are immaterial.  *See* ECF No. 412 at 27.  However, Defendants' averment in this regard bears an important relationship to Defendants' defense, and thus is not immaterial.  Courts do not grant motions to strike "unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Ally Bank v. Castle*, No. 11-CV-896 YGR, 2013 WL

1   75776, at *2 (N.D. Cal. Jan. 4, 2013).  Because the importance of Defendants' averment is meaningfully

2   disputed at this point in the case, it should not be stricken.

3          Apart from these few instances over the course of both motions, Plaintiff has not otherwise

4   sought to strike a response or averment that "do[es] not pertain . . . to the issues in question." *Fantasy,*

5   *Inc,* 984 F.2d at 1527.  Nor are the other portions which Plaintiff seeks to strike of "no essential or

6   important relationship to the claim for relief." *Id.*  Rather, Plaintiff mostly disagrees with a number of

7   the facts as admitted or denied by Defendants.  Such disagreement is not grounds for a motion to strike.

8   *See Thompson v. APM Terminals Pac. Ltd.*, No. C 10-00677 JSW, 2010 WL 11614349, at *2 (N.D. Cal.

9   June 29, 2010) ("This position is the Defendant's right to assert and the motion to strike the assertion is

10  DENIED.").

11         To the extent Plaintiff moves to strike outside of the structure of Rule 12(f) regarding

12  Defendants' denials due to lack of sufficient knowledge, those contentions should also be rejected.  A

13  denial due to lack of sufficient knowledge or information is appropriate where, after reasonable

14  investigation, "the pleader lacks sufficient data to justify his interposing either an honest admission or a

15  denial of an opponent's averments." *Great W. Life Assur. Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D.

16  Pa. 1993) (citing 5 Wright & Miller, § 1263 at 393); *see also CornerStone Staffing Sols., Inc. v. James*,

17  No. C 12-01527 RS, 2013 WL 12373799, at *1-2 (N.D. Cal. Apr. 29, 2013) (setting out the standard for

18  evaluating challenges to denials under Rule 8).  Here, Defendants conducted a reasonable investigation

19  of Plaintiff's allegations, as is evident from the large portion of Plaintiff's complaint that Defendants

20  admitted.  The instances in which Plaintiff objects to Defendants' lack of information largely pertain to

21  whether Defendants were able to determine the exact scope and contents of conversations that occurred

22  four years ago.  *See, e.g.*, ECF No. 411 at 14 (objecting to Defendants' lack of information despite

23  Defendants largely admitting the details of conversations that occurred in April and May 2017), 19

24  (same), 20 (same), 21 (same).  In the few other objections raised by Plaintiff, the information which

25  Defendants lacked is held by another government agency (with respect to Plaintiff's immigration and

26  naturalization status), *id.* at 8, or would require significant investigation with third parties to verify (with

27  respect to the truthfulness of Plaintiff's allegations regarding her age and credentials and regarding her

28  allegations concerning her contact with her doctor in Russia), *id.* at 9-10, 26.  Such denials on the basis

1  of lack of sufficient knowledge are therefore made in good faith and are proper under the Rules.  *See*

2  *Genetic Techs. Ltd. v. Agilent Techs., Inc.*, No. CV 12-01616 RS, 2014 WL 3908192, at *1 (N.D. Cal.

3  Aug. 11, 2014) (denying a motion to strike where the defendant's "answer does not represent an effort to

4  avoid taking a position on the truth or falsity of any specific allegation of fact.").  To the contrary,

5  Defendants have complied with Federal Rule of Civil Procedure 8, submitting admissions or denials of

6  the factual allegations asserted against them and fairly responding to the substance of Plaintiff's

7  allegations when denying.  *See* Fed. R. Civ. P. 8(b)(1)(B) & (2).  The Court should deny Plaintiff's

8  motions to strike.

9         **C.    Plaintiff's Requests For Judicial Notice Should Be Denied**

10               Within Plaintiff's second motion to strike is a request for judicial notice.  *See* ECF No. 412 at 17-

11  26.  Plaintiff's request should be denied because the materials Plaintiff seeks to judicially notice are not

12  adjudicative facts not subject to reasonable dispute.  The facts sought to be noticed are part of those that

13  form the basis of the dispute between the parties and are therefore subject to reasonable dispute.

14  Therefore, they do not fall within Federal Rule of Evidence 201.  *See* Fed. R. Evid. 201 advisory

15  committee's note (1972) ("The rule proceeds upon the theory that these considerations call for

16  dispensing with traditional methods of proof *only in clear cases*." (emphasis added)); *Smith v. NetApp,*

17  *Inc.*, No. 19-CV-04801-JST, 2021 WL 1233354, at *3 (N.D. Cal. Feb. 1, 2021) ("[A] court

18  cannot . . . use the doctrine to resolve factual disputes.") (citation omitted).  Additionally, some of the

19  "facts" which Plaintiff seeks to notice are actually legal arguments.  *See* ECF No. 412 at 24-28.  "A

20  request for judicial notice is not a proper vehicle for legal argument."  *Blye v. California Supreme Ct.*,

21  No. CV 11-5046-DWM, 2014 WL 295022, at *1 (N.D. Cal. Jan. 21, 2014).  The Court should deny

22  Plaintiff's request for judicial notice.

23  **V.    CONCLUSION**

24               For the foregoing reasons, the Court should deny Plaintiff's motions to strike Defendants'

25  answer or portions thereof.

26  //

27  //

28  //

DATED: July 1, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

*/s/ Adrienne Zack*
ADRIENNE ZACK
Assistant United States Attorney

Attorneys for Defendants