1    Tatyana Evgenievna Drevaleva

2    3015 Clement St., Apt. 204,

3    San Francisco, CA, 94121

4    415-954-2116, tdrevaleva@gmail.com

5    Plaintiff in Pro Per

6

7                        THE UNITED STATES DISTRICT COURT

8                            FOR NORTHERN CALIFORNIA

9

10

11                                                 )    Case No. 3:18-cv-03748-JCS
                                                   )
12        Tatyana E. Drevaleva                      )
                                                   )
13                       *Plaintiff*,               )    Reply to Zack's Opposition to my First
                                                   )
14                       vs.                        )    and Second Motions to Strike Zack's
                                                   )
15    1)  The U.S. Department of Veterans           )    June 04, 2021 Answer to My Original
          Affairs                                  )
16                                                 )    June 25, 2018 Complaint
      2)  Mr. Denis Richard McDonough in his       )
17        capacity as a Secretary of the U.S.      )    in Its Entirety or Partially,
          Department of Veterans Affairs           )
18                                                 )    F.R.C.P. Rule 12(f.)
          810 Vermont Avenue, NW,                  )
19        Washington, D.C. 20420                   )
                                                   )
20                       *Defendant*                )    Date: July 30, 2021
                                                   )
21    Facility:                                     )    Time: 09:30 AM
                                                   )
22        New Mexico VA Healthcare System          )    Location: Courtroom F – 15th Floor
          1501 San Pedro Drive, S.E.               )
23        Albuquerque, NM, 87108                   )    450 Golden Gate Avenue,
                                                   )
24                                                 )    San Francisco, CA 94102
                                                   )
25                                                 )    Judge: The Hon. Chief Magistrate
                                                   )
26                                                 )            Judge Joseph C. Spero
                                                   )
27    _____)

28

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

# TABLE OF CONTENTS

I. Introduction………………………………………………………………………………..4

II. Statement of Facts………………………………………………………………………….4

III. Conclusion………………………………………………………………………….18

# TABLE OF AUTHORITIES

**Statutes.**

The Fifth Amendment of the United States Constitution………………………………………7

    The Procedural Due Process Clause…………………………………………………..4, 17

    The Substantive Due Process Clause………………………………………………….4, 17

The Family and Medical Leave Act (F.M.L.A.)……………………………………5, 11, 12, 13

The Federal Tort Claims Act (F.T.C.A.)……………………………………………………4, 5

The United States Code

    28 U.S.C. § 1746……………………………………………………………………..8, 12, 18

    28 U.S.C. § 530B…………………………………………………………………………...10

    28 U.S. Code CHAPTER 40— INDEPENDENT COUNSEL………………………………..11

The U.S. Code of Federal Regulations

    5 CFR § 630.1208(a)………………………………………………………………………..17

    5 CFR § 630.1208(d)………………………………………………………………………..17

    5 CFR § 630.1208(g)………………………………………………………………………..17

    5 CFR § 630.1208(i)………………………………………………………………………..17

    28 CFR Part 77 - ETHICAL STANDARDS FOR ATTORNEYS

        FOR THE GOVERNMENT…………………………………………………………..10

        28 CFR § 77.1……………………………………………………………………………10

        28 CFR § 77.2(a)…………………………………………………………………………11

    38 CFR § 14.514……………………………………………………………………………..5

    38 CFR § 14.514(a)……………………………………………………………………5, 7, 18

    38 CFR §§ 14.600 through 14.617………………………………………………………..5

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

| | |
|---|---|
| Federal Tort Claims (38 CFR §§ 14.600 - 14.605)…………………………………………..5 | |
| Administrative Settlement of Tort Claims Arising in | |
| Foreign Countries (38 CFR §§ 14.615 - 14.617)……………………………………..5 | |

