1    Tatyana Evgenievna Drevaleva

2    3015 Clement St., Apt. 204,

3    San Francisco, CA, 94121

4    415-954-2116, tdrevaleva@gmail.com

5    Plaintiff in Pro Per

6

7            THE UNITED STATES DISTRICT COURT

8            FOR NORTHERN CALIFORNIA

9

10

| | |
|---|---|
| | Case No. 3:18-cv-03748-JCS |
| Tatyana E. Drevaleva | |
| *Plaintiff,* | Notice of Motion; Third Motion to |
| vs. | Strike Defendants' June 04, 2021 Answer |
| 1) The U.S. Department of Veterans Affairs | to My Original June 25, 2018 Complaint |
| | in Its Entirety or Partially, |
| 2) Mr. Denis Richard McDonough in his capacity as a Secretary of the U.S. Department of Veterans Affairs | F.R.C.P. Rule 12(f); |
| | Memorandum of Points and Authorities; |
| 810 Vermont Avenue, NW, Washington, D.C. 20420 | Declaration; Proposed Order. |
| *Defendant* | |
| Facility: | Date: August 13, 2021 |
| New Mexico VA Healthcare System 1501 San Pedro Drive, S.E. Albuquerque, NM, 87108 | Time: 09:30 AM |
| | Location: Courtroom F – 15th Floor |
| | 450 Golden Gate Avenue, |
| | San Francisco, CA 94102 |
| | Judge: The Hon. Chief Magistrate |
| | Judge Joseph C. Spero |

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL ON RECORD.

NOTICE IS HEREBY GIVEN that on 08/13/2021 at 09:30 AM or as soon thereafter as the matter may be heard in Courtroom F at the 15th Floor of the District Court for Northern California located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Pro Se Tatyana Drevaleva will move the Court the third time for an Order that strikes Defendants' June 04, 2021 Answer to my Original June 25, 2018 Complaint.in its entirety. I am making this Motion pursuant to the F.R.C.P, Rule 12(f.)

As an alternative, I am asking the District Court to strike parts of Defendants' June 04, 2021 Answer pursuant to the F.R.C.P, Rule 12(f.)

Said the Third Motion to Strike shall be based on this Notice, the attached Third Motion to Strike Defendants' June 04, 2021 Answer to my Original June 25, 2018 Complaint in its entirety pursuant to the F.R.C.P, Rule 12(f), or, as an alternative, to strike parts of Defendants' June 04, 2021 Answer, the attached Memorandum of Points and Authorities, the attached Declaration, the pleadings and papers on file, and on such additional maters as may be presented to the Court prior to or at the hearing.

Dated: July 04, 2021          Signed: Tatyana Drevaleva

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

# TABLE OF CONTENTS

**Objection No. 18**. 6:11-13……………………………………………………….4

**Objection No. 19**. 6:14-18……………………………………………………….5

**Objection No. 20**. 6:19-21……………………………………………………….6

**Objection No. 21**. 6:22-27……………………………………………………….8

**Objection No. 22**. 7:1-7………………………………………………………...17

**Objection No. 23**. 7:8-12……………………………………………………...18

**Objection No. 24**. 7:13-17……………………………………………………..19

**Objection No. 25**. 7:18-21……………………………………………………..24

Conclusion………………………………………………………………………26

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

## MEMORANDUM OF POINTS AND AUTHORITIES

**Objection No. 18**. 6:11-13. Read my June 25, 2018 Complaint, "Afterwards, I spoke to Ms. Das, and I told her that Mr. Johnson had verbally allowed me to go to Russia for the IVF purpose. I also informed Ms. Das that I would be absent from May 18, 2017 to July 07, 2017."

Read Zack's June 04, 2021 Answer, page 5, lines 5-7, "Defendants deny that Plaintiff told Ms. Das that Mr. Johnson gave Plaintiff verbal permission to go to Russia for the purpose of undergoing in vitro fertilization. Defendants deny that Plaintiff told Ms. Das that she would be absent for any certain dates or times."

My objection.

I declare under the penalty of perjury and under the Federal laws that I said to Ms. Das that Mr. Phil Johnson had verbally approved my request for a LWOP for the purpose to go to Russia and to perform an In-Vitro Fertilization procedure. I also declare under the penalty of perjury and under the Federal laws that I said to Ms. Das that I would be absent from my work from May 18, 2017 to July 07, 2017. Also, I showed Ms. Das the OPM 71 form that Mr. Johnson had given me. Also, Ms. Das is a witness that I called my Russian doctor from the Telemetry room using my cell phone, I spoke to a Secretary of my doctor, and the Secretary told me that she would email the doctor's medical certification to my email address. Ms. Das is also a witness that during my night shift from May 17, 2017 to May 18, 2017 at approximately 02.00 AM I received my medical documentation in the gmail account tdrevaleva@gmail.com

Ms. Das is also a witness that during my night shift at approximately 02.10 AM I attempted to forward my medical certification from my gmail account tdrevaleva@gmail.com to the VA account of Ms. Dunkelberger Carla.Dunkelberger@va.gov and to the VA account of Mr. Phil Johnson Phillip.Johnson@va.gov but unsuccessfully because the VA server didn't allow me to forward my medical certification from Russia from my gmail account to the VA accounts of Ms. Dunkelberger and Mr. Johnson. Therefore, I told Ms. Das that I would email my medical documentation from my gmail account tdrevaleva@gmail.com to the VA account of Ms. Dunkelberger Carla.Dunkelberger@va.gov and to the VA account of Mr. Phil Johnson

Phillip.Johnson@va.gov as soon as I get home from my night shift. I actually emailed my medical documentation from my gmail account to both Ms. Dunkelberger and Mr. Johnson on May 18, 2017 at 9.02 AM (**ER Vol. 1, 28-30.**)

I realize that both Ms. Dunkelberger and Ms. Zack may threaten, intimidate, and harass Ms. Das with a goal to coerce her to keep silence. Ms. Das is a married lady with an approximately 10 yo child. Ms. Das' husband works at the Raymond G. Murphy VAMC, and his salary is modest. I realize that Ms. Das may give a false testimony because she is afraid for her work and for her family. Please, notice that after our approximately September 2017 phone conversation Ms. Das never responded to all my phone calls, and she never responded to all my messages that I sent her using Facebook. I suspect that Ms. Dunkelberger could have possibly asked Ms. Das to ignore my attempts to contact. I am emphasizing that this is only a suspicion, and I don't have any direct evidence of threat, coercion, intimidation, etc.

