1  Tatyana Evgenievna Drevaleva

2  3015 Clement St., Apt. 204,

3  San Francisco, CA, 94121

4  415-954-2116, tdrevaleva@gmail.com

5  Plaintiff in Pro Per

6

7                    THE UNITED STATES DISTRICT COURT

8                           FOR NORTHERN CALIFORNIA

9

10

11                                                     )  Case No. 3:18-cv-03748-JCS
                                                       )
12    Tatyana E. Drevaleva                             )
                                                       )
13              *Plaintiff*,                           )  Administrative Motion for Permission to
                                                       )
14              vs.                                    )  File a Supplemental Brief in Support to
                                                       )
15                                                     )  my Second Motion to Strike Zack's
                                                       )
16    Mr. Denis Richard McDonough in his               )  June 04, 2021 Answer to my Original
      capacity as a Secretary of the U.S.              )
17    Department of Veterans Affairs                   )  June 25, 2018 Complaint,
                                                       )
18    810 Vermont Avenue, NW,                          )  the Civil Local Rule 7-11;
      Washington, D.C. 20420                           )
19                                                     )  Declaration; Proposed Order.
                                                       )
20              *Defendant*                            )
                                                       )
21    Facility:                                        )
                                                       )  Location: Courtroom F – 15th Floor
22    New Mexico VA Healthcare System                  )
      1501 San Pedro Drive, S.E.                       )  450 Golden Gate Avenue,
      Albuquerque, NM, 87108                           )
23                                                     )  San Francisco, CA 94102
                                                       )
24                                                     )  Judge: the Hon. Joseph C. Spero
                                                       )
25                                                     )
                                                       )
26                                                     )
                                                       )
27  _____)

28

Page **1** of **5**

Administrative Motion for Permission to File a Supp. Brief, case No. 3:18-cv-03748-JCS

# MEMORANDUM OF POINTS AND AUTHORITIES

**Introduction.**

Plaintiff-Appellant Tatyana Drevaleva is moving the U.S. District Court for the Northern District of California to allow me to file a Supplemental Brief in support to my Second Motion to Strike Zack's June 04, 2021 Answer to my Original June 25, 2018 Complaint.

**Statement of Facts.**

The facts of the case are undisputed. On December 03, 2018, Alsup wrote in his Order, page 2, lines 4-6, "Additionally, [Ms. Dunkelberger] informed plaintiff that she would need to support her request for a leave with **written medical documentation, in English**, from plaintiff's OB/GYN (Dkt. No. 1 at 2–4)."

Page 2, lines 11-12, "Plaintiff filled out the necessary form and slipped it under her supervisor's door **without the required medical documentation**."

Page 5, lines 21-23, "Plaintiff waited to submit the requisite form until the night before she left for Russia, **without the supporting medical documentation** and before receiving approval, despite having over a month's notice of the required procedure (Dkt. No. 1 at 6)."

On July 11, 2019, Alsup issued a criminal Order where he wrote, page 2, lines 17-19, "Allegedly believing she had verbal permission, plaintiff filled out the form **without any medical documentation**, slipped it under her assistant supervisor's door, and left for Russia the following evening."

On June 04, 2021, AUSA Zack filed an Answer to my Original June 25, 2018 Complaint No. 3:21-cv-03748-JCS. In this Answer, Zack wrote, page 4, lines 6-12, "Defendants admit that on April 18, 2017, and May 15, 2017, Ms. Dunkelberger informed Plaintiff that to request leave without pay ("LWOP") for the length of time Plaintiff was requesting, she needed to submit a request to the Associate Director of Patient Care Services on Form OPM-71 Request for Leave or Approved Absence, and **submit supporting medical documentation**, and that on both dates Plaintiff was informed that approval was required before going on leave. Defendants admit that

Page **2** of **5**

Administrative Motion for Permission to File a Supp. Brief, case No. 3:18-cv-03748-JCS

1  on April 18, 2017, Ms. Dunkelberger told Plaintiff **that any medical documentation submitted**
2  **needed to be written in or translated to English**."

3  On June 19, 2021, I filed the Second Motion to Strike Zack's Answer where I provided a citation of *JOSEPH L. BURNS v. KIRSTJEN NIELSEN, Secretary, U.S. Department of Homeland Security*, EP-17-CV-00264-DCG, UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS EL PASO DIVISION (January 28, 2020), and I discussed about the Improper Medical Inquiry pursuant to Title I of the Americans with Disabilities Act )the ADA) or 42 U.S.C. § 12112(d)(4)(A.) Also, I discussed that, pursuant to 5 CFR § 630.1208(a), "An agency **may** require that a request for leave under § 630.1203(a) (3) or (4) be supported by written medical certification issued by the health care provider of the employee…"

On July 01, 2021, Zack opposed my Second Motion to Strike where she wrote, page 2, lines 23-26, "Second, Plaintiff alleges that her failure to submit medical certification with her request for leave without pay, **her failure to provide a translated medical certification**, and the disapproval of her request for leave without pay are immaterial. See ECF No. 412 at 27. However, Defendants' averment in this regard bears an important relationship to Defendants' defense, and thus is not immaterial."

**Legal Standard.**

Read 29 CFR § 1630.13 - Prohibited medical examinations and inquiries,

"**(b)** *Examination or inquiry of employees*. Except as permitted by § 1630.14, it is **unlawful** for a covered entity to require a medical examination of an employee or to make inquiries as to whether an employee is an individual with a disability or as to the nature or severity of such disability."

Read 29 CFR § 1630.14 - Medical examinations and inquiries specifically permitted,

"**(c)** *Examination of employees*. A covered entity may require a medical examination (and/or inquiry) of an employee **that is job-related and consistent with business necessity**. A

Administrative Motion for Permission to File a Supp. Brief, case No. 3:18-cv-03748-JCS

covered entity may make inquiries into **the ability of an employee to perform job-related functions**.

(1) Information obtained under paragraph (c) of this section regarding the medical condition or history of any employee shall be collected and maintained on separate forms and in separate medical files and be treated as a confidential medical record, except that:

(i) Supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations;

(ii) First aid and safety personnel may be informed, when appropriate, if the disability might require emergency treatment; and

(iii) Government officials investigating compliance with this part shall be provided relevant information on request.

(2) Information obtained under paragraph (c) of this section regarding the medical condition or history of any employee shall not be used for any purpose inconsistent with this part."

**Conclusion.**

I am respectfully asking the District Court to allow me to file a Supplemental Brief and to discuss that Ms. Dunkelberger's frivolous and unlawful request for a medical documentation was **not** job-related, and it was **not** consistent with a business necessity.

Therefore, any Zack's assertion that I failed to provide my medical documentation on English language prior to my leave shall be stricken.

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on July 05, 2021.

Respectfully submitted,

Administrative Motion for Permission to File a Supp. Brief, case No. 3:18-cv-03748-JCS

s/ Tatyana Drevaleva

Plaintiff Pro Se

July 05, 2021.

Page **5** of **5**

Administrative Motion for Permission to File a Supp. Brief, case No. 3:18-cv-03748-JCS