1  Tatyana Evgenievna Drevaleva
2  3015 Clement St., Apt. 204,
3  San Francisco, CA, 94121
4  415-954-2116, tdrevaleva@gmail.com
5  Plaintiff in Pro Per

7  THE UNITED STATES DISTRICT COURT
8  FOR NORTHERN CALIFORNIA

11 | | ) | Case No. 3:18-cv-03748-JCS
12 | Tatyana E. Drevaleva | ) |
13 | *Plaintiff*, | ) | Declaration to my Administrative Motion
14 | vs. | ) | for Permission to File a Supplemental
15 | | ) | Brief in Support to my Second Motion to
16 | Mr. Denis Richard McDonough in his | ) | Strike Zack's June 04, 2021 Answer to my
17 | capacity as a Secretary of the U.S. Department of Veterans Affairs | ) | Original June 25, 2018 Complaint,
18 | 810 Vermont Avenue, NW, Washington, D.C. 20420 | ) | the Civil Local Rule 7-11.
19 | | ) |
20 | *Defendant* | ) | Location: Courtroom F – 15th Floor
21 | Facility: | ) | 450 Golden Gate Avenue,
22 | New Mexico VA Healthcare System 1501 San Pedro Drive, S.E. Albuquerque, NM, 87108 | ) | San Francisco, CA 94102
23 | | ) | Judge: the Hon. Joseph C. Spero

I, Plaintiff Tatyana E. Drevaleva, hereby declare:

1) I am a Plaintiff Pro Se and a Party in this action

2) I have personal knowledge of the facts stated herein, which are known by me to be true and correct, and I will testify competently thereto

3) On both December 03, 2018 and July 11, 2019, Alsup criminally accused me in failing to provide my medical documentation on English language prior to my leave

4) In her June 04, 2021 Answer to my June 25, 2018 Original Complaint, Zack accused me in failing to provide my medical documentation on English

5) On June 19, 2021, I filed the Second Motion to Strike where I asked the Court to strike Zack's statement that I hadn't provided my medical documentation on English language as immaterial

6) On July 01, 2021, Zack asserted that my alleged failure to provide my medical documentation was an important defense, and Zack asked the Court not to strike this defense

7) Pursuant to 29 CFR § 1630.14(c), a covered entity **may** require an employee to provide only the medical documentation "**that is job-related and consistent with business necessity**. A covered entity may make inquiries into **the ability of an employee to perform job-related functions**"

8) Therefore, I am respectfully asking the Court to allow me to file a Supplemental Brief in support to my Second Motion to Strike and to discuss that the medical documentation that Ms. Dunkelberger required (that I needed to go to Russia for an In-Vitro fertilization procedure) was **not** job related, was **not** consistent with the business necessity, and it was **not** related to my ability to perform the essential functions of my job as a Medical Instrument Technician (Electrocardiograph.) Therefore, Ms. Dunkelnerger was prohibited **from ever asking me** to provide **this** medical documentation because this request invaded my privacy. I was not obligated to disclose that, instead of giving birth to children by a natural way, I was compelled to perform In-Vitro Fertilization procedures.

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on July 05, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

July 05, 2021.