STEPHANIE M. HINDS (CABN 152348)
Acting United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
ADRIENNE ZACK (CABN 291629)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7031
    Fax: (415) 436-6748
    adrienne.zack@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TATYANA DREVALEVA, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF VETERANS AFFAIRS, et al., <br><br> Defendants. | CASE NO. 3:18-CV-03748-JCS <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> Date: July 30, 2021 <br> Time: 9:30 a.m. <br> Location: Zoom Webinar <br><br> Honorable Joseph C. Spero |

## I. INTRODUCTION

Plaintiff's motion for judgment on the pleadings should be denied because, taking the portions of the complaint that have not been denied, Plaintiff fails to show all the necessary elements of a claim of sex discrimination or the elements of a claim under the Rehabilitation Act. The Court should deny Plaintiff's motion.

## II. BACKGROUND

### A. Procedural History

On June 25, 2018, Plaintiff filed her complaint alleging, inter alia, claims of sex discrimination and a violation of the Rehabilitation Act. *See generally* ECF No. 1. On November 20, 2020, the Ninth Circuit remanded Plaintiff's case to this Court for further consideration of her sex discrimination and failure to accommodate claims. *See* ECF No. 291 at 5-6. On March 12, 2021, the Ninth Circuit's mandate issued. *See* ECF No. 315. On May 12, 2021, the Court ordered Defendants to file an answer in response to Plaintiff's complaint, ECF No. 1. *See* ECF No. 386 at 1. Defendants filed their answer on June 4, 2021. *See* ECF No. 396. Plaintiff now moves for judgment on the pleadings. *See* ECF No. 410.

### B. Facts as Alleged in the Complaint and Answer

Plaintiff was appointed as a probationary employee with an entry date of April 3, 2017, for a medical instrument technician position at the Veterans Affairs Medical Center ("VAMC") in Albuquerque, New Mexico. ECF No. 396 at 2. Plaintiff was qualified for the position to which she was appointed. *Id.* at 3. After beginning work, Plaintiff had conversations with her supervisor, Ms. Carla Dunkelberger, regarding her desire to have children and her attempts to have them to no avail. *Id.*

On April 18, 2017, Plaintiff had an initial conversation about leave with her supervisor, Ms. Dunkelberger. *Id.* During this conversation, Ms. Dunkelberger told Plaintiff that she did not qualify for leave without pay ("LWOP") under the Family Medical Leave Act ("FMLA") due to her less than one year in service. *Id.* at 4. She also told Plaintiff that if she still wanted to take leave, she would need to proceed through an approval process. *Id.* In particular, prior to taking leave, she had to complete Form OPM71, and provide medical documentation in English of the reason for her leave, which would need to be submitted to the Assistant Director of Patient Care Services. *Id.*

On May 15, 2017, Plaintiff spoke with Ms. Dunkelberger about a trip to Russia. *Id.* at 3-4. She

told Ms. Dunkelberger that she wanted to leave for Russia soon. *Id.* Ms. Dunkelberger told Plaintiff that she would need to follow the previously discussed procedures to request leave, completing the OPM71, providing medical documentation in English, and submitting it to the Assistant Director of Patient Care Services sufficiently in advance of her trip so that it could be reviewed.

On May 17, 2017, while Ms. Dunkelberger was out of the office, Plaintiff told an acting supervisor, Phillip Johnson, that she needed to go to Russia for IVF and that she would be leaving the next day. *Id.* at 4. Plaintiff filled out a leave request form and slipped the leave request form, without supporting documentation, under Mr. Johnson's door later that evening. *Id.* In that form, she requested leave without pay from May 18 to July 7, 2017. *Id.* The next day, on May 18, 2017, Plaintiff emailed a copy of a document from her Russian doctor, written in Russian, to Ms. Dunkelberger and Mr. Johnson. *Id.*; *see also* ECF No. 1-1. Plaintiff did not email a translated version of the document until May 30, 2017. ECF No. 396 at 5; ECF No. 1-2. On June 12, 2017, the Agency mailed Plaintiff a notification that her LWOP request from May 18, 2017 through July 7, 2017, was denied. ECF No. 1-16 at 172.

