1  Tatyana Evgenievna Drevaleva

2  3015 Clement St., Apt. 204,

3  San Francisco, CA, 94121

4  415-954-2116, tdrevaleva@gmail.com

5  Plaintiff in Pro Per

6

7                    THE UNITED STATES DISTRICT COURT

8                    FOR NORTHERN CALIFORNIA

9

10                                                    )   Case No. 3:18-cv-03748-JCS
                                                      )
         Tatyana E. Drevaleva                         )   Reply to **Ms. Zack's** (as opposed to
11                                                    )
                    *Plaintiff*,                      )   "Defendants' ")  Non-Opposition to my
12                                                    )
                    vs.                               )   First Motion to Transfer my Lawsuit
13                                                    )
     1)  The U.S. Department of Veterans              )   No. 3:18-cv-03748-JCS to the District
14       Affairs                                      )
                                                      )   Court of New Mexico for a Jury Trial,
15   2)  Mr. Denis Richard McDonough in his           )
         capacity as a Secretary of the U.S.          )   Article III, Section 2 of the U.S.
16       Department of Veterans Affairs               )
                                                      )   Constitution; *Young v. United Parcel
17       810 Vermont Avenue, NW,                      )
         Washington, D.C. 20420                       )   Service, Inc*., 575 U.S. ___ (2015);
18                                                    )
                    *Defendant*                       )   the F.R.C.P. Rules 38 and 39;
19                                                    )
     Facility:                                        )   42 U.S. Code § 1981a(c.)
20                                                    )
         New Mexico VA Healthcare System              )
21       1501 San Pedro Drive, S.E.                   )
         Albuquerque, NM, 87108                       )
22                                                    )   Date: August 20, 2021
                                                      )
23                                                    )   Time: 09:30 AM
                                                      )
24                                                    )   Location: Courtroom F – 15th Floor
                                                      )
25                                                    )   450 Golden Gate Avenue,
                                                      )
26                                                    )   San Francisco, CA 94102
                                                      )
27                                                    )   Judge: The Hon. Chief Magistrate
                                                      )
28  _____ )               Judge Joseph C. Spero

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

# TABLE OF CONTENTS

I.   Statement of Facts……………………………………………………………………7

II.  Legal Standard……………………………………………………………………8

       **Part 1**. Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978……………………………………………………...8

       **Part 2**. The Rehabilitation Act of 1973……………………………………...11

       **Part 3**. The Age Discrimination in Employment Act of 1967 (the ADEA)…………14

       **Part 4**. Criminal Laws pursuant to 18 U.S.C. 246 and 241…………………………15

       **Part 5**. I am respectfully asking the District Court to allow the Parties to file Supplemental Briefs regarding Sections 504 and 508 of the Rehabilitation Act of 1973……………………………....17

III. Conclusion………………………………………………………………………18

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

1

## TABLE OF AUTHORITIES

2

3  **Statutes**

4  The U.S. Constitution…………………………………………………………16

5       Article III, Section 2 of the U.S. Constitution………………………………17, 18

6  The Administrative Procedure Act or 5 U.S.C. §§ 701-706…………………………12, 14

7       also cited as "chapter 7 of title 5"……………………………………………12

8  The Age Discrimination in Employment Act of 1967 (the ADEA)………………………8, 14-19

9       29 U.S.C. §623…………………………………………………………………8

10       29 U.S. Code § 626…………………………………………………………..8

11       29 U.S. Code § 626(c)(2)……………………………………………………...15

12       29 U.S.C. § 633a……………………………………………………………8, 18

13       29 U.S.C. § 633a(c)………………………………………………………14, 15

14  The Americans with Disabilities Act of 1990 (ADA)………………………………………8

15       42 U.S.C. § 12102……………………………………………………………8

16       42 U.S.C. § 12112……………………………………………………………8

17  The Civil Rights Act of 1988

18       42 U.S.C. § 1981a…………………………………………………………...13

19  The Civil Rights Act of 1964

20       Title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.)…………12, 13, 14, 16

21            42 U.S. Code § 2000d–1……………………………………………...12, 13

22            42 U.S. Code § 2000d–2……………………………………………………12

23       Title VII of the Civil Rights Act of 1964……………………………7, 8, 10, 11, 16, 19

24            section 706 (42 U.S.C. 2000e–5)………………………………………9, 10, 12

25            section 706(e)(3) (42 U.S.C. 2000e–5(e)(3))………………………………...11, 12

26            sections 706(f) through 706(k) (42 U.S.C. 2000e–5(f) through (k))……………11

