1  Tatyana Evgenievna Drevaleva

2  3015 Clement St., Apt. 204,

3  San Francisco, CA, 94121

4  415-954-2116, tdrevaleva@gmail.com

5  Plaintiff in Pro Per

THE UNITED STATES DISTRICT COURT

FOR NORTHERN CALIFORNIA

| | |
|---|---|
| Tatyana E. Drevaleva | Case No. 3:18-cv-03748-JCS |
| *Petitioner*, | First Administrative Motion for |
| vs. | Permission to File a Supplemental Brief |
| | in Support to my First Motion for |
| 1) The U.S. Department of Veterans Affairs | Judgment on the Pleadings and to Discuss |
| 2) Mr. Denis Richard McDonough in his capacity as a Secretary of the U.S. Department of Veterans Affairs | Whether I am Eligible to Present the Documents that are Outside the Pleading, |
| 810 Vermont Avenue, NW, Washington, D.C. 20420 | *Merrell v. All Seasons Resorts, Inc.,* 720 F. Supp. 815 (C.D. Cal. 1989); |
| *Defendants* | The Civil Local Rule 7-11; |
| Facility: | Memorandum of Points and Authorities; |
| New Mexico VA Healthcare System 1501 San Pedro Drive, S.E. Albuquerque, NM, 87108 | Declaration; Proposed Order. |
| | Location: Courtroom F – 15th Floor |
| | 450 Golden Gate Avenue, |
| | San Francisco, CA 94102 |
| | Judge: The Hon. Chief Magistrate Judge Joseph C. Spero |

AM for Permission to file a SB, No. 3:18-cv-03748-JCS

MEMORANDUM OF POINTS AND AUTHORITIES

**Statement of Facts**.

The facts of this case are undisputed. On June 25, 2018, I filed an Original Complaint for Employment Discrimination No. 3:18-cv-03748-JCS. In this Complaint, I wrote (**ER 03748 Vol. 1, page 9, lines 20-25**), "Talking over the phone with Ms. Nadya Das, I learned that Ms. Dunkelberger had hired two Monitor Technicians to substitute me. Both of them were males, and their ages were **30 and 35 years old**. …

I realized that I was discriminated **against my age 50 yo**., … . I realized that Ms. Dunkelberger had refused to reinstate me back to work because she hired **two young males** …"

However, at the time of filing my Original June 25, 2018 Complaint No. 3:18-cv-03748-JCS, I didn't have a documentary proof that Ms. Dunkelberger had hired the substantially younger employees. Please, notice that during the litigation of my lawsuit No. 3:18-cv-03748-JCS and all subsequent lawsuits, Alsup criminally continued the Case Management Conference and never allowed Discovery.

In 2019, during the litigation of my lawsuit No. 4:19-cv-02665-HSG, I obtained a material piece of evidence (Mr. Williams' Resume and his Standard Form 10-2850c) that could confirm my Age Discrimination Cause of Action. Please, notice that I obtained this piece of evidence **after** Alsup entered a final Judgment in the lawsuit No. 3:18-cv-03748-JCS in favor of Attorney Robinson (**not** in favor of Federal Defendants the U.S. Department of VA and Secretary of the U.S. Department of VA because both Defendants were absent from the lawsuit, see 38 CFR § 14.514(a).)

On November 18, 2020, the 9th Circuit ruled in my ADEA Cause of Action in Appeal No.19-16395, page 2, "Dismissal of Drevaleva's Age Discrimination in Employment Act ("ADEA") claim was proper **because Drevaleva failed to allege facts** sufficient to show that Drevaleva was discriminated against on the basis of her age. See Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1050 (9th Cir. 2012) (setting forth requirements for stating an ADEA claim)."

On March 11, 2021, the 9th Circuit remanded my lawsuit No. 3:18-cv-03748-JCS back to the District Court for a further proceeding. On June 17, 2021, I filed the First Motion for Judgment on the Pleadings (Doc. No. 410) where I attached a Resume and the Standard Form 10-2850c of Mr. Williams and where I asked the District Court to rule that I had been discriminated against my age.

On July 08, 2021, AUSA Ms. Zack issued an Opposition to my First MJP where she wrote, page 3, lines 15-22, "In her motion, Plaintiff references a number of materials **that are not part of the pleadings**. For example, Plaintiff references her job application, ECF No. 410 at 3, but this document was not attached to her complaint nor did Plaintiff reference it in her complaint, see generally ECF No. 1. Plaintiff also excerpts from the job application of Mr. Williams, **but his application is not part of Plaintiff's complaint**. ECF No. 410 at 5-14, 26. **The Court may not consider these materials in deciding a motion for judgment on the pleadings**. To the extent the Court intends to treat Plaintiff's motion as one for summary judgment, Defendants request a reasonable opportunity to "present all material that is pertinent to the motion." See Fed. R. Civ. P. 12(d)."

**Legal Standard.**

Afterwards, I found the case law *Merrell v. All Seasons Resorts, Inc.,* 720 F. Supp. 815 (C.D. Cal. 1989) that said,

"**B. Consideration of "outside materials"**

As an initial matter, plaintiff opposes the introduction of matters "outside the pleadings" into defendant's motion to dismiss. The outside matters referenced by defendant are statements made in the factual summary of defendant's motion to dismiss. The references objected to are (1) that the position of junior accountant required months of training, and (2) that plaintiff was informed of these requirements during her interview for this position.

Certainly, **matters outside the pleadings may be considered if the court converts a Rule 12(b) (6) motion into a Rule 56 motion**. *Carter v. Stanton*, 405 U.S. 669, 92 S. Ct. 1232, 31 L. Ed. 2d 569 (1972); *Townsend v. Columbia Operations*, 667 F.2d 844 (9th Cir.1982).

1 However, the court **must give the parties adequate notice** that it will rely on extraneous documents, and the parties must be allowed to present declarations, affidavits and other evidence in opposition to outside material. *Townsend*, 667 F.2d at 848 (notice proper where court requested supporting documents referenced in complaint 5 days before hearing and told counsel during opening argument that court would rely on documents provided). A motion to dismiss may be converted into a Rule 56 motion with proper notice unless **the authenticity of the outside statements** is challenged. Here, plaintiff disputes whether factual statements made without reference to the complaint are proper on a Rule 12(b) (6) motion. Only the propriety of the statements is challenged; their authenticity is not in issue.

This court may consider documents submitted for a Rule 12(b) (6) motion if the complaint specifically references those documents, **the authenticity of the documents is not disputed**, and the affirmative defenses provided by the documents are clearly presented on the face of the complaint. *Townsend*, 667 F.2d at 848-49. The statements are apparently introduced to assert an affirmative defense of just cause to the discriminatory discharge claim. An affirmative defense under Federal Rule of Civil Procedure 8(c) may properly be asserted on a motion to dismiss. *Townsend*, 667 F.2d 844; *Goodwin v. Elkins & Co.*, 730 F.2d 99, 113 (3d Cir.1984), cert. denied, 469 U.S. 831, 105 S. Ct. 118, 83 L. Ed. 2d 61 (1984). See also Wright & Miller, Federal Practice & Procedure (1987 Supp.), Civil, Section 1277 nn. 18-19, and Section 1357 nn. 41, 87, 94-95."

**Conclusion.**

The authenticity of Mr. Williams' Resume and his Standard Form 10-2850c can't be challenged because I obtained these documents from the EEO Investigative File during the litigation of my lawsuit No. 4:19-cv-02665-HSG.

I am respectfully asking the Court to allow me to file a Supplemental Brief where I will discuss the propriety of using Mr. Williams' both Resume and his Standard Form 10-2850c and my Resume in my First Motion for Judgment on the Pleadings.

1     I am respectfully asking the District Court to give the Parties a Notice that the Court
2 intends to use Mr. Williams' both Resume and Standard Form 10-2850c and my Resume for the
3 purpose of ruling on my First Motion for Judgment on the Pleadings.

5     I declare under the penalty of perjury and under the Federal laws that all foregoing is true
6 and correct. Executed at San Francisco, CA on July 17, 2021.

8     Respectfully submitted,

10     s/ Tatyana Drevaleva

12     Plaintiff Pro Se

14     Date: July 17, 2021.