UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-03748-HSG<br><br>**ORDER GRANTING MOTION TO TRANSFER AND DENYING OTHER MOTIONS**<br><br>Re: Dkt. Nos. 410, 411, 412, 422, 423, 424, 427, 428, 429, 430, 433, 442, 447, 449 |

On August 10, 2021 the case was reassigned to the undersigned.[1] Pending before the Court is Plaintiff's motion to transfer. Dkt. No. 430. Also pending before the Court are Plaintiff's motion for summary judgment, Dkt. No. 424, and various other motions. Dkt. Nos. 410, 411, 412, 422, 423, 427, 428, 429, 433, 442, 447, 449. For the following reasons, the Court **GRANTS** Plaintiff's motion to transfer and **DENIES** the remaining motions.

## I.   MOTIONS FOR LEAVE TO FILE SUPPLEMENTAL BRIEFS

On June 28, 2021, Judge Spero advised Plaintiff that the briefing schedules for motions and administrative motions are governed by Civil Local Rules 7-1 through 7-11, and that "[a]dditional briefs beyond the motion, opposition, and (in the case of a noticed motion) reply contemplated by those rules are not permitted without the Court's leave." Dkt. No. 415. Plaintiff has since filed three motions for leave to file supplemental briefs. Dkt. Nos. 423, 427, 433. None of those administrative motions address why Plaintiff could not have included the arguments she wishes to raise in the normal course of her motions and replies permitted under the Court's local rules. The Court thus **DENIES** Plaintiff's motions for leave to file supplemental briefs. It is

---

[1] Because Judge Spero has now recused from Plaintiff's cases, the Court **TERMINATES AS MOOT** her motion to disqualify him. Dkt. No. 442.

Plaintiff's responsibility to articulate her arguments in each of her filings, and Plaintiff should take sufficient time to include all arguments that she wishes to raise in the first instance. Plaintiff's failure to do so, leading to later efforts to supplement her filings, is inefficient and results in a needlessly lengthy docket.

## II.   MOTIONS TO STRIKE THE ANSWER

Plaintiff moves to strike Defendants' answer. Dkt. Nos. 411, 412, 422. A party may move the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, No. 13-CV-03679-LHK, 2014 WL 46553, at *3 (N.D. Cal. Jan. 6, 2014) (citing *Whittlestone*, 618 F.3d at 973).

The Court notes that Plaintiff effectively seeks reconsideration of Judge Spero's June 7, 2021 order denying her first motion to strike the answer. Dkt. No. 398. There is no basis for a motion for reconsideration. In any event, Plaintiff has not established any grounds to strike the answer. To the contrary, the Court finds many of Plaintiff's arguments frivolous. Accordingly, the Court **DENIES** Plaintiff's motions to strike the answer and **ORDERS** that Plaintiff may not file any further motions to strike the answer.

## III.   MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment based on Defendants' failure to file an answer within sixty days of service of her complaint. Dkt. No. 428. The Clerk has not entered Defendants' default. "Without first obtaining an entry of default against Defendants, Plaintiff's motion for default judgment is improperly before this Court." *Ardalan v. McHugh*, No. 13-CV-01138-LHK, 2013 WL 6212710, at *23 (N.D. Cal. Nov. 27, 2013). Accordingly, the Court **DENIES** Plaintiff's motion for default judgment.

### IV. MOTION FOR LEAVE TO SEEK PERMANENT INJUNCTION

On April 5, 2021, Judge Spero denied a motion for a preliminary injunction and prohibited Plaintiff from filing "any more motions for a preliminary injunction or for a temporary restraining order without leave of Court." Dkt. 345 at 7. Plaintiff now seeks leave to file a motion for a permanent injunction, citing only 38 C.F.R. § 23.530(d) as authority. Dkt. No. 449. She makes clear in an attached declaration that she is not seeking a preliminary injunction and thus, in her view, does not "need to satisfy four stupid and unnecessary elements of the Prima Facie Case in the irrelevant case law *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008)." Dkt. No. 449-1 ¶ 19. She proffers no evidence to support her claim and refuses to address the relevant legal standard. Moreover, she cites no authority suggesting the Court could enter a permanent injunction without entry of judgment. The Court thus **DENIES** Plaintiff's motion for leave to seek a permanent injunction.

### V. MOTION FOR SUMMARY JUDGMENT AND MOTION FOR LEAVE TO FILE STATEMENT OF UNDISPUTED FACTS

Plaintiff filed a motion for summary judgment. Dkt. No. 424. As an initial matter, Plaintiff seeks leave to file a separate statement of undisputed facts in support of her motion for summary judgment. Dkt. No. 429. Civil Local Rule 56-2(a) sets a default standard that neither joint nor separate statements of undisputed facts will be filed without a court order. Plaintiff has demonstrated no reason to depart from that rule, particularly given the parties' disagreements as to many of the facts of the case and whether those facts are actually disputed. The Court thus **DENIES** Plaintiff's motion for leave to file a statement of undisputed facts.

Plaintiff filed her motion for summary judgment under Rule 56(f), which permits a court, "[a]fter giving notice and a reasonable time to respond," to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." The Court finds there is no reason to consider summary judgment on its own. Accordingly, the Court **DENIES** Plaintiff's motion for summary judgment.

### VI. MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff moves for judgment on the pleadings. Dkt. No. 410. Under Federal Rule of Civil Procedure ("Rule") 12(c) a party may move for judgment on the pleadings "[a]fter the pleadings

3

are closed—but early enough not to delay trial." On a plaintiff's motion under Rule 12(c), "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false. . . . Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). The Court generally may not consider materials beyond the pleadings without converting the motion for judgment on the pleadings to a motion for summary judgment under Rule 12(d) and Rule 56. *See id.* Whether to invoke Rule 12(d) is left to the discretion of the Court. *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015).

Plaintiff's remaining claims in this case are for sex discrimination under Title VII and failure to accommodate disability under the Rehabilitation Act. Dkt. No. 291 (9th Cir. Mem.) at 5–6. To obtain judgment on the pleadings, Plaintiff would need to show that Defendants' admissions in their answer establish that she should prevail on her claims. She has not done so. As to her sex discrimination claim, Plaintiff has not shown that the pleadings compel a conclusion that her firing was discriminatory. With respect to her failure to accommodate claim, taking Defendants' denials and factual averments as true in this procedural context, *see* Dkt. No. 396 at 2, 4–5, there is at least a factual question as to whether permitting an employee to take leave for international travel on only one day's notice would have been a reasonable accommodation consistent with the requirements of Plaintiff's probationary position as a medical instrument technician. *See Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002) (citation omitted) ("The question whether a particular accommodation is reasonable 'depends on the individual circumstances of each case' and 'requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards.' "). Because Plaintiff has not shown that she is entitled to judgment as a matter of law, the Court **DENIES** Plaintiff's motion for judgment on the pleadings.

4

## VII. MOTION TO TRANSFER

Plaintiff seeks to transfer this case to the District of New Mexico. Dkt. Nos. 430. Defendants do not oppose transferring the case and contend that jurisdiction is improper in this district under 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. § 794a(a)(1).[2] Dkt. No. 431.

### A.  Legal standard

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). The transfer statute exists "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

Courts engage in a two-step analysis for motions to transfer. First, they determine "whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) (quoting 28 U.S.C. § 1404(a)). If so, the courts engage in an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622). Courts may consider the following factors: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in each forum. *See*, *e.g.*, *Perez v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2017 WL 66874, at *2 (N.D. Cal. Jan. 6, 2017); *Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-05205 YGR, 2014 WL 715082, at *2 (N.D. Cal. Feb. 14, 2014). Weighing the relevant factors is a matter of "the discretion of the trial judge." *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (citation and internal quotation marks omitted).

---

[2] Section 2000e-5(f)(3) provides that a Title VII case may be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice" (so long as "the respondent is . . . found within any such district"). Section 794a(a)(1) incorporates Title VII's procedures for the purpose of claims under the Rehabilitation Act.

### B. Discussion

Because the case concerns Plaintiff's termination from employment at a Veterans Affairs hospital in New Mexico, Plaintiff could have filed the case in the District of New Mexico. The Court thus finds that the threshold requirement is met. The Court also finds that on balance the discretionary factors weigh in favor of a transfer.

Plaintiff now seeks transfer, which tends to favor that course of action. As to the convenience of the parties, the Court takes Plaintiff's request for transfer as an admission that litigating in New Mexico is not inconvenient for her. Defendants are represented by the U.S. Attorney's Office, and could capably be represented by the U.S. Attorney for the District of New Mexico. The Court finds this factor is neutral.

The Court finds that the third, fourth, and seventh factors favor transfer because the underlying events occurred in New Mexico. As to convenience of witnesses, relevant potential witnesses, including Plaintiff's former supervisors and colleagues worked in New Mexico. There is no indication that any witness except Plaintiff herself is located in the Northern District of California. Similarly, while access to evidence is unlikely to be significantly affected by the choice of forum, that factor tends to favor transfer since employment records might be located at the hospital in New Mexico. As to local interest, while this case involves employment by the federal government and claims under federal law, New Mexico has some interest in resolving claims of employment discrimination occurring within that state.

As to familiarity with the law, both district courts are equally capable of applying the federal laws at issue. The Court thus finds this factor is neutral. But the Court finds that relative court congestion and time to trial favor transfer. Based on the most recent data available from the Administrative Office of the Courts, this district has substantially more cases and filings per judgeship overall and in civil cases as compared to the District of New Mexico, and the median time to disposition for civil cases is around two months shorter in that district than here.

Lastly, with respect to feasibility of consolidation with other claims, Plaintiff has filed a number of other cases in this district that are related to this one in that they arise out of her employment by, or later application for employment by, the Department of Veterans Affairs. But

it is not clear that any of those cases will advance beyond the pleadings, or that consolidation for trial would be appropriate even if they were heard in the same district. To the extent this factor could weigh against transfer, it does not outweigh the other factors.

Ultimately, this is a case where nearly all relevant events occurred in New Mexico. It has no connection to this district except that Plaintiff moved here after the events at issue and initially filed it here. Accordingly, the District of New Mexico is the better forum, particularly given that both parties agree that transfer is appropriate. The Court thus finds that transfer is warranted.

## VIII. CONCLUSION

The Court **GRANTS** Plaintiff's motion to transfer. Dkt. No. 430. The Court **DENIES** the following motions:

- Motions for leave to file supplemental briefs, Dkt. Nos. 423, 427, 433;
- Motions to strike the answer, Dkt. Nos. 411, 412, 422;
- Motion for default judgment, Dkt. No. 428;
- Motion for leave to seek a permanent injunction, Dkt. No. 449;
- Motion for summary judgment, Dkt. No. 424;
- Motion for leave to file a separate statement of undisputed facts, Dkt. No. 429;
- Motion for judgment on the pleadings, Dkt. No. 410.

And the Court **TERMINATES AS MOOT** the motion to disqualify Judge, Dkt. No. 442. The Clerk of Court shall **TRANSFER** this case to the United States District Court for the District of New Mexico and close the file in this District. The Court **VACATES** all dates and deadlines, including the deadline for Defendants to file their motion for summary judgment. Defendants' motion to extend that deadline to file a motion for summary judgment, Dkt. No. 447, is **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

Dated: August 11, 2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

7