The Federal Rules of Evidence

F.R.E. Rule 201……………………………………………………………………16, 17

F.R.E. Rule 201(b)………………………………………………………………….17

Fed. R. Evid. 201 advisory committee's note (1972)………………………………16

The Federal Rules of Civil Procedure

F.R.C.P. Rule 8…………………………………………………………………..16

F.R.C.P. Rule 8(b)(1)(B)…………………………………………………………16

F.R.C.P. Rule 8(2)…………………………………………………………………16

F.R.C.P. Rule 11(b)……………………………………………………………...8, 18

F.R.C.P. Rule 12(f)…………………………………………………………………15

F.R.C.P. Rule 12(g)(1)…………………………………………………………...11

F.R.C.P. Rule 12(g)(2)…………………………………………………………...11

**Case Law**

*Ally Bank v. Castle*, No. 11-CV-896 YGR, 2013 WL 75776,

at \*2 (N.D. Cal. Jan. 4, 2013)……………………………………………………13

*Blye v. California Supreme Ct.*, No. CV 11-5046-DWM, 2014 WL 295022,

at \*1 (N.D. Cal. Jan. 21, 2014)…………………………………………………..17

*Genetic Techs. Ltd. v. Agilent Techs., Inc.*, No. CV 12-01616 RS, 2014

WL 3908192, at \*1 (N.D. Cal. Aug. 11, 2014)………………………………………..16

*Lee v. City of Los Angeles*, 250 F. 3d 668, 689 (9th Cir. 2001)………………………….17

*Smith v. NetApp, Inc.*, No. 19-CV-04801-JST,

2021 WL 1233354, at \*3 (N.D. Cal. Feb. 1, 2021)………………………………...16

*Thompson v. APM Terminals Pac. Ltd.*, No. C 10-00677 JSW,

2010 WL 11614349, at \*2 (N.D. Cal. June 29, 2010)…………………………...14

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Introduction.**

Plaintiff Tatyana Drevaleva is replying to AUSA Zack's frivolous and unauthorized July 01, 2021 filing named "DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS TO STRIKE."

**Statement of Facts.**

The facts of this case are undisputed. On June 25, 2018, I filed a Complaint No. 3:18-cv-03748-JCS against the following Defendants: 1) The U.S. Department of Veterans Affairs, 2) Mr. Peter O'Rourke, Acting United States Secretary of Veterans Affairs (**ER 03748 Vol. 1, page 2**.)

On August 08, 2018, the United States Attorney Mr. Alex Tse was served with a Summons and a Complaint No. 3:18-cv-03748-JCS (Doc. No. 22.)

On August 24, 2018, Attorney General Mr. Jeff Sessions was served with a Summons and a Complaint No. 3:18-cv-03748-JCS (Doc. No. 25.)

On August 20, 2018, Secretary of the U.S. Department of Veterans Affairs Mr. Peter O'Rourke was served with a Summons and a Complaint No. 3:18-cv-03748-JCS (Doc. No. 26.)

On August 20, 2018, the U.S. Department of Veterans Affairs was served with a Summons and a Complaint No. 3:18-cv-03748-JCS (Doc. No. 27.)

In my Original June 25, 2018 Complaint No. 3:18-cv-03748-JCS, I named the following causes of action:

1) Discrimination cases of action

2) Libel and the Intentional Infliction of Emotional Distress. Please, notice that I didn't label these causes of action as the F.T.C.A. causes of action.

3) The violations of the Substantive Due Process Clause and the Procedural Due Process Clause of the Fifth Amendment to the U.S. Constitution.

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

1    Therefore, because my Original June 25, 2018 Complaint No. 3:18-cv-03748-JCS was

2  **not** an F.T.C.A. lawsuit, and because **Secretary** O'Rourke was named a Defendant and was

3  served with a Summons and a Complaint, the proper procedure was described at 38 CFR §

4  14.514 - Suits by or against United States or Department of Veterans Affairs officials;

5  indemnification of Department of Veterans Affairs employees,

6    **"(a)** *Suits against United States or Department of Veterans Affairs officials*. When a

7  suit **involving any activities of the Department of Veterans Affairs** is filed against the United

8  States **or the Secretary** or a suit is filed against any employee of the Department of Veterans

9  Affairs in which is involved any official action of the employee, **not covered by the provisions**

10 **of §§ 14.600 through 14.617**[1], a copy of the petition will be forwarded to the General Counsel

11 who will take necessary action to obtain the pertinent facts, cooperate with or receive the

12 cooperation of the Department of Justice and, where indicated, advise the Regional Counsel of

13 any further action required."

14

15    Therefore, the plain language of 38 CFR § 14.514(a) clearly and undoubtedly informs

16 that when a lawsuit concerning any activity of the U.S. Department of Veterans Affairs is filed

17 against the Secretary, the proper procedure is as follows:

18    1)  A copy of my Complaint will be forwarded to the General Counsel

19    2)  The General Counsel will take necessary action to obtain **the pertinent facts**

20    3)  **After obtaining the pertinent facts**, the General Counsel will cooperate with the

21       U.S. Department of Justice

22    4)  The General Counsel will advise the Regional Counsel about whether or not any

23       further action is required.

24

25

26 _____

27 [1] Federal Tort Claims (38 CFR §§ 14.600 - 14.605) and Administrative Settlement of Tort

28 Claims Arising in Foreign Countries (38 CFR §§ 14.615 - 14.617.)

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

1    However, please, notice that on October 09, 2018 Assistant U.S. Attorney Ms. Clair

2  Cormier filed a Motion to Dismiss my Original Complaint No. 3:18-cv-03748-JCS (Doc. No. 34)

3  (**ER 03748 Vol. 2, pages 342-352**.)

4    Please, read the plain language of the Motion to Dismiss (**ER 03748 Vol. 2, from page**

5  **344, line 16 to page 345, line 27**),

6    "**I. FACTS**[2]

7    Plaintiff, Tatyana E. Drevaleva, was employed as a medical instrument technician at the

8  Raymond G. Murphy Veterans Affairs Medical Center ("VAMC") in Albuquerque, New

9  Mexico. Complaint at p. 2. After working at the VAMC for about a month and a half, Plaintiff

10  requested leave without pay ("LWOP") and travelled to Russia. **Complaint at p. 3, 6.** Plaintiff

11  planned to undergo an In-Vitro Fertilization ("IVF") procedure and search for a surrogate mother

12  in Russia since she cannot carry the pregnancy herself. **Complaint at p. 4**.

13    While in Russia, Plaintiff emailed a translated document from her Russian OB/GYN

14  explaining that she was in the Russian registry to receive an IVF procedure. **Complaint**

15  **attachment 2.** Plaintiff updated her supervisors on her IVF procedure by email and informed

16  them that she was staying in Russia a month longer than originally predicted. **Complaint at p. 6,**

17  **7**. Plaintiff requested additional time off, and her supervisor replied stating that Plaintiff had been

18  let go. **Complaint at p. 7**. Plaintiff returned to the United States after remaining in Russia for

19  another month. **Complaint at p. 7, 8**.

20    In a mediation proceeding, Plaintiff learned that her supervisor submitted her LWOP

21  request to the Director of Nursing Services, who denied her request under the Family Medical

22  Leave Act ("FMLA") because she did not qualify for leave under the FMLA, which requires the

23  employee to have worked for the employer for at least one year. **Complaint at p. 8**. The

24  supervisor explained that a letter stating Plaintiff's leave was denied was mailed to her home and

25  could not be emailed to Plaintiff in Russia because it was against VAMC policy. **Complaint at**

26  **p. 8, 9**. After the VAMC refused to reinstate her, Plaintiff learned that the VAMC hired two

27  younger male monitor technicians. **Complaint at p. 9**. This led Plaintiff to file claims for

28

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

1  pregnancy discrimination, sex discrimination, age discrimination, and disability discrimination

2  against the VAMC. **Complaint at p. 10-21** (Causes of Action 1 through 4).

3       Plaintiff moved from New Mexico to California, where she applied for Unemployment

4  Insurance benefits. **Complaint at p. 8**. She did not receive the benefits because the Employment

5  Development Department ("EDD") learned that Plaintiff was let go for cause. **Complaint at p.**

6  **9**. Plaintiff alleges the VAMC committed libel when her supervisor told the EDD that she was

7  discharged for cause because she traveled to Russia without approved leave. **Complaint at p. 21**

8  (Fifth Cause of Action).

9       Plaintiff alleges the VAMC intentionally caused her emotional distress ("IIED") by

10  relieving her of her position at the VAMC and depriving her of the opportunity to have children.

11  **Complaint at p.21-22** (Sixth Cause of Action).

12       Finally, Plaintiff alleges the VAMC deprived her of liberty or property in violation of the

13  Fifth Amendment of the United States Constitution. **Complaint at p. 22-23** (Seventh Cause of

14  Action). She claims the VAMC deprived her of the liberty to work and of any property she

15  would have purchased if she was still employed at the VAMC. **Complaint at p.23**.

16       All of Plaintiff's seven claims arise from her employment at the VAMC. Her prayer for

17  relief requests reinstatement, back pay, compensatory damages of five million dollars, attorney's

18  fees, and punitive damages for libel in the amount of two million dollars. **Complaint at p. 24-25**.

19

20  [2] Many of the "facts" presented in this motion are **based on Plaintiff's allegations**.

21  Defendant presents these facts for purposes of this motion only. Should this case proceed beyond

22  this motion, Defendant may present evidence disputing certain allegations."

23       My objections. The plain language of Ms. Cormier's October 09, 2018 Motion to Dismiss

24  my Original June 25, 2018 Complaint clearly stated that Ms. Cormier wrote her Motion to

25  Dismiss **based on the allegations of my Complaint** and **without** following the requirements of

26  38 CFR § 14.514(a) as follows:

27       5)  A copy of my Complaint was never forwarded to the General Counsel

28       6)  The General Counsel never took any necessary action to obtain **the pertinent facts**

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

7) The General Counsel never obtained the pertinent facts, and the General Counsel never cooperated with the U.S. Department of Justice

8) The General Counsel never advised the Regional Counsel about whether or not any further action is required.

Please, notice that Ms. Cormier **didn't** attach a Declaration that was signed a Regional Counsel or a General Counsel who would declare under the penalty of perjury and under the Federal laws that:

1) The Regional Counsel and/or the General Counsel obtained the material facts of my lawsuit No. 3:18-cv-03748-JCS

2) The General Counsel authorized the U.S. Department of Justice to act on behalf of both the U.S. Department of Veterans Affairs and Secretary Wilkie in the lawsuit No. 3:18-cv-03748-JCS

3) The General Counsel transferred the pertinent facts of the case to the U.S. Department of Justice

4) Everything Ms. Cormier wrote in her October 09, 2018 Motion to Dismiss my Original June 25, 2018 Complaint No. 3:18-cv-03748-JCS was a true and genuine point of view of the U.S. Department of Veterans Affairs and Secretary Wilkie

5) Everything Ms. Cormier wrote in her October 09, 2018 Motion to Dismiss my Original June 25, 2018 Complaint No. 3:18-cv-03748-JCS was true and correct.

Therefore, being not compliant with both 28 U.S.C. § 1746 and the F.R.C.P. Rule 11(b), Ms. Cormier's October 09, 2018 Motion to Dismiss was hearsay that was not supposed to be reviewed. Regardless, on December 03, 2018 Alsup granted this Motion to Dismiss in full, dismissed my entire Complaint, denied my Motion for Preliminary Injunction, denied my request to appoint a Counsel, and cruelly tortured and humiliated me.

On June 04, 2021, AUSA Zack filed a frivolous, unsworn, and unauthorized Answer to my Original June 25, 2018 Complaint. There was no indication that:

1) The Regional Counsel and/or the General Counsel obtained the material facts of my lawsuit No. 3:18-cv-03748-JCS

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

2) The General Counsel authorized the U.S. Department of Justice to act on behalf of both the U.S. Department of Veterans Affairs and Secretary McDonough in the lawsuit No. 3:18-cv-03748-JCS

3) The General Counsel transferred the pertinent facts of the case to the U.S. Department of Justice

4) Everything Zack wrote in her June 04, 2021 Answer to my Original June 25, 2018 Complaint No. 3:18-cv-03748-JCS was a true and genuine point of view of the U.S. Department of Veterans Affairs

5) Everything Zack wrote in her June 04, 2021 Answer to my Original June 25, 2018 Complaint No. 3:18-cv-03748-JCS was true and correct.

The June 04, 2021 Zack's Answer is frivolous and harassing because it contradicts the November 18, 2021 Memorandum in Appeal No, 19-16395 **that Robinson didn't challenge**. Specifically, the 9th Circuit ruled that, page 3, "Drevaleva alleged that her supervisors fraudulently concealed available leave options when she requested time off to travel to Russia to continue her in vitro fertilization procedures in Russia, imposed additional requirements on her application for leave without pay that were inconsistent with the agency's policies, and failed to provide a full explanation of the reason for her leave to the medical staff responsible for approving the leave request. At this early stage in the proceedings, these allegations are sufficient to warrant proceeding to summary judgment."

Page 4, "Drevaleva alleged that she was denied leave for her alleged disability and terminated even though she made a proper request that was approved by her supervisor. Liberally construed, these allegations, in conjunction with those discussed above with respect to Drevaleva's Title VII claim, are sufficient to warrant proceeding to summary judgment."

Please, notice that the 9th Circuit ruled that I had left my job at the Raymond G. Murphy VAMC with permission of my Supervisor. Please, notice that AUSA Robinson **didn't** file any Petition for Rehearing, and she **didn't** attempt to challenge the ruling of the 9th Circuit that I had left my job with a permission of my Supervisor. Please, notice that in her frivolous June 04, 2021

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

1   Answer, AUSA Zack reiterated a Libel that I had been properly fired from my job at the New

2   Mexico VA Health care System for failure to follow the proper steps to obtain a LWOP. Because

3   Zack's assertions contradict the November 18, 2020 Memorandum Appeal No, 19-16395, Zack's

4   June 04, 2021 Answer shall be stricken in its entirety.

5       Please, notice that in her Opposition to my First and Second Motions to Strike Zack

6   failed to describe every **fact** of the case and failed to explain **why** every particular sentence in

7   her June 04, 2021 Answer should not be stricken.

8       In her June 04, 2021 Answer, Zack's violated 28 CFR Part 77 - ETHICAL

9   STANDARDS FOR ATTORNEYS FOR THE GOVERNMENT

10       Read 28 CFR § 77.1 - Purpose and authority,

11       "(a) The Department of Justice is committed to ensuring that its attorneys perform their

12   duties in accordance with the highest ethical standards. The purpose of this part is to implement

13   28 U.S.C. 530B and to provide guidance to attorneys concerning the requirements imposed on

14   Department attorneys by 28 U.S.C. 530B.

15       (b) Section 530B requires Department attorneys to comply with state and local federal

16   court rules of professional responsibility, but should not be construed in any way to alter federal

17   substantive, procedural, or evidentiary law or to interfere with the Attorney General's authority to

18   send Department attorneys into any court in the United States.

19       (c) Section 530B imposes on Department attorneys the same rules of professional

20   responsibility that apply to non-Department attorneys, but should not be construed to impose

21   greater burdens on Department attorneys than those on non-Department attorneys or to alter rules

22   of professional responsibility that expressly exempt government attorneys from their application.

23       (d) The regulations set forth in this part seek to provide guidance to Department attorneys

24   in determining the rules with which such attorneys should comply."

25

26       Read 28 U.S. Code § 530B - Ethical standards for attorneys for the Government,

27

28

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

1    "(a) An attorney for the Government **shall** be subject to State laws and rules, and local

2    Federal court rules, governing attorneys in each State where such attorney engages in that

3    attorney's duties, to the same extent and in the same manner as other attorneys in that State.

4        (b) The Attorney General shall make and amend rules of the Department of Justice to

5    assure compliance with this section.

6        (c) As used in this section, the term "attorney for the Government" includes any attorney

7    described in section 77.2(a) of part 77 of title 28 of the Code of Federal Regulations and also

8    includes any independent counsel, or employee of such a counsel, appointed under chapter 40.

9        (Added Pub. L. 105–277, div. A, § 101(b) [title VIII, § 801(a)], Oct. 21, 1998, 112 Stat.

10    2681–50, 2681–118.)"

11

12        Zack's reliance on the F.R.C.P. Rule 12(g)(2) is improper because I followed Rule

13    12(g)(1),

14        "(1) *Right to Join.* A motion under this rule **may be joined with any other motion**

15    **allowed by this rule**."

16

17        Now, I am responding to Zack's particular statements in her Opposition to my First and

18    Second Motions to Strike.

19        Read the Opposition, page 2, lines 15-22, "First, Plaintiff alleges that the answer states

20    that Plaintiff was not eligible for FMLA leave and that this is immaterial. See ECF No. 412 at

21    27. However, the statement in **Defendants**' answer only admits that Ms. Dunkelberger informed

22    Plaintiff that she did not qualify for FMLA leave, which Plaintiff alleged Ms. Dunkelberger said

23    in her complaint. Compare ECF No. 2 at 4:21-5:2 with ECF No. 396 at 4:2-5. Defendants'

24    answer makes no further averment beyond what Plaintiff herself alleged. If **Defendants**' answer

25    regarding this issue is immaterial, then so too is Plaintiff's allegation. Because **Defendants** were

26    merely responding to Plaintiff's allegations, this portion of the answer need not be stricken."

27        <u>My objection</u>. The initial *first* matter is that Zack doesn't have a right to use the word

28    "Defendants" because, absent a Declaration under the penalty of perjury and under the Federal

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

laws pursuant to 28 U.S.C. § 1746 that is signed by <u>real Defendants</u> (1) **the U.S. Department of Veterans Affairs** and (2) **Secretary McDonough**, Zack's June 04, 2021 Answer is hearsay because it doesn't represent any Defendants. The June 04, 2021 Answer represents only the personal interests of Manager Ms. Carla Dunkelberger who is **not** named a Defendant in the lawsuit No. 3:18-cv-03748-JCS. I believe that Robinson, Winslow, and Zack could have possibly conspired with Dunkelberger, possibly for a bribe, with a criminal goal to prevent me from obtaining relief. I am emphasizing that the allegations of a conspiracy and a bribe are only my allegations that are not supported by any piece of evidence.

*Second*, because Robinson didn't file any Petition for Rehearing of the November 18, 2020 Memorandum in Appeal No, 19-16395, and because Robinson didn't attempt to challenge the ruling of the 9th Circuit that I had left my job at the New Mexico VA Health Care System **with a permission** of my Supervisor, Zack doesn't have a right to harass me by reinstating a Libel that I was fired because I hadn't qualified for the Leave Without Pay pursuant to the Family and Medical Leave Act.

*Third*, please, read again Zack's June 04, 2021 Answer, page 4, lines 2-5, "4:21-5:2: Defendants admit that on April 18, 2017, Ms. Dunkelberger informed Plaintiff that she did not qualify for Family Medical Leave Act ("FMLA") leave because Plaintiff had less than one year of service with the VA. Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations."

Please, read my First Motion to Strike, from page 23, line 22 to page 24, line 13, "It is undisputed that Ms. Dunkelberger and Mr. Johnson didn't inform me about a wide variety of available paid leave options for pregnancy and childbirth. Please, see **the Handbook** on Leave and Workplace Flexibilities for Childbirth, Adoption, and Foster Care (Docket 251.)

It is undisputed that both Ms. Dunkelberger and Mr. Johnson informed me only about a Leave Without Pay (a LWOP.) I requested a Leafe Without Pay because **I didn't know** that paid leave options were available and **not** because I didn't need money when I was in Russia.

I declare under the penalty of perjury and under the Federal laws that I told Ms. Dunkelberger that I had waited for 9 months for my opportunity to perform another free of

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

1  charge IVF procedure in Russia and that I couldn't afford to pay 15 thousand U.S. dollars for an

2  IVF attempt in the United States. Also, I declare under the penalty of perjury and under the

3  Federal laws that I said to Ms. Dunkelberger that I didn't have an opportunity to wait for one

4  year to perform n IVF procedure until I am eligible for an FMLA leave because I had only a few

5  hormonal pills left, and these pills were not available in the United States, and I needed to go to

6  Russia to perform an IVF attempt because I waited for this opportunity for 9 months, that I was

7  50yo, and that my chances to have a child were very small.

8      I am respectfully asking the Court to strike Defendants' phrase, page 4, lines 4-5,

9  "Defendants are without sufficient knowledge to admit or deny the remaining factual allegations

10 in this paragraph and, on that basis, deny those allegations" because I declare under the penalty

11 of perjury and under the Federal laws that my statement is true."

12     Please, notice that I **didn't** ask the Court to strike the phrase "Defendants admit that on

13 April 18, 2017, Ms. Dunkelberger informed Plaintiff that she did not qualify for Family Medical

14 Leave Act ("FMLA") leave because Plaintiff had less than one year of service with the VA."

15     I **asked** the Court to strike the phrase "Defendants are without sufficient knowledge to

16 admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those

17 allegations" for the reasons stated above.

18

19     Read Zack's Opposition to my Motions to Strike, from page 2, line 23 to page 3, line 2,

20 "Second, Plaintiff alleges that her failure to submit medical certification with her request for

21 leave without pay, her failure to provide a translated medical certification, and the disapproval of

22 her request for leave without pay are immaterial. See ECF No. 412 at 27. However, Defendants'

23 averment in this regard bears an important relationship to Defendants' defense, and thus is not

24 immaterial. Courts do not grant motions to strike "unless it is clear that the matter sought to be

25 stricken could have no possible bearing on the subject matter of the litigation." *Ally Bank v.*

26 *Castle*, No. 11-CV-896 YGR, 2013 WL 75776, at *2 (N.D. Cal. Jan. 4, 2013). Because the

27 importance of Defendants' averment is meaningfully disputed at this point in the case, it should

28 not be stricken."

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

1    My objection. Again, the *first* matter is that **real** Defendants in the lawsuit No. 3:17-cv-

2    03748-JCS (1) the U.S. Department of Veterans Affairs and (2) Secretary McDonough **didn't**

3    respond to my June 25, 2018 Complaint. On June 04, 2021, AUSA Zack who represented the

4    personal (not official) interests of Ms. Dunkelberger responded to my June 25, 2018 Complaint.

5    Please, notice that Ms. Carla Dunkelberger is **not** a Defendant in the lawsuit No. 3:18-cv-03748-

6    JCS.

7    *Second*, Zack's assertions that "Defendants' averment in this regard bears an important

8    relationship to Defendants' defense, and thus is not immaterial" is irrelevant because it

9    contradicts the November 18, 2020 Memorandum of the 9th Circuit in Appeal No. 19-16395,

10   page 3, "Drevaleva alleged that her supervisors fraudulently concealed available leave options

11   when she requested time off to travel to Russia to continue her in vitro fertilization procedures in

12   Russia, imposed additional requirements on her application for leave without pay that were

13   inconsistent with the agency's policies, and failed to provide a full explanation of the reason for

14   her leave to the medical staff responsible for approving the leave request. At this early stage in

15   the proceedings, these allegations are sufficient to warrant proceeding to summary judgment."

16   Please, notice that Robinson **didn't** file any Petition for Rehearing. Therefore, Zack is

17   ineligible to reiterate the previous "important defense" (1) that I was fired because I hadn't

18   presented my medical documentation prior to my leave, (2) that I didn't translate my medical

19   document into English language prior to my leave, and (3) that my request for a LWOP was

20   disapproved. This "important defense" doesn't exist anymore, and any attempt to re-assert this

21   "defense" shall be stricken.

22

23   Read Zack's Opposition, page 3, lines 3-10, "Apart from these few instances over the

24   course of both motions, Plaintiff has not otherwise sought to strike a response or averment that

25   "do[es] not pertain . . . to the issues in question." .... Nor are the other portions which Plaintiff

26   seeks to strike of "no essential or important relationship to the claim for relief." .... Rather,

27   Plaintiff mostly disagrees with a number of the facts as admitted or denied by Defendants. Such

28   disagreement is not grounds for a motion to strike. See *Thompson v. APM Terminals Pac. Ltd.*,

Reply to Zack's Oppos.to my 1ˢᵗ and 2ⁿᵈ Motions to Strike; No. 3:18-cv-03748-JCS

1  No. C 10-00677 JSW, 2010 WL 11614349, at \*2 (N.D. Cal. June 29, 2010) ("This position is the

2  Defendant's right to assert and the motion to strike the assertion is DENIED.")."

3        <u>My objection</u>, I am repeating my argument that in her June 04, 2021 Answer AUSA Zack

4  **<u>didn't</u>** represent the interests of Defendants the U.S. Department of VA and Secretary

5  McDonough. Under no circumstances Zack had any right to represent the interests of Ms. Carla

6  Dunkelberger who is **<u>not</u>** a Defendant in the lawsuit No. 3:18-cv-03748-JCS. In my two Motions

7  to Strike, I demonstrated by the preponderance of the evidence that Zack fraudulently concealed

8  the essential material facts of the case. It was done if furtherance of "defending" Ms. Carla

9  Dunkelberger who is **<u>not</u>** a Defendant in the lawsuit No. 3:18-cv-03748-JCS. However, <u>real</u>

10  <u>Defendants the U.S. Department of VA and Secretary McDonough</u> **have** the essential facts of the

11  case such as: my date of birth, my qualifications (a certificate of an EKG Technician and my

12  Resume), my place of birth, my citizenship, etc.

13        Any Zack's assertion that "Defendants" don't know my age and don't know my place of

14  birth etc. shall be stricken because **<u>real</u>** Defendants the U.S. Department of VA and Secretary

15  McDonough indisputably have this information.

16

17        Read Zack's Opposition, from page 3, line 11 to page 4, line 8, "To the extent Plaintiff

18  moves to strike outside of the structure of Rule 12(f) regarding Defendants' denials due to lack

19  of sufficient knowledge, those contentions should also be rejected. A denial due to lack of

20  sufficient knowledge or information is appropriate where, after reasonable investigation, "the

21  pleader lacks sufficient data to justify his interposing either an honest admission or a denial of an

22  opponent's averments." ... Here, Defendants conducted a reasonable investigation of Plaintiff's

23  allegations, as is evident from the large portion of Plaintiff's complaint that Defendants admitted.

24  The instances in which Plaintiff objects to Defendants' lack of information largely pertain to

25  whether Defendants were able to determine the exact scope and contents of conversations that

26  occurred four years ago. See, e.g., ECF No. 411 at 14 (objecting to Defendants' lack of

27  information despite Defendants largely admitting the details of conversations that occurred in

28  April and May 2017), 19 (same), 20 (same), 21 (same). In the few other objections raised by

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

1   Plaintiff, the information which Defendants lacked is held by another government agency (with

2   respect to Plaintiff's immigration and naturalization status), id. at 8, or would require significant

3   investigation with third parties to verify (with respect to the truthfulness of Plaintiff's allegations

4   regarding her age and credentials and regarding her allegations concerning her contact with her

5   doctor in Russia), id. at 9-10, 26. Such denials on the basis of lack of sufficient knowledge are

6   therefore made in good faith and are proper under the Rules. See *Genetic Techs. Ltd. v. Agilent*

7   *Techs., Inc.*, No. CV 12-01616 RS, 2014 WL 3908192, at *1 (N.D. Cal. Aug. 11, 2014) (denying

8   a motion to strike where the defendant's "answer does not represent an effort to avoid taking a

9   position on the truth or falsity of any specific allegation of fact."). To the contrary, Defendants

10  have complied with Federal Rule of Civil Procedure 8, submitting admissions or denials of the

11  factual allegations asserted against them and fairly responding to the substance of Plaintiff's

12  allegations when denying. See Fed. R. Civ. P. 8(b)(1)(B) & (2). The Court should deny

13  Plaintiff's motions to strike."

14        My objection. Real Defendants the U.S. Department of VA and Secretary McDonough

15  **have and know** all information about me. Any Zack's assertion that "Defendant" Ms. Carla

16  Dunkelberger doesn't know my age, my place of birth, my immigration status, etc. shall be

17  stricken because Ms. Dunkelberger is **not** a Defendant in the lawsuit No. 3:18-cv-03748-JCS.

18

19        Read Zack's Opposition, page 4, lines 9-22,

20        "**C. Plaintiff's Requests For Judicial Notice Should Be Denied**

21        Within Plaintiff's second motion to strike is a request for judicial notice. See ECF No.

22  412 at 17-26. Plaintiff's request should be denied because the materials Plaintiff seeks to

23  judicially notice are not adjudicative facts not subject to reasonable dispute. The facts sought to

24  be noticed are part of those that form the basis of the dispute between the parties and are

25  therefore subject to reasonable dispute. Therefore, they do not fall within Federal Rule of

26  Evidence 201. See Fed. R. Evid. 201 advisory committee's note (1972) ("The rule proceeds upon

27  the theory that these considerations call for dispensing with traditional methods of proof only in

28  clear cases." (emphasis added)); *Smith v. NetApp, Inc.*, No. 19-CV-04801-JST, 2021 WL

Reply to Zack's Oppos.to my 1ˢᵗ and 2ⁿᵈ Motions to Strike; No. 3:18-cv-03748-JCS

1   1233354, at *3 (N.D. Cal. Feb. 1, 2021) ("[A] court cannot . . . use the doctrine to resolve factual

2   disputes.") (citation omitted). Additionally, some of the "facts" which Plaintiff seeks to notice

3   are actually legal arguments. See ECF No. 412 at 24-28. "A request for judicial notice is not a

4   proper vehicle for legal argument." *Blye v. California Supreme Ct.*, No. CV 11-5046-DWM,

5   2014 WL 295022, at *1 (N.D. Cal. Jan. 21, 2014). The Court should deny Plaintiff's request for

6   judicial notice."

7          My objection.

8          Read the F.R.E. Rule 201,

9          "**(a) Scope.** This rule governs judicial notice of **an adjudicative fact** only, not a

10  legislative fact.

11         **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice **a**

12  **fact** that is not subject to reasonable dispute because it:

13                **(1)** is generally known within the trial court's territorial jurisdiction; or

14                **(2)** can be accurately and readily determined from sources whose accuracy cannot

15                reasonably be questioned."

16         "Undisputed matters of public record may be noticed under Federal Rules of Evidence

17  201(b)." *Lee v. City of Los Angeles*, 250 F. 3d 668, 689 (9th Cir. 2001).

18         The **adjudicative facts** and **undisputed matters of public record** are:

19  1) That Ms. Dunkelberger accused me in (1) failing to provide my medical

20         documentation (2) on English language (3) prior to my leave. It is **immaterial**, see 5

21         CFR § 630.1208(a), (d), and (g)

22  2) That Ms. Dunkelberger placed me on the AWOL starting May 21, 2017 in violation

23         of 5 CFR § 630.1208(i)

24  3) That Ms. Dukelberger fired me without giving me a Notice and an opportunity to be

25         heard in violation of both the Substantive and the Procedural Due Process Clauses of

26         the Fifth Amendment to the U.S. Constitution.

27

28

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS

**Conclusion.**

For the reasons stated above, I am respectfully asking the District Court to strike Zack's June 04, 2021 Answer **in its entirety** because:

1) It **didn't** represent the true and genuine interests of true Defendants (1) the U.S. Department of Veterans Affairs and (2) Secretary McDonough who, indisputably, have all factual and documentary information about me including my date of birth, my place of birth, my immigration status, my certification as an EKG Technician, etc.

2) It represented the personal interests of Ms. Carla Dunkelberger who is **not** a Defendant in the lawsuit No. 3:18-cv-03748-JCS

3) It was filed in violation of 38 CFR § 14.514(a) without any evidence that:

   a) The General Counsel obtained the material facts of the case

   b) The General Counsel coordinated with the U.S. Department of Justice regarding my lawsuit No. 3:18-cv-03748-JCS

   c) The General Counsel instructed the Regional Counsel about whether or not any further action in my lawsuit No. 3:18-cv-03748-JCS is required

4) It was unsworn in violation of 28 U.S.C. § 1746

5) It was filed in violation of the F.R.C.P. Rule 11(b.)


I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on July 04, 2021.


Respectfully submitted,

s/ Tatyana Drevaleva


Plaintiff Pro Se


July 04, 2021.

Reply to Zack's Oppos.to my 1st and 2nd Motions to Strike; No. 3:18-cv-03748-JCS