However, regardless of what Ms. Das says at the trial, **it is immaterial** whether or not I said to her that Mr. Johnson had verbally approved my request for a leave. Please, see my Second Motion to Strike with my detailed explanations.

**Objection No. 19**. 6:14-18. Read my June 25, 2-18 Complaint, "During my shift, I received a document from my Russian OB/GYN in the email. I said about it to Ms. Das. I informed her that I would email this document to Ms. Dunkelberger and Mr. Johnson in the morning. I also said to Ms. Das that I give her my permission to translate this document into English language for Ms. Dunkelberger and Mr. Johnson until I have a chance to officially translate it in Russia."

Read Zack's June 04, 2021 Answer, page 5, lines 8-10, "Defendants admit that Plaintiff asked and gave consent to Ms. Das to translate a document from Russian to English. Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations."

My objection.

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

I actually received my medical documentation from mu Russian OB/GYN on May 18, 2017 after approximately 2.00.AM.

I declare under the penalty of perjury and under the Federal laws that on May 18, 2017, after I received my medical document, and after I was unable to forward it from my gmail account to the VA electronic accounts of Ms. Dunkelberger and Mr. Johnson, I said to Ms. Das that I would email this medical document that was on Russian language to both Ms. Dunkelberger and Mr. Johnson from my home computer. Also, I declare under the penalty of perjury and under the Federal laws that on May 18, 2017, after I received my medical document, I said to Ms. Das that would find a certified translator in Russia to translate my medical document into English. Please, notice that Defendants admitted that I had authorized Ms. Das to translate this document for Ms. Dunkelberger and Mr. Johnson until I find a certified translator in Russia.

**Objection No. 20**. 6:19-21. Read my June 25, 2018 Complaint, "In the morning of May 18, 2017, I emailed this document **to Ms. Dunkelberger and Mr. Johnson**. In the evening of May 18, 2017, I departed from Albuquerque to New York and then to Russia."

Read Zack's June 04, 2021 Answer, page 5, lines 11-16, "Defendants admit that **Ms. Dunkelberger** received an email from Plaintiff on May 18, 2017, at approximately 10:00 a.m. Defendants respectfully refer the Court to the email for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations. Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations."

My objection. Zack criminally asserted that **Ms. Dunkelberger** received an email from me. However, on May 18, 2017 Ms. Dunkelberger was out of office. Any assertion that Ms. Dunkelberger received my email is irrelevant because Mr. Dunkelberger **did not** submit my OPM 71 form with a supporting letter to Dr. Prince and to Allean Bonin.

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

1    In her June 04, 2021 Answer, Zack was silent about whether or not **Mr. Johnson** actually

2    received my May 18, 2017 email. Mr. Johnson was the person who submitted my OPM 71 form

3    with his supporting letter to Dr. Prince and to Allean Bonin on May 18, 2017 (**ER 03748 Vol. 1,**

4    **288**.)

5    I am respectfully asking the District Court to strike Zack's phrase, page 5, lines 11-12,

6    "Defendants admit that **Ms. Dunkelberger** received an email from Plaintiff on May 18, 2017, at

7    approximately 10:00 a.m." because the fact that **Ms. Dunkelberger** received my May 18, 2017

8    email is immaterial. It is indisputable that on May 18. 2017 Ms. Dunkelberger was out of office.

9    It is indisputable that on May 18, 2017 Ms. Dunkelberger didn't submit my OPM 71 form with a

10   supporting letter to both Dr. Prince and Allean Bonin. It is indisputable that on May 18,2017 Mr.

11   Phil Johnson submitted my OPM 71 form with his supporting letter to both Dr. Prince and

12   Allean Bonin (**ER 03748 Vol. 1, 288**.) Therefore, Zack **didn't answer** on the material allegation

13   of my June 25, 2018 Complaint about the material fact that on May 18, 2017 at 9.02 AM. I

14   emailed my medical documentation on Russian language to **Mr. Phil Johnson**. However, in his

15   May 18, 2017 letter to Dr. Prince, Mr. Johnson, wrote that (**ER 03748 Vol. 1, 288.**), "On May

16   17, 2017 an OPM 71 was given to Tatyana and she filled it out **providing no supporting**

17   **medical documentation**."

18   I am respectfully asking the District Court to strike Zack's phrase, page 5, lines 12-14,

19   "Defendants respectfully refer the Court to the email for a full and accurate statement of its

20   contents. To the extent that Plaintiff's characterization of the content of this document is

21   inconsistent with the text of the document" because in Paragraph 6:19-21 of my original June 25,

22   2018 Complaint I **didn't** describe the content of my May 18, 2017 medical document.

23   I am respectfully asking the Court to strike Zack's phrase, page 5, lines 14-16,

24   "Defendants deny the allegations. Defendants are without sufficient knowledge to admit or deny

25   the remaining factual allegations in this paragraph and, on that basis, deny those allegations"

26   because my co-worker Registered Nurse of the 5D Telemetry Unit Mc. Chelsea Casey drove me

27   to the airport in Albuquerque, NM in the evening on May 18, 2017. Therefore, because a Federal

28

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

employee drove me to the airport, Federal Defendants the U.S. Department of Veterans Affairs and Secretary McDonough **knew** that on May 18, 2017 in the evening I actually left to Russia.

**Objection No. 21**. 6:22-27. Read my June 25, 2018 Complaint, "After I arrived at Novosibirsk, Russia, I immediately started to undergo a medical examination for the upcoming IVF procedure. I visited my Russian OB/GYNs, I performed blood tests, etc. I found a translating company, I got the document translated, and I emailed it to Ms. Dunkelberger and Mr. Johnson on May 30, 2017. During my stay in Russia, I also sent a few emails to Ms. Dunkelberger and Mr. Johnson explaining how the preparation for the IVF procedure was going on. I never heard back from both Ms. Dunkelberger and Mr. Johnson."

Read Zack's June 04, 2021Answer, page 5, lines 17-24, "Defendants admit that **Ms. Dunkelberger** received an email from Plaintiff **on May 30, 2017**, at approximately 9:00 a.m. **with an attachment** that appeared to be from the Public Government -Financed Institution of Public Health of Novosibirsk Region. Defendants respectfully refer the Court to the email for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations. Defendants admit that Ms. Dunkelberger and Mr. Johnson did not respond to Plaintiff's emails. Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations.

My objection. Zack confirmed that on May 30, 2017 Ms. Dunkelberger actually received my May 30, 2017 email with the medical documentation that was translated into English language. During the EEO investigation, the New Mexico VA Health Care System provided the Office of Resolution Management with proof that on May 30, 2017 at 9.05 AM both Ms. Dunkelberger and Mr. Johnson **actually received** my translated into English language medical documentation (**ER 03748 Vol. 1, page 265**.)

I am respectfully asking the Court to strike Zack's phrase, page 5, lines 20-22, "

To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations" because in

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

Paragraph 6:22-27 of my Original June 25, 2018 Complaint I **didn't** provide the Court with the content of my medical document.



I am respectfully asking the Court to take a judicial notice of my June 25, 2018 original Complaint No. 3:18-cv-03748-JCS, page 6, lines 25-27, "During my stay in Russia, I also sent **a few emails** to Ms. Dunkelberger and Mr. Johnson **explaining how the preparation for the IVF procedure was going on**."

I am respectfully asking the Court to take a Judicial Notice of Zack's June 04, 2021 Answer, page 5, lines 17-19, "Defendants admit that Ms. Dunkelberger received **an email from Plaintiff on May 30, 2017**, at approximately 9:00 a.m. with an attachment that appeared to be from the Public Government -Financed Institution of Public Health of Novosibirsk Region."

I am respectfully asking the Court to take a Judicial Notice of Zack's June 04, 2021 Answer, page 5, lines 22-23, "Defendants admit that Ms. Dunkelberger and Mr. Johnson did not respond to Plaintiff's **emails** [*plural, not singular – T.D.*]"

Please, judicially notice (this is **an adjudicative fact**, see the F.R.E. Rule 201(a)) that, answering on Paragraph 6:22-27, Zack did all of the following:

1) She admitted that on May 30, 2017 at approximately 9.00 AM Ms. Dunkelberger actually received my email with a translated medical documentation

2) She concealed the material fact of the case that on May 30, 2017 at approximately 9.00 AM **Mr. Johnson** actually received my email with a translated medical documentation (**ER 03748 Vol. 1, page 265**)

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

3) She concealed that, during my stay in Russia, both Ms. Dunkelberger and Mr. Johnson actually received my following emails:

a) My July 01, 2017 email where I informed both Ms. Dunkelberger and Mr. Johnson, about my unexpected surgery and about my need to stay in Russia for a longer time to obtain the pathology results and to perform the blood tests for the FSH and the AMH (**ER 03748 Vol. 1, 43 and 301**),

>"Dear Carla and Phil!
>
>How are you?
>
>I spent time getting fully examined before the IVF procedure. Unpleasantly, a gynecologist found a polyp of the cervical canal, and I got it removed. I waited for the pathology result which was good. Now, the gynecologist wants me to get other blood tests for Folliclestimulating Hormone (FSH) and Antimullerian Hormone (AMH). I will have to do it at the beginning of the next menstrual period which will be in approximately 7-8 days. After I get the results, the gynecologist will let me know if I am eligible for the IVF cycle. I hope I am eligible. However, I will have to stay in Russia for 2-3 more weeks than I expected. Initially, I was planning to return back to the United States on July 7th. I will not be able to do it because I will have to wait until I can get the blood tests done for FSH and AMH. I requested another letter from my gynecologist confirming that currently I am getting examined in Novosibirsk for my IVF cycle. The gynecologist promised to give me this letter on Thursday next week. As soon as I get the letter, I will get it translated and forward it to you.
>
>Please, allow me to spend other 2-3 weeks in Russia. Please, send me a form that I can fill out and return to you if necessary.
>
>Thank you so much,
>
>Respectfully,
>
>Tanya Drevaleva."

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

b) My  July 03, 2017 at 2.02 PM email to Ms. Dunkelberger where I asked her why she terminated my employment prior to July 07, 2017 (**ER 03748 Vol. 1, 44**),

> "Good afternoon Carla!
>
> Why did you terminate my employment?
>
> I submitted the proof that I would go to Russia to solve my medical problems (to perform an IVF procedure). I submitted the proof (a letter from my Russian physician) that I would be doing an IVF procedure in Russia. I submitted a request form to you where I asked you to allow me to be absent from work from May 18th, 2017 **to July 7th, 2017**. You terminated my employment **on June 30th, 2017 which is before July 7th, 2017**. Please, give me the answer.
>
> Thank you,
>
> Respectfully,
>
> Tatyana Drevaleva."

c) My July 14, 2017 at 4.05 AM email with a translated version of my **second medical documentation** to Mr. Winter, Ms. Dunkelberger and Mr. Johnson (**ER 03748 Vol. 1, 39-41**), "Here is a translated document dated July 6th, 2017 that I needed to spend more time in Russia for additional examination regarding my IVF procedure.

> Respectfully,
>
> Tatyana Drevaleva."

Read the plain language of the July 06, 2017 letter from my Russian physician (**ER 03748 Vol. 1, page 41**),

> "State Budgetary Public Health Care Institution of Novosibirsk Oblast[1]
>
> Clinical Centre of Family Health Care and Reproduction

[1] The Novosibirsk Region, the Russian Federation.

Outpatient Department

14 Kievskaya St., Novosibirsk

**State Budgetary Public Health Care Institution of Novosibirsk Oblast Clinical**

**Centre for Planned Parenthood and Reproduction**

14 Kievskaya St., Novosibirsk-136, 630136

06 July, 2017

**Medical Assessment Report**

Name: <u>Tatyana</u> Patronymic Name: Evgenievna Surname: Drevaleva

Date of birth: 13/10/1966

Received medical advice on_____

Diagnosis: Primary infertility of combined genesis.

T.E. Drevaleva is currently put in the registry for providing a program for in-vitro fertilization at the expense of the compulsory medical insurance. The queue code number is 147.

According to the Order of the Ministry of Health of the Russian Federation No. 107н dd. 30/08/2012 on Arrangements for the Use of Assisted Reproductive Technologies, Contraindications and Limitations for their Use, the patient T.E. Drevaleva currently has limitations for using the in-vitro fertilization program and require additional follow-up examination.

Head of the Outpatient Department of the Clinic [Signature] M.P. Oparina

Head of the Reproductive Health Department [Signature]

[Seal] State Budgetary Public Health Care Institution of Novosibirsk Oblast

Clinical Centre of Family Health Care and Reproduction

Outpatient Department

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

1    For references

2    Novosibirsk, Russia

3         I, Denis Alexandrovich Adamov, certify that I am fluent in the English and Russian

4    languages, and that the above document in an accurate translation of the document entitled

5    "Medical Assessment Report." "

6

7         d)  My July 20, 2017 at 7.23 PM email to Mr. Winter, Ms. Dunkelberger, and Mr.

8              Johnson (**ER 03748 Vol. 1, page 45**),

9                   "Good afternoon William, Carla and Phil!

10                  How are you?

11                  Bad news - I was discharged from the IVF protocol yesterday because,

12             despite stimulation for 7 days, follicles were not growing.

13                  1 want to spend 10-14 more days in Novosibirsk and have another pelvic

14             ultrasound examination. If the follicles start growing, I will perform the IVF

15             procedure. If not, I will fly to the USA.

16                  I will let you know the date of my arrival to the USA. I will be happy to

17             have a Mediation process with you and convince you to reinstate me back to

18             work.

19                  Thank you,

20                  Respectfully,

21                  Tatyana Drevaleva."

22

23         e)  My July 27, 2017 at 7.09 PM email to Mr. Winter, Ms. Dunkelberger, and Mr.

24              Johnson (**ER 03748 Vol. 1, page 46**),

25                  "Dear William, Carla and Phil!

26                  Good news - my follicles started growing up. I had a pelvic ultrasound

27             examination yesterday. The size of the follicles is 13 millimeters now versus 4

28

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

millimeters a week ago. The doctor wants to continue observing the follicles. I will have another pelvic ultrasound examination tomorrow.

I will keep you posted.

Have a wonderful and blessing day,

Tatyana."

f) My August 10, 2017 at 5.23 PM email to Mr. Winter, Ms. Dunkelberger, and Mr. Johnson (**ER 03748 Vol. 1, page 47**),

"Dear Mr. Winter, Carla and Phil!

I will fly back to the USA on August 17th. Please, schedule a Mediation process as soon as possible to August 17th.

Respectfully,

Tatyana Drevaleva."

4) Zack admitted that, page 5, lines 22-23, "Defendants admit that Ms. Dunkelberger and Mr. Johnson did not respond to Plaintiff's **emails** [*plural, not singular – T.D.*]"

5) Please, notice that, responding to Paragraph 6:22-27, despite Zack concealed the existence of my July 01, July 03, July 14, July 20, July 27, and August 10, 2017 **emails** (plural, not singular) to both Ms. Dunkelberger and Mr. Johnson, Zack admitted that, page 5, lines 22-23, "Defendants admit that Ms. Dunkelberger and Mr. Johnson **did not respond to Plaintiff's emails** (plural, not singular)."

I am respectfully asking the District Court to strike Zack's phrase, page 5, lines 23-24, "Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations" because I can demonstrate by the preponderance of the evidence that both Ms. Dunkelberger and Mr. Johnson **knew**:

1) about the scope of my disability (the IVF procedure), see (**ER 03748 Vol. 1, 43 and 301**), (**ER 03748 Vol. 1, page 41**), (**ER 03748 Vol. 1, page 45**), (**ER 03748 Vol. 1, page 46**)

2) about my unplanned gynecological surgery in Russia, see (**ER 03748 Vol. 1, 43 and 301**), "Unpleasantly, a gynecologist found a polyp of the cervical canal, and I got it removed"

3) about my need to stay in Russia for a longer time to wait for the pathology results after the unplanned gynecological surgery, see (**ER 03748 Vol. 1, 43 and 301**), "I waited for the pathology result which was good"

4) about my need to get my blood tests done for the FSH and the AMH on a definite day of the menstrual cycle, see (**ER 03748 Vol. 1, 43 and 301**), "Now, the gynecologist wants me to get other blood tests for Folliclestimulating Hormone (FSH) and Antimullerian Hormone (AMH). I will have to do it at the beginning of the next menstrual period which will be in approximately 7-8 days"

5) that, after I get my blood tests done, I will speak to my doctor about whether or not I am eligible for the next IVF procedure, see (**ER 03748 Vol. 1, 43 and 301**), "After I get the results, the gynecologist will let me know if I am eligible for the IVF cycle"

6) that, because of the unplanned gynecological surgery, because of the waiting period for my pathology results, and because of the waiting period for my blood tests for the FSH and the AMH, I needed to stay in Russia for 2-3 weeks longer that I had expected, see (**ER 03748 Vol. 1, 43 and 301**), "I will have to stay in Russia for 2-3 more weeks than I expected. Initially, I was planning to return back to the United States on July 7th. I will not be able to do it because I will have to wait until I can get the blood tests done for FSH and AMH"

7) that I contacted with my OB/GYN, and I requested another medical document that confirms that I needed to stay in Russia for 2-3 weeks longer than I initially expected, see (**ER 03748 Vol. 1, 43 and 301**), "I requested another letter from my gynecologist

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

confirming that currently I am getting examined in Novosibirsk for my IVF cycle. The gynecologist promised to give me this letter on Thursday next week"

8) that I was planning to translate this second medical document into English language, and I was planning to email this document to both Ms. Dunkelberger and Mr. Johnson, see (**ER 03748 Vol. 1, 43 and 301**), "As soon as I get the letter, I will get it translated and forward it to you"

9) that I explicitly asked Ms. Dunkelberger and Mr. Johnson to allow me to stay in Russia for 2-3 more weeks, see (**ER 03748 Vol. 1, 43 and 301**), "Please, allow me to spend other 2-3 weeks in Russia"

10) that I explicitly asked Ms. Dunkelberger and Mr. Johnson to email me another OPM 71 form so I could fill it out and submit, see (**ER 03748 Vol. 1, 43 and 301**), "Please, send me a form that I can fill out and return to you if necessary"

11) that on July 06, 2017 my medical doctor issued the second medical document that I translated into English language and emailed to both Ms. Dunkelberger and Mr. Johnson on July 14, 2017 (**ER 03748 Vol. 1, 39-41**)

12) that in this second medical document my doctor confirmed that I needed to stay in Russia for a longer time for an additional medical examination, see (**ER 03748 Vol. 1, page 41**), "T.E. Drevaleva currently has limitations for using the in-vitro fertilization program and require additional follow-up examination"

13) that I actually entered into the IVF protocol, initially unsuccessfully, see (**ER 03748 Vol. 1, page 45**), "Bad news - I was discharged from the IVF protocol yesterday because, despite stimulation for 7 days, follicles were not growing"

14) that, after I was discharged from the IVF protocol, I wanted t wait for another 10-14 days in Russia in order to see whether my follicles would grow, see (**ER 03748 Vol. 1, page 45**), "1 want to spend 10-14 more days in Novosibirsk and have another pelvic ultrasound examination. If the follicles start growing, I will perform the IVF procedure. If not, I will fly to the USA"

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

15) that my follicles actually started to grow, that I was planning to get another pelvic ultrasound done next day, and that I was going to inform both Ms. Dunkelberger and Mr. Johnson about the result of this pelvic ultrasound examination, see (**ER 03748 Vol. 1, page 46**), "Good news - my follicles started growing up. I had a pelvic ultrasound examination yesterday. The size of the follicles is 13 millimeters now versus 4 millimeters a week ago. The doctor wants to continue observing the follicles. I will have another pelvic ultrasound examination tomorrow. I will keep you posted"

16) that I wanted to participate in a Mediation, see (**ER 03748 Vol. 1, page 45**), "I will be happy to have a Mediation process with you"

17) that I wanted to get reinstated back to work at the VAMC, see (**ER 03748 Vol. 1, page 45**), "… and convince you to reinstate me back to work"

18) that I promised to inform both Ms. Dunkelberger and Mr. Johnson about the date of my arrival back to the U.S.A., see (**ER 03748 Vol. 1, page 45**), "I will let you know the date of my arrival to the USA"

19) that I was actually planning to arrive at the U.S.A. on August 17, 2017, see (**ER 03748 Vol. 1, page 47**), "I will fly back to the USA on August 17th"

20) that I actually asked Ms. Dunkelberger and Mr. Johnson to schedule a Mediation as soon as possible to August 17, 2017, see (**ER 03748 Vol. 1, page 47**), "Please, schedule a Mediation process as soon as possible to August 17th."


**Objection No. 22**. 7:1-7. Read my Original June 25, 2018 Complaint, "In June 2017, my doctor found a cervical polyp, and I underwent a surgery (polypectomy) in June 2017. Afterwards, I needed to wait for approximately 2 weeks to get the pathology result. After I got the pathology result, my OB/GYN ordered blood tests for the Follicle Stimulating Hormone (FSH) and the Anti-Mullerian Hormone (AMH), and I needed to wait for another approximately 12 days in order to be eligible to get these tests done on the second day of my menstrual period. It became obvious that I would not have time to perform an IVF procedure and return back to the United States until July 07, 2017."

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

1    Read Zack's Answer, page 5, lines 25-26, "Defendants are without sufficient knowledge

2    to admit or deny the factual allegations in this paragraph and, on that basis, deny those

3    allegations."

4    <u>My objections</u>. I am respectfully asking the District Court to strike Zack's phrase, page 5,

5    lines 25-26, "Defendants are without sufficient knowledge to admit or deny the factual

6    allegations in this paragraph and, on that basis, deny those allegations" because I can

7    demonstrate by the preponderance of the evidence that Ms. Dunkelberger and Mr. Johnson **knew**

8    about my unplanned gynecological surgery in June 2017, about me waiting for the pathology

9    results, and about me waiting for getting the blood tests for the FSH and the AMH, see (**ER**

10   **03748 Vol. 1, 43 and 301**), see my explanations above.

11   Also, I can demonstrate by the preponderance of the evidence that Ms. Dunkelberger and

12   Mr. Johnson **knew** that I would not be able to return back to the U.S.A. by July 07, 2017, see

13   (**ER 03748 Vol. 1, pages 41, 43, 45, 46 and 301**), see my explanations above.

14

15   **Objection No. 23**. 7:8-12. Read my June 25, 2018 Complaint, "I requested another

16   document from my Russian OB/GYN that I needed some extension time for my IVF procedure.

17   On July 01, 2017, I emailed Ms. Dunkelberger and Mr. Johnson informing them that my

18   OB/GYN ordered the blood tests for FSH and AMH, and I would not have time to return back to

19   the USA before July 07, 2017. I requested additional time off to stay in Russia."

20   Read Zack's June 04, 2011 Answer, from page 5, line 27 to page 6, line 4, "Defendants

21   admit that Ms. Dunkelberger received an email from Plaintiff on July 1, 2017. Defendants

22   respectfully refer the Court to the email for a full and accurate statement of its contents. To the

23   extent that Plaintiff's characterization of the content of this document is inconsistent with the text

24   of the document, Defendants deny the allegations. Defendants are without sufficient knowledge

25   to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those

26   allegations."

27   <u>My objection</u>. I am respectfully asking the Court to strike Zack's phrase, page 6, lines 1-

28   4, "To the extent that Plaintiff's characterization of the content of this document is inconsistent

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

with the text of the document, Defendants deny the allegations. Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations" because I can demonstrate by the preponderance of the evidence that Ms. Dunkelberger and Mr. Johnson **knew** that, see (**ER 03748 Vol. 1, 43 and 301**):

1)  I requested another document from my Russian OB/GYN

2)  that I needed some extension time for my IVF procedure

3)  that my OB/GYN ordered the blood tests for FSH and AMH

4)  that I would not have time to return back to the USA before July 07, 2017.

5)  that I requested additional time off to stay in Russia.

See my explanations above.


**Objection No. 24**. 7:13-17. Read my June 25, 2018 Complaint, "On July 03, 2017, I got an email from Ms. Dunkelberger. It was her first email since my stay in Russia. This email informed me that my employment had been terminated on June 30, 2017. For me, it was a complete shock. Ms. Dunkelberger terminated my employment even before July 07, 2017. On July 03, 2017, I send an email to Ms. Dunkelberger and Mr. Johnson asking why my employment was terminated. I never heard back from them."

Read Zack's June 04, 2021 Answer, page 6, lines 5-16, "Defendants admit that Ms. Dunkelberger emailed Plaintiff on July 3, 2017. Defendants respectfully refer the Court to the email for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations. Defendants admit that Plaintiff was terminated prior to July 7, 2017, and aver that she was terminated effective June 30, 2017. Defendants are without sufficient knowledge to admit or deny whether Plaintiff emailed Ms. Dunkelberger on July 3, 2017, and, on that basis, deny those allegations. Even if such email was sent, Defendants respectfully refer the Court to the email for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations. Defendants admit that Ms. Dunkelberger did

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

not respond to Plaintiff's email. Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations."

My objections. In her June 04, 2021 Answer, responding to Paragraph 7:13-17, Zack concealed the material facts of the case:

1) That in her July 03, 2017 email Ms. Dunkelberger sent me a Termination Letter that was signed by Acting Human Resources officer Mr. Thomas Harris (**ER 03748 Vol. 1, page 38**) and that informed me that my full time job had been terminated on June 30, 2017 during the probationary period for failure to qualify and for attendance issues (**ER 03748 Vol. 1, page 37**), "2. The Associate Director, Patient Care Services, has recommended that you be **terminated front your position for failure to qualify during your probationary period**. Your termination is **due to attendance issues**."

> DEPARTMENT OF VETERANS AFFAIRS
> Raymond G. Murphy Medical Center
> 1501 San Pedro Drive SE
> Albuquerque NM 87108-5154
>
> JUN 3 0 2017

2) That in my May 17, 2017 OPM 71 form I requested the time off to go to Russia until July 07, 2017 (**ER 03748 Vol. 1, page 287**)

> ☒ Leave Without Pay    05.18.17 07 07.17

3) That Zack didn't know whether or not I emailed Ms. Dunkelberger on July 03, 2017. I can demonstrate by the preponderance of the evidence that Ms. Dunkelberger actually received my July 03, 2017 email (**ER 03748 Vol. 1, 44**) where I asked her why she terminated my employment before July 07, 2017, see a copy of my July 03, 2017 email at the EEO Investigative File (**ER 03748 Vol. 1, page 300**.) Please, notice that Ms. Dunkelberger forwarded my July 30, 2017 email with a question about why Ms. Dunkelberger terminated my employment to the Official of the Office or Resolution Management Ms. Karla Malone

4) That in my July 03, 2017 email to Ms. DunkelbergerI I wrote (**ER 03748 Vol. 1, page 44**), "Why did you terminate my employment? I submitted the proof that I would go to Russia to solve my medical problems (to perform an IVF procedure). I submitted

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

the proof (a letter from my Russian physician) that I would be doing an IVF procedure in Russia. I submitted a request form to you where I asked you to allow me to be absent from work from May 18th, 2017 **to July 7th, 2017**. You terminated my employment **on June 30th, 2017 which is before July 7th, 2017**. Please, give me the answer."

See (**ER 03748 Vol. 1, page 300**.)

**Malone, Karla (ORM)**

| | |
|---|---|
| **From:** | Tatyana Drevaleva <tdrevaleva@gmail.com> |
| **Sent:** | Monday, November 20, 2017 3:11 AM |
| **To:** | Malone, Karla (ORM) |
| **Subject:** | Fwd: [EXTERNAL] from Tanya Drevaleva from Siberia. |

---------- Forwarded message ----------
From: **Tatyana Drevaleva** <tdrevaleva@gmail.com>
Date: Mon, Jul 3, 2017 at 2:02 PM
Subject: Re: [EXTERNAL] from Tanya Drevaleva from Siberia.
To: "Dunkelberger, Carla" <Carla.Dunkelberger@va.gov>

Good afternoon Carla!

Why did you terminate my employment? I submitted the proof that I would go to Russia to solve my medical problems (to perform an IVF procedure). I submitted the proof (a letter from my Russian physician) that I would be doing an IVF procedure in Russia. I submitted a request form to you where I asked you to allow me to be absent from work from May 18th, 2017 to July 7th, 2017. You terminated my employment on June 30th, 2017 which is before July 7th, 2017. Please, give me the answer.

Thank you,

Respectfully,

Tatyana Drevaleva.

On Mon, Jul 3, 2017 at 1:46 PM, Dunkelberger, Carla <Carla.Dunkelberger@va.gov> wrote:

Please see attached.

Carla Dunkelberger, RN, MSN, MBA

Nurse Manager, 5D Telemetry

Raymond G. Murphy VA Medical Center

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

5) Please, notice that in my July 03, 2017 email to Ms. Dunkelberger (**ER 03748 Vol. 1, page 44**) I did all of the following:

   a)  I asked her why she terminated my employment

   b)  I informed her that I had submitted the proof that I would go to Russia to solve my medical problems (to perform an IVF procedure)

   c)  I informed her that I had submitted the proof (a letter from my Russian physician) that I would be doing an IVF procedure in Russia.

   d)  I informed her that I had submitted a request form to the VAMC where I asked the VAMC to allow me to be absent from work from May 18th, 2017 **to July 7th, 2017**.

   e)  I reminded Ms. Dunkelberger that she had terminated my employment **on June 30th, 2017 which is before July 7th, 2017**.

   f)  I explicitly asked Ms. Dunkelberger to answer why she terminated my employment, "Please, give me the answer."

Therefore, I am respectfully asking the Court to strike Zack's following phrases:

1) Page 6, lines 5-8, "Defendants respectfully refer the Court to the email for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations" because in this phrase Zack concealed that on July 03, 2017 Ms. Dunkelberger sent me a Termination Letter that informed me that my full time job was terminated on June 30, 2017 for failure to qualify during the probationatu period for failure to qualify and for attendance issues, and that the Associate Director, Patient Care Services [Dr. Tina Prince] recommended the VAMC to terminate my employment (**ER 03748 Vol. 1, pages 293-294**)

2) Page 6, lines 9-11, "Defendants are without sufficient knowledge to admit or deny whether Plaintiff emailed Ms. Dunkelberger on July 3, 2017, and, on that basis, deny those allegations" because I can demonstrate by the preponderance of the evidence that on July 03, 2017, I emailed Ms. Dunkelberger at 2.02 PM the Novosibirsk time

(**ER 03748 Vol. 1, 44**), and Ms. Dunkelberger actually received my email (**ER 03748 Vol. 1, page 300**)

3) Page 6, lines 11-14, "Even if such email was sent, Defendants respectfully refer the Court to the email for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations" because in this phrase Zack concealed the material facts of the case, and she concealed the plain text of this email, see my explanations above

4) Page 6, lines 14-16, "Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations" because in this phrase Zack concealed the material facts of the case, and she concealed the plain text of this email, see my explanations above.

I am respectfully asking the Court to take a Judicial Notice of an adjudicative fact pursuant to the F.R.E. Rule 201(a) of the following Zack's phrases:

1) Page 6, lines 9-11, "Defendants are without sufficient knowledge to admit or deny whether Plaintiff emailed Ms. Dunkelberger on July 3, 2017, and, on that basis, deny those allegations"

2) Page 6, line 14, "Defendants admit that Ms. Dunkelberger did not respond to Plaintiff's email."

Please, judicially notice an obvious factual inconsistency and discrepancy in Zack's June 04, 2021 Answer that is:

1) Zack alleged that Ms. Dunkelberger **didn't know** whether or not I sent her an email on July 03, 2017,

2) at the same time, Zack confirmed that Ms. Dunkelberger **never responded** to my July 03, 2017 email.

This obvious factual inconsistency and discrepancy is a direct evidence of an intentional discrimination.

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

**Objection No. 25**. 7:18-21. Read my June 25, 2018 Complaint, "On July 14, 2017, I sent Ms. Dunkelberger and Mr. Johnson a translated version of the second letter from my OB/GYN confirming the fact that I needed some extension time in Russia to complete my IVF procedure. Again, both Ms. Dunkelberger and Mr. Johnson never responded."

Read Zack's June 04, 2021 Answer, page 6, lines 17-24, "Defendants are without sufficient knowledge to admit or deny whether Plaintiff emailed **Ms. Dunkelberger** on July 14, 2017, and, on that basis, deny those allegations. Even if such email was sent, Defendants respectfully refer the Court to the email for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations. Defendants admit that Ms. Dunkelberger and Mr. Johnson did not respond to Plaintiff's emails. Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations."

My objections. Responding to Paragraph 7:18-21, Zack concealed the material facts of the case:

1) That on June 14, 2017 the New Mexico VA Health Care System actually received my second medical documentation, and the New Mexico VA Health Care System provided the Office of Resolution Management with this second medical documentation during the EEO investigation, see (**ER 03748 Vol. 1, page 263**)

2) That on July 14, 2017 at 4.05 AM I emailed the second medical documentation that was translated on English language to the EEO Counselor Mr. Winter, to Ms. Dunkelberger, and to Mr. Johnson (**ER 03748 Vol. 1, 39-41**)

3) That the date of this second medical document was July 06, 2017 (**ER 03748 Vol. 1, page 41**) and (**ER 03748 Vol. 1, page 263**)

4) That in this second medical document my physician confirmed that I had imitation to performing the IVF procedure, and that I needed more time for an additional medical examination, see (**ER 03748 Vol. 1, page 41**), "Drevaleva currently has limitations

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

for using the in-vitro fertilization program and require additional follow-up examination." See (**ER 03748 Vol. 1, page 263**),



АГЕНТСТВО ПЕРЕВОДОВ МОНОТОН
**MONOTON TRANSLATION AGENCY**

[Stamp] State Budgetary Public Health Care Institution of Novosibirsk Oblast
Clinical Centre of Family Health Care and Reproduction
Outpatient Department
14 Kievskaya St., Novosibirsk

**State Budgetary Public Health Care Institution of Novosibirsk Oblast Clinical Centre for Planned Parenthood and Reproduction**
14 Kievskaya St., Novosibirsk-136, 630136

06 July 2017

**Medical Assessment Report**

Name: Tatyana Patronymic: Evgenievna Surname: Drevaleva
Date of birth 13.10.1966

Received a medical advice on _____

Diagnosis: Primary infertility of combined genesis
T.E. Drevaleva currently is put in the registry for providing a program of in vitro fertilization at the expense of the compulsory medical insurance. The queue code number is 147
According to the Order of the Ministry of Health of the Russian Federation No. 107n dd. 30.08.2012 on Arrangements for the Use of Assisted Reproductive Technologies, Contraindications and Limitations to their Use, the patient T.E. Drevaleva currently has limitations for using the in vitro fertilization program and require additional follow-up examination

Head of the Outpatient Department of the Clinic [Signature] M.P. Oparina
Head of the Reproductive Health Department [Signature]

[Seal] State Budgetary Public Health Care Institution of Novosibirsk Oblast
Clinical Centre of Family Health Care and Reproduction
Outpatient Department
For references
Novosibirsk, Russia

I, Denis Aleksandrovich Adamov, certify that I am fluent in the English and Russian languages, and that the above document is an accurate translation of the document entitled «Medical Assessment Report».



**000144**

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS

Therefore, I am respectfully asking the District Court to strike the following Zack's phrases:

5) Page 6, lines 17-21, "Defendants are without sufficient knowledge to admit or deny whether Plaintiff emailed **Ms. Dunkelberger** on July 14, 2017, and, on that basis, deny those allegations. Even if such email was sent, Defendants respectfully refer the Court to the email for a full and accurate statement of its contents. To the extent that Plaintiff's characterization of the content of this document is inconsistent with the text of the document, Defendants deny the allegations" because I can demonstrate by the preponderance of the evidence that on July 14, 2017 at 4.05 AM I emailed my second medical documentation on English language to Mr. Winter, Ms. Dunkelberger, and Mr. Johnson (**ER 03748 Vol. 1, pages 40-41**) and that the New Mexico VA Health Care System actually received this second medical documentation and actually provided the EEO Investigator with this document (**ER 03748 Vol. 1, page 263**)

1) Page 6, lines 22-24, "Defendants are without sufficient knowledge to admit or deny the remaining factual allegations in this paragraph and, on that basis, deny those allegations" because I can demonstrate by the preponderance of the evidence that on July 14, 2017 the New Mexico VA Health Care System actually received my second medical documentation, and this documentation stated that I had limitations to the IVF procedure and that I needed more time in Russia for an additional medical follow up examination (**ER 03748 Vol. 1, page 263.**)

**Conclusion.**

I am respectfully asking the Court to strike Zack's June 04, 2021 Answer it its entirety for the following reasons:

1) Because Zack **didn't** represent the true and genuine interests of true Defendants (1) the U.S. Department of Veterans Affairs and (2) Secretary McDonough

2) Because Zack represented the personal interests of Ms. Carla Dunkelberger and Mr. Phil Johnson who are **not** Defendants in the lawsuit No. 3:18-cv-03748-JCS

3) Because Zack filed the June 04, 2017 Answer in violation of 38 CFR § 14.514(a) without any evidence that:

    a) The General Counsel obtained the material facts of the case

    b) The General Counsel coordinated with the U.S. Department of Justice regarding my lawsuit No. 3:18-cv-03748-JCS

    c) The General Counsel instructed the Regional Counsel about whether or not any further action in my lawsuit No. 3:18-cv-03748-JCS is required

4) Because the June 04, 2021 Answer was unsworn in violation of 28 U.S.C. § 1746

5) Because the June 04, 2021 Answer was filed in violation of the F.R.C.P. Rule 11(b.)

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on July 04, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

July 04, 2021.

Third Motion to Strike Defendants' June 04, 2021 Answer; No. 3:18-cv-03748-JCS