On June 30, 2017, Plaintiff was terminated, effective immediately, due to attendance issues. ECF No. 396 at 6. The termination letter, which was sent to her home address in New Mexico, stated that "[t]he decision to terminate you immediately in lieu of a two (2) week notice is due to your absent without leave (AWOL) status since May 21, 2017." ECF No. 1-16 at 175. On July 1, 2017, Plaintiff emailed her supervisors advising them that she would need to stay in Russia beyond July 7, 2017, the date initially requested, and asked for another leave request form. ECF No. 1-5 at 2. On July 3, 2017, her supervisor emailed her a copy of the termination letter. ECF No. 1-3.

Plaintiff returned to the United States in August 2017. ECF No. 1-5 at 6. She initiated the Equal Employment Opportunity ("EEO") counseling process on September 19, 2017. ECF No. 1-8 at 8. Her case was referred for a final agency decision on May 8, 2018. ECF No. 1-17 at 4.

In her complaint, Plaintiff makes conclusory allegations that her employment was terminated because she is a woman, because she was intending to get pregnant, and because of her alleged disability. She also alleges differential treatment of two other female employees and the hiring of two male technicians "to substitute" her. ECF No. 1 at 8, 17, 21. Defendants have denied these allegations, *see* ECF No. 396 at 7, 11, and therefore they may not be considered in the motion under Rule 12(c).

## III. LEGAL STANDARDS

A motion for judgment on the pleadings is appropriate where "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  When evaluating the motion, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  *Id.*  It is not proper to consider materials beyond the pleadings or not subject to judicial notice without converting the motion into one for summary judgment.  *Id.*  "A plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense which, if proved, would defeat plaintiff's recovery." *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (citing *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989)).

## IV. ARGUM ENT

### A. Plaintiff's Additional Evidence And Allegations May Not Be Considered.

In her motion, Plaintiff references a number of materials that are not part of the pleadings.  For example, Plaintiff references her job application, ECF No. 410 at 3, but this document was not attached to her complaint nor did Plaintiff reference it in her complaint, *see generally* ECF No. 1.  Plaintiff also excerpts from the job application of Mr. Williams, but his application is not part of Plaintiff's complaint. ECF No. 410 at 5-14, 26.  The Court may not consider these materials in deciding a motion for judgment on the pleadings.  To the extent the Court intends to treat Plaintiff's motion as one for summary judgment, Defendants request a reasonable opportunity to "present all material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d).

### B. The Pleadings Do Not Establish That Plaintiff Was Discriminated Against On The Basis Of Sex.

Considering the facts as established by the pleadings alone, Plaintiff has not established that she has been discriminated against on the basis of sex (including pregnancy) as a matter of law.  Title VII, as amended, makes it "an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). The terms "because of sex" or "on the basis of sex" include, "but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work . . . ." 42 U.S.C. § 2000e(k). The Pregnancy Discrimination Act of 1978 ("PDA") amended the term "on the basis of sex" to encompass "pregnancy, childbirth, or related medical conditions." 42 U.S.C §2000e(k). Congress extended the protections of Title VII to federal employees in 1972. 42 U.S.C.A. § 2000e-16. That provision states, "[a]ll personnel actions affecting employees or applicants for employment . . . in executive agencies . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-16(a).

To state a prima facie discrimination case under Title VII, a plaintiff is required to establish that she: (1) is a member of a protected class; (2) performed her job satisfactorily; (3) suffered an adverse employment action; and (4) was treated less favorably than a similarly situated, non-protected employee. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). If a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment decision. *Texas Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 253-55 (1981); *Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 637 (8th Cir. 2011). Once the employer has articulated a legitimate, non-discriminatory reason for its action, the burden shifts back to the plaintiff, who must demonstrate that the employer's proffered reason is a pretext for intentional discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510-12 (1993).

Plaintiff's complaint and Defendants' answer do not establish that Plaintiff was performing her job satisfactorily or that she was treated less favorably than similarly situated, non-protected employees. Further, the pleadings do not show that Defendants are unable to show a "legitimate, nondiscriminatory reason" for terminating Plaintiff's employment.

<u>Satisfactory job performance.</u>  The pleadings establish that Plaintiff was qualified for her job

when she was hired, ECF 396 at 2, but contain no further allegations or admissions regarding her performance after she began working at the VA. The pleadings therefore do not establish the first element of Plaintiff's prima facie case: that she was performing her job satisfactorily. For this reason alone, the Court should deny Plaintiff's motion for judgment on the pleadings.

Less favorable treatment. The pleadings do not establish that Plaintiff was treated less favorably than other similarly situated, non-protected employees. Her original complaint referenced two female colleagues "who were not pregnant" and the hiring of two male technicians "to substitute" her, *see* ECF No. 1 at 8, 17, but Defendants have denied these allegations, *see* ECF No. 396 at 7, 11. They therefore may not be relied on to establish Plaintiff's claim in a motion for judgment on the pleadings. *See Hal Roach Studios*, 896 F.2d at 1550 ("[T]he allegations of the moving party which have been denied are assumed to be false."). There are no other facts cognizable in the pleadings to show that Plaintiff was treated less favorably than another, similar employee. Plaintiff's motion therefore fails.

Legitimate, nondiscriminatory reason. The pleadings also do not establish that Defendants will be unable to show that Plaintiff was terminated for a legitimate, nondiscriminatory reason. Rather, the facts of the pleadings establish that Plaintiff was terminated because she failed to obtain approved leave before taking a months-long personal trip to Russia. No other facts are established by the pleadings to suggest that Plaintiff's termination was in fact based on the reason for her trip to Russia rather than the fact that she was absent without leave. Because "the answer raises issues of fact . . . which, if proved, would defeat plaintiff's recovery," Plaintiff's motion should be denied. *Qwest Commc'ns Corp.*, 208 F.R.D. at 291.

### C. The Pleadings Do Not Establish A Claim Under The Rehabilitation Act.

The pleadings do not establish that Plaintiff was discriminated against or that the VA failed to accommodate her on the basis of her disability, which she describes as an inability to "give birth to children in a natural way." ECF No. 1 at 21. Discrimination is defined to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . ., unless [the] covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). The threshold requirement for a Rehabilitation Act claim is that the plaintiff establish

1 that she has a "disability" within the meaning of the ADA. Under the ADA, "an individual is disabled if that individual [] has a physical or mental impairment that substantially limits one or more of the individual's major life activities []." *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004); 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g). Once established, to make a claim of discrimination on the basis of a failure to accommodate, a plaintiff must prove that: (1) she is an individual who has a disability within the meaning of the ADA, (2) the defendant has notice of her disability, (3) with a reasonable accommodation she could perform the essential functions of the position sought (i.e., that she was a qualified individual), and (4) the employer has refused to make such accommodations. *See Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir 2018).

Plaintiff's claim for discrimination under the Rehabilitation Act fails because the pleadings do not establish that her purported disability has "substantially limited one or more of the individual's major life activities." *Coons*, 383 F.3d at 884. The pleadings also do not show that Plaintiff could perform the essential functions of her job if she were to be afforded her requested accommodation (i.e., lengthy periods of unpaid leave). And the pleadings do not establish that Defendants refused to make the requested accommodation, but rather only show that her leave request was denied when not properly requested. The pleadings are not sufficient to establish that Plaintiff is entitled to judgment as a matter of law. Her motion should be denied.

## V. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for judgment on the pleadings.

DATED: July 8, 2021

Respectfully submitted,

STEPHANIE M. HINDS
Acting United States Attorney

*/s/ Adrienne Zack*
ADRIENNE ZACK
Assistant United States Attorney

Attorneys for Defendants