27            42 U.S.C. § 2000e-5(f)(3)…………………………………………………...9-11

28            42 U.S.C. § 2000e-5(g)(1)…………………………………………………13

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16)…………..7, 11

42 U.S. Code § 2000e–16(c)……………………………………………9

The Pregnancy Discrimination Act of 1978 or 42 U.S.C. §2000e(k)…………..7, 8

The Rehabilitation Act of 1973, as amended (29 U.S.C. 701, et seq.)………………..8, 10, 11, 19

Section 501 of the RA, also cited as "section 791 of this title"…………………11, 17, 19

Section 504 of the RA, also cited as "section 794 of this title"………………11, 12, 17-19

29 U.S.C. § 794a(a)(1)………………………………………………..11

29 U.S.C. § 794a(a)(2)………………………………………………12, 14

Section 508 of the RA…………………………………………………17-19

The Lilly Ledbetter Fair Pay Act of 2009……………………………………..15, 17, 18

The United States Code

18 U.S.C. § 241………………………………………………………15-18

18 U.S.C. § 246…………………………………………………………15

28 U.S.C. § 1404……………………………………………………….10

28 U.S.C. § 1406……………………………………………………….10

The U.S. Code of Federal Regulations

29 CFR Appendix to Part 1604, Questions and Answers

on the Pregnancy Discrimination Act,

Public Law 95-555, 92 Stat. 2076, (1978)……………………………………..7

29 CFR 1625.2………………………………………………………….8

The Executive Orders

the Executive Order 11478……………………………………………….7, 9

the Executive Order 13548………………………………………………..8

**The Federal Agency's Regulations**

The Federal Agency Employment Strategies:

A Framework For Disability Inclusion……………………………………………8

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

The Handbook on Leave and Workplace Flexibilities for

      Childbirth, Adoption, and Foster Care of the Office

      of the Personnel Management (OPM) of the VA System…………………………………7

The Standard Form 256- Self-Identification of Disability……………………………………...8


**The California Statute**

California Government Code Section 14…………………………………………………...10


**Article**

Woman Entitled to Pursue Claims Based on Firing

      by U.S. Over Trip to Russia for IVF……………………………………………...20

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

**Case Law**

*Boyd v. United States Postal Service*, 752 F.2d 410 (9th Cir. 1985)…………………………17

*Brown v. GSA*, 425 U.S. 820 (1976)……………………………………………………………8

*Clark v. Vilsack*, 19-394 (JEB), U.S. District Court

      for the District of Columbia, May 27, 2021……………………………………………...18

*Fernandez v. Brock*, 840 F.2d 622, 632 (9th Cir. 1988)……………………………………10

*Lehman v. Nakshian*, 453 U.S. 156 (1981)…………………………………………………15

*McWright v. Alexander*, 982 F.2d 222 (7th Cir. 1992)……………………………………..17

*Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 69 (2004)…………………….....9

*Tin Cup, LLC, an Alaska limited liability company, v.*

      *United States Army Corps of Engineers*,

      No. 17-35889 (9th Circuit, 2018)…………………………………………………………9

*UNITED STATES OF AMERICA, Plaintiff-Appellant, v.*

      *STATE OF WASHINGTON; JAY ROBERT INSLEE,*

      *in his official capacity as Governor of the State of Washington;*

      *JOEL SACKS, in his official capacity as Director of*

      *the Washington State Department of Labor and Industries;*

      *WASHINGTON STATE DEPARTMENT OF LABOR & INDUSTRIES,*

      No.19-35673 (9th Circuit, August 20, 2020)………………………………………………10

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

## MEMORANDUM OF POINTS AND AUTHORITIES

**Statement of Facts.**

The facts of this case are undisputed. On June 30, 2017, while being in Russia for the purpose of undergoing a complete medical examination and performing an In-Vitro Fertilization (IVF) procedure, I was fired by the New Mexico VA Health Care System without previously being given a Notice and an opportunity to be heard.

On September 07, 2017, I underwent an unsuccessful Mediation with my former Manager Ms. Carla Dunkelberger who refused to reinstate me back to work. After the Mediation, I filed a formal EEO claim No. 200P-0501-2017103883 that was negligently processed by the Investigator Mr. Dennis Hayo. Please, notice that the Office of Resolution Management never issued a Determination of my EEO claim.

On June 25, 2018, I filed an Original Complaint for Employment Discrimination No. 3:18-cv-03748-JCS at the U.S. District Court for the Northern District of California. In this Complaint, I claimed the following Discrimination causes of action:

1) Pregnancy Discrimination, I cited:

    a) the Pregnancy Discrimination Act or 42 U.S.C. §2000e(k)

    b) 29 CFR Appendix to Part 1604, Questions and Answers on the Pregnancy Discrimination Act, Public Law 95-555, 92 Stat. 2076, (1978), and

    c) The Handbook on Leave and Workplace Flexibilities for Childbirth, Adoption, and Foster Care of the Office of the Personnel Management (OPM) of the VA System

    **(ER 03748 Vol. 1, from page 11, line 23 to page 15, line 17)**

1) Sex Discrimination in violation of:

    a) Title VII of the Civil Rights Act of 1964, as amended (42 U.S. Code § 2000e–16 - Employment by Federal Government)

    b) the Executive Order 11478 -- Equal employment opportunity in the Federal Government

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

c) The Pregnancy Discrimination Act of 1978 or 42 U.S.C. §2000e(k)

d) *Brown v. GSA*, 425 U.S. 820 (1976)

(**ER 03748 Vol. 1, from page 15, line 18 to page 18, line 6**)

2) Age Discrimination, I cited:

    a) The Age Discrimination in Employment Act (ADEA) – 29 U.S.C. §623

    b) 29 U.S. Code § 633a - Nondiscrimination on account of age in Federal Government employment

    c) 29 U.S. Code § 626 - Recordkeeping, investigation, and enforcement

    d) 29 CFR 1625.2 - Discrimination prohibited by the Act

(**ER 03748 Vol. 1, from page 18, line 7 to page 19, line 6**)

3) Disability Discrimination, Failure to Provide with Reasonable Accommodations, I cited:

    a) The Executive Order 13548 of July 26, 2010 signed by President Barack Obama

    b) The Americans with Disabilities Act of 1990 (ADA):

        (i)    42 U.S.C. §12102

        (ii)    42 U.S.C. §12112. Discrimination

    c) The Standard Form 256- Self-Identification of Disability

    a) The Rehabilitation Act of 1973, as amended (29 U.S.C. 701, et seq.)

    b) The Federal Agency Employment Strategies: A Framework For Disability Inclusion

(**ER 03748 Vol. 1, from page 19, line 7 to page 22, line 7**.)

**Legal Standard.**

    Below, I will explain the U.S. District Court for the Northern District of California **has** jurisdiction over my lawsuit No.3:18-cv-03748-JCS.

    **Part 1**. Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978.

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

Read Title VII of the Civil Rights Act of 1964 or 42 U.S. Code § 2000e–16 - Employment by Federal Government,

"**(c) Civil action by employee or applicant for employment for redress of grievances; time for bringing of action; head of department, agency, or unit as defendant**

Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a), or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in **section 2000e–5 of this title**, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."

Read 42 U.S.C. § 2000e-5(f)(3),

"(3) **Each United States district court** and each United States court of a place subject to the jurisdiction of the United States **shall[1] have jurisdiction of actions brought under this subchapter**...."

Please, notice that the plain language of 42 U.S.C. § 2000e-5(f)(3) imposes a mandatory obligation (the word "shall") on **each** United States District Court (including the U.S. District

---

[1] A mandatory obligation, see *Tin Cup, LLC, an Alaska limited liability company, v. United States Army Corps of Engineers*, No. 17-35889 (9th Circuit, 2018) citing *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 69 (2004.)

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

1    Court for the Northern District of California) to have jurisdiction of actions brought under 42

2    U.S.C. § 2000e-5.

3        Now, I am responding to Ms. Zack's frivolous assertion that, page 1, lines 22-23 of the

4    Non-Opposition, "Defendants note that **jurisdiction** in this district is not proper pursuant to the

5    jurisdiction provisions of Title VII and the Rehabilitation Act."

6        Please, read the plain language of 42 U.S.C. § 2000e-5(f)(3),

7        "… Such an action **may**[2] be brought in any judicial district in the State in which the

8    unlawful employment practice is alleged to have been committed, in the judicial district in which

9    the employment records relevant to such practice are maintained and administered, or in the

10   judicial district in which the aggrieved person would have worked but for the alleged unlawful

11   employment practice, but if the respondent is not found within any such district, such an action

12   may be brought within the judicial district in which the respondent has his principal office. For

13   purposes of sections 1404 and 1406 of title 28, the judicial district in which the respondent has

14   his principal office shall in all cases be considered a district in which the action might have been

15   brought."

16

17       Read *UNITED STATES OF AMERICA, Plaintiff-Appellant, v. STATE OF*

18   *WASHINGTON; JAY ROBERT INSLEE, in his official capacity as Governor of the State of*

19   *Washington; JOEL SACKS, in his official capacity as Director of the Washington State*

20   *Department of Labor and Industries; WASHINGTON STATE DEPARTMENT OF LABOR &*

21   *INDUSTRIES*, No.19-35673 (9th Circuit, August 20, 2020), page 14, Footnote 6 (continued from

22   page 13), "*Fernandez v. Brock*, 840 F.2d 622, 632 (9th Cir. 1988) ("'**May**' **is a permissive**

23

24   _____

25   [2] Read the California Government Code Section 14,

26       " "Shall" is mandatory and "may" is **permissive**."

27       (*Enacted by Stats. 1943, Ch. 134.*)

28

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

**word**, and we will construe it to vest **discretionary power** absent a clear indication from the context that Congress used the word in a mandatory sense.").''

Therefore, contrary to Zack's frivolous assertion, pursuant to 42 U.S.C. § 2000e-5(f)(3), the U.S. District Court for the Northern District of California **has jurisdiction** over my Title VII Cause of Action.

**Part 2**. The Rehabilitation Act of 1973.

Now, please, read 29 U.S.C. § 794a(a)(1) that was also cited by Ms. Zack in her Non-Opposition on page 1, line 27,

"**(a)**

**(1)** The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (**42 U.S.C. 2000e–16**), including the application of sections 706(f) through 706(k) (**42 U.S.C. 2000e–5(f)** through (k)) (and the application of section 706(e)(3) (42 U.S.C. 2000e–5(e)(3)) to claims of discrimination in compensation), **shall**[3] be available, with respect to any complaint under **section 791 of this title**, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by the failure to take final action on such complaint. In fashioning an equitable or affirmative action remedy under such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy."

Therefore, in her Non-Opposition, Ms. Zack mentioned only **Section 501** of the Rehabilitation Act of 1973, and Ms. Zack failed to mention Section 504 of the RA.

---

[3]  Mandatory obligation.

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

Please, see what remedies are available pursuant to Section 504 of the RA, read 29 U.S.C. § 794a(a)(2),

"**(2)** The remedies, procedures, and rights set forth in **title VI of the Civil Rights Act of 1964** (**42 U.S.C. 2000d et seq**.) (and in subsection **(e)(3) of section 706 of such Act** (**42 U.S.C. 2000e–5**), applied to claims of discrimination in compensation) **shall**[4] be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under **section 794 of this title**."

Please, read 42 U.S. Code § 2000d–2. Judicial review; administrative procedure provisions,

"Any department or agency action taken pursuant to section 2000d–1 of this title **shall**[5] be subject to such judicial review **as may otherwise be provided by law for similar action taken by such department or agency on other grounds**. In the case of action, not otherwise subject to judicial review, terminating or refusing to grant or to continue financial assistance upon a finding of failure to comply with any requirement imposed pursuant to **section 2000d–1 of this title**, any person aggrieved (including any State or political subdivision thereof and any agency of either) may obtain judicial review of such action **in accordance with chapter 7 of title 5**,[6] and such action shall not be deemed committed to unreviewable agency discretion within the meaning of that chapter.

(Pub. L. 88–352, title VI, § 603, July 2, 1964, 78 Stat. 253.)"


Read 42 U.S.C. § 2000e-5(e)(3),

"**(e) Time for filing charges; time for service of notice of charge on respondent; filing of charge by Commission with State or local agency; seniority system**

**(3)**

---

[4] Mandatory obligation.

[5] Mandatory obligation.

[6] The Administrative Procedure Act or 5 U.S.C. §§ 701-706.

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

**(A)** For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

**(B)** In addition to any relief authorized by **section 1981a of this title**, liability may accrue and an aggrieved person may obtain relief as provided in **subsection (g)(1)**, including recovery of back pay for up to two years preceding the filing of the charge, where the unlawful employment practices that have occurred during the charge filing period are similar or related to unlawful employment practices with regard to discrimination in compensation that occurred outside the time for filing a charge.”

Read 42 U.S. Code § 2000d–1. Federal authority and financial assistance to programs or activities by way of grant, loan, or contract other than contract of insurance or guaranty; rules and regulations; approval by President; compliance with requirements; reports to Congressional committees; effective date of administrative action,

“Each Federal department and agency which is empowered to extend Federal financial assistance to **any program or activity**, by way of grant, loan, or contract other than a contract of insurance or guaranty, is authorized and directed to effectuate the provisions of **section 2000d of this title** with respect to such program or activity by issuing rules, regulations, or orders of general applicability which shall be consistent with achievement of the objectives of the statute authorizing the financial assistance in connection with which the action is taken. No such rule, regulation, or order shall become effective unless and until approved by the President. Compliance with any requirement adopted pursuant to this section may be effected (1) by the termination of or refusal to grant or to continue assistance under such program or activity to any recipient as to whom there has been an express finding on the record, after opportunity for

hearing, of a failure to comply with such requirement, but such termination or refusal shall be limited to the particular political entity, or part thereof, or other recipient as to whom such a finding has been made and, shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found, or (2) by any other means authorized by law: Provided, however, That no such action shall be taken until the department or agency concerned has advised the appropriate person or persons of the failure to comply with the requirement and has determined that compliance cannot be secured by voluntary means. In the case of any action terminating, or refusing to grant or continue, assistance because of failure to comply with a requirement imposed pursuant to this section, the head of the Federal department or agency shall file with the committees of the House and Senate having legislative jurisdiction over the program or activity involved a full written report of the circumstances and the grounds for such action. No such action shall become effective until thirty days have elapsed after the filing of such report.

(Pub. L. 88–352, title VI, § 602, July 2, 1964, 78 Stat. 252.)"

Therefore, the plain language of 29 U.S.C. § 794a(a)(2) and the internal citations within this code section authorize the District Court to hold a Jury Trial in the State of New Mexico as well as to maintain an action pursuant to the Administrative Procedure Act or 5 U.S.C. §§ 701-706.

**Part 3**. The Age Discrimination in Employment Act of 1967 (the ADEA.)

Now, please, let us discuss the Age Discrimination in Employment Act of 1967 (the ADEA) or 29 U.S.C. § 633a. Nondiscrimination on account of age in Federal Government employment,

"**(c) Civil actions; jurisdiction; relief**

Any person aggrieved may bring a civil action in **any** Federal district court of competent jurisdiction for such **legal** or **equitable relief** as will effectuate the purposes of this chapter."

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

Therefore, the plain language of 29 U.S.C. § 633a(c) allows the U.S. District Court for the Northern District of California to maintain my Age Discrimination Cause of Action against the Secretary of the U.S. Department of Veterans Affairs for firing me **because of** (the "but-for") my age and hiring Mr. David Williams who is substantially younger that I am.

Also, I am respectfully asking the U.S. District Court for the Northern District of California to resolve the following issue: Whether a **Federal** employee is eligible to demand a **Jury Trial** in the **Age Discrimination** Cause of Action, see *Lehman v. Nakshian*, 453 U.S. 156 (1981) that held that the Federal employees were **not** eligible for a Jury Trial in the ADEA Cause of Action.

However, during the litigation of my Supplemental Briefs in support to myFirst Motion to Vacate the Judgment in case No. 4:19-cv-02665-HSG before Alsup, I argued that, pursuant to the Lilly Ledbetter Fair Pay Act of 2009, Federal employees **became eligible** for a Jury Trial in the ADEA Cause of Action.

As always, Alsup paid zero attention to all my arguments., and Alsup failed to resolve this issue.

Please, notice that **not** Federal employees are mandatorily (the word "shall") entitled to a Jury Trial in the ADEA Cause of Action, see 29 U.S. Code § 626. Recordkeeping, investigation, and enforcement, subdivision (c)(2),

"(2) In an action brought under paragraph (1), a person **shall** be entitled **to a trial by jury of any issue of fact** in any such action **for recovery of amounts** owing as a result of a violation of this chapter, regardless of whether equitable relief is sought by any party in such action."

I am respectfully asking the U.S. District Court for the Northern District of California to allow the Parties to submit the Supplemental Briefs about whether a Federal employee is eligible for a Jury Trial in the ADEA Cause of Action.

**Part 4**. Criminal Laws pursuant to 18 U.S.C. 246 and 241.

Please, notice that the plain language of 18 U.S. Code § 246 does **not** include **age.**

"Whoever directly or indirectly deprives, attempts to deprive, or threatens to deprive any person of any employment, position, work, compensation, or other benefit provided for or made possible in whole or in part by any Act of Congress appropriating funds for work relief or relief purposes, on account of political affiliation, **race, color, sex, religion, or national origin**, shall be fined under this title, or imprisoned not more than one year, or both.

(Added Pub. L. 94–453, § 4(a), Oct. 2, 1976, 90 Stat. 1517; amended Pub. L. 103–322, title XXXIII, § 330016(1)(L), Sept. 13, 1994, 108 Stat. 2147.)"

However, please, notice that the plain language of 18 U.S. Code § 241 states "**laws of the United States**" that includes the ADEA,

"**If two or more persons** conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or **laws of the United States**, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(June 25, 1948, ch. 645, 62 Stat. 696; Pub. L. 90–284, title I, § 103(a), Apr. 11, 1968, 82 Stat. 75; Pub. L. 100–690, title VII, § 7018(a), (b)(1), Nov. 18, 1988, 102 Stat. 4396; Pub. L. 103–322, title VI, § 60006(a), title XXXII, §§ 320103(a), 320201(a), title XXXIII, § 330016(1)(L), Sept. 13, 1994, 108 Stat. 1970, 2109, 2113, 2147; Pub. L. 104–294, title VI, §§ 604(b)(14)(A), 607(a), Oct. 11, **1996**, 110 Stat. 3507, 3511.)"

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

I believe I am eligible for a jury trial in the ADEA cause of action pursuant to Article III, Section 2 of the U.S. Constitution that mandates (the word "shall") to try all crimes by the Jury at the State where the crime occurred, and pursuant to 18 U.S. Code § 241 because "**two or more persons**" (Ms. Carla Dunkelberger and Ms. Adrienne Zack) **conspired** with each other in order:

1) Ms. Dunkelberger - to fire me **because of** my age

2) Ms. Zack - **to cover up** a criminal activity of Ms. Dunkelberger who fired me because of my age. Please, notice that in her June 04, 2021 Answer to my Original June 25, 2018 complaint No. 3:18-cv-03748-JCS, Ms. Zack carefully deleted all reference to my age, see my First and Second Motions to Strike Ms. Zack's Answer. Therefore, I am alleging that Ms. Dunkelberger could have possibly conspired with Ms. Zack with a criminal goal to deny my right for relief on account of my **age**. Because I am alleging a criminal conspiracy between Ms. Dunkelberger and Ms. Zack, I believe that I am entitled to a Jury Trial in the  ADEA Cause of Action pursuant to Article III, Section 2 of the U.S. Constitution and pursuant to 18 U.S. Code § 241.

Also, I believe that I am entitled to a Jury Trial in the ADEA Cause of Action in New Mexico pursuant to the Lilly Ledbetter Fair Pay Act of 2009.

**Part 5**. I am respectfully asking the District Court to allow the Parties to file Supplemental Briefs regarding Sections 504 and 508 of the Rehabilitation Act of 1973.

Also, I am respectfully asking the Court to allow the Parties to file Supplemental Briefs regarding Section 504 of the Rehabilitation Act. As the Court knows, the 9th Circuit held in case *Boyd v. United States Postal Service*, 752 F.2d 410 (9th Cir. **1985**) that a Federal employee is eligible to recover damages only pursuant Section 501 of the Rehabilitation Act of 1973. However, other Circuits allowed Federal Plaintiffs to recover damages also pursuant to Section 504 of the Rehabilitation Act of 1973, see *McWright v. Alexander*, 982 F.2d 222 (7th Cir. **1992**.)

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

However, during the litigation of my lawsuit No. 4:19-cv-02665-HSG before Alsup, I argued that, pursuant to the Lilly Ledbetter Fair Pay Act of **2009**, Federal Plaintiffs became eligible to recover damages pursuant to Section 504 of the Rehabilitation Act of 1973. As always, Alsup kicked me out of my lawsuit and failed to resolve this issue.

I am respectfully asking the District Court for the Northern District of California to allow the Parties to file Supplemental Briefs and to discuss whether a Federal Employee is eligible for a Jury Trial pursuant to Section 504 of the Rehabilitation Act and what kind of damages the Jury can award to the Federal Plaintiff pursuant to Section 504 of RA.

Also, on May 30, 2021 I filed a Supplemental Brief regarding the case law *Clark v. Vilsack*, 19-394 (JEB), U.S. District Court for the District of Columbia, May 27, 2021 and regarding Section 508 of the Rehabilitation Act (Doc. No. 395.) I am respectfully asking the Court to allow the Parties to file Supplemental Briefs and to discuss the scope of damages that the Federal Employee is eligible to recover pursuant to Section 508 of the Rehabilitation Act and whether a Federal Employee is eligible for a Jury Trial pursuant to Section 508 of the RA.

**Conclusion**.

I am respectfully asking the District Court:

1) To allow the Parties to file Supplemental Briefs about whether a Federal Employee is entitled to a Jury Trial pursuant to the ADEA or 29 U.S.C. § 633a and pursuant to the Lilly Ledbetter Fair Pay Act of 2009

2) To determine whether I am entitled to a Jury Trial in the ADEA Cause of Action in the State of New Mexico pursuant to Article III, Section 2 of the U.S. Constitution and pursuant to 18 U.S. Code § 241

3) To determine what the purpose of the Jury Trial in the Age Discrimination Cause of Action is (to be precise, to determine what damages I am eligible to demand – reinstatement, back pay, compensatory, liquidated, consequential, punitive, etc.)

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

4) To determine what exactly purpose of the Jury Trial in the ADEA Cause of Action would be (fact finding, or to ask the Jury to determine the amount of the damages, or for other purposes)

5) If the Court determines that the Court is eligible to conduct a **bench trial** in the ADEA Cause of Action in San Francisco, I am respectfully asking the Court to conduct a bench trial without a Jury in the ADEA Cause of Action in San Francisco as soon as possible

6) I am respectfully asking the Court to allow the Parties to file Supplemental Briefs regarding Title VII of the Civil Rights Act of 1964 and to discuss what kind of damages I can recover. Please, notice that the 9th Circuit remanded my Title VII Cause of Action back to the District Court for a further proceeding

7) I am respectfully asking the Court to allow the Parties to file Supplemental Briefs regarding Section 501 of the Rehabilitation Act of 1973 and to discuss what kind of damages I am eligible to recover pursuant to Section 501. Please, notice that the 9th Circuit remanded my "Rehabilitation Act" Cause of Action in general, without identifying whether it is Section 501, 504, or both, back to the District Court for a further proceeding

8) I am respectfully asking the Court to allow the Parties to file Supplemental Briefs regarding Section 504 of the Rehabilitation Act of 1973 and to discuss what kind of damages I am eligible to recover pursuant to Section 504.

9) I am respectfully asking the Court to allow the Parties to file Supplemental Briefs regarding Section 508 of the Rehabilitation Act of 1973 and to discuss what kind of damages I am eligible to recover pursuant to Section 508.

10) After determining what the purpose of the Jury Trial in New Mexico is, I am respectfully asking the District Court for the Northern District of California to transfer **only triable issues** to the District Court of New Mexico.

11) I am respectfully asking the District Court for the Northern District of California to resolve the issues of my lawsuit No. 3:18-cv-03748-JCS what the Court **can** resolve

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS

in California. It is expensive and inconvenient for me to frequently travel to New Mexico for hearings and other procedures if my **entire** lawsuit No. 3:18-cv-03748-JCS is transferred to New Mexico.

12) I am praying for any other Order that the Court deems just and proper. Please, see Exhibit 344 that is an article on the Internet named "Woman Entitled to Pursue Claims Based on Firing by U.S. Over Trip to Russia for IVF" that was written **in two days** after the 9th Circuit reversed the criminal Alsup's rulings in Appeal No. 19-16395. This Article is available at

http://www.metnews.com/articles/2020/Drevaleva11202020.htm

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on July 17, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

July 17, 2021.

Reply to Ms. Zack's Non-Opposition; No. 3:18-cv-03748-JCS