Tatyana Evgenievna Drevaleva

3015 Clement St., Apt. 204,

San Francisco, CA, 94121

415-954-2116, tdrevaleva@gmail.com

Plaintiff in Pro Per

THE UNITED STATES DISTRICT COURT

FOR NORTHERN CALIFORNIA

| | |
|---|---|
| Tatyana E. Drevaleva<br><br>*Petitioner*,<br><br>vs.<br><br>1) The U.S. Department of Veterans Affairs<br><br>2) Mr. Denis Richard McDonough in his capacity as a Secretary of the U.S. Department of Veterans Affairs<br>810 Vermont Avenue, NW,<br>Washington, D.C. 20420<br><br>*Defendants*<br><br>Facility:<br><br>New Mexico VA Healthcare System<br>1501 San Pedro Drive, S.E.<br>Albuquerque, NM, 87108 | Case No. 4:18-cv-03748-HSG<br><br>First Administrative Motion for Permission to File the First Motion for Summary Judgment in the U.S. District Court for the Northern District of California, the Civil Local Rule 7-11; Memorandum of Points and Authorities; Declaration; Proposed Order.<br><br>Location: Courtroom 2 – 4th Floor<br>1301 Clay Street, Oakland, CA 94612<br>Judge: The Hon. Haywood S. Gilliam |

# MEMORANDUM OF POINTS AND AUTHORITIES

**Statement of Facts**.

On August 12, 2021, Judge Haywood S. Gilliam kicked me out of the U.S. District Court for the Northern District of California criminally denying all my Motions, criminally covering up both Judge Spero and Attorney Zack, recklessly disregarding the material facts of the case, and avoiding his direct duty to rule against the Federal Government who discriminated me against my desire to get pregnant, against my sex/gender, against my age, and against my temporary disability that was related to taking a time off to go to Russia to refill a prescription of my hormonal pills and to perform an IVF procedure.

Gilliam recklessly disregarded the material fact of the case that on June 12, 2017 Ms. Dunkelberger hired young male employee Mr. David Williams to substitute my employment, and she also hired another young male employee Mr. David Trujillo.

Gilliam criminally denied my Administrative Motion for leave to file a Motion for Permanent Injunction. Please, notice that on April 05, 2021 Judge Spero criminally denied my unopposed Motion for Preliminary Injunction (Doc. No. 345.)

Gilliam stayed two other lawsuits No. 3:21-cv-00500-JCS and 3:21-cv-00684-JCS and prohibited me to submit any filings in these lawsuits.

In his criminal August 12, 2021 ORDER GRANTING MOTION TO TRANSFER AND DENYING OTHERMOTIONS in case No. 4:18-cv-03748-JCS Gilliam wrote (Doc. No. 451), page 4, lines 12-27, "Plaintiff's remaining claims in this case are for sex discrimination under Title VII and failure to accommodate disability under the Rehabilitation Act. Dkt. No. 291 (9th Cir. Mem.) at 5–6. To obtain judgment on the pleadings, Plaintiff would need to show that Defendants' admissions in their answer establish that she should prevail on her claims. She has not done so. As to her sex discrimination claim, Plaintiff has not shown that the pleadings compel a conclusion that her firing was discriminatory. With respect to her failure to accommodate claim, taking Defendants' denials and factual averments as true in this procedural context, see Dkt. No. 396 at 2, 4–5, there is at least a factual question as to whether permitting an

1  employee to take leave for international travel on only one day's notice would have been a
2  reasonable accommodation consistent with the requirements of Plaintiff's probationary position
3  as a medical instrument technician. See *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002)
4  (citation omitted) ("The question whether a particular accommodation is reasonable 'depends on
5  the individual circumstances of each case' and 'requires a fact-specific, individualized analysis
6  of the disabled individual's circumstances and the accommodations that might allow him to meet
7  the program's standards.' "). Because Plaintiff has not shown that she is entitled to judgment as a
8  matter of law, the Court **DENIES** Plaintiff's motion for judgment on the pleadings."

9  Because previously Spero ordered the Parties to file a Motion for Summary Judgment in
10 case No. 4:18-cv-03748-JCS on August 13, 2021, I have already prepared my Motion for
11 Summary Judgment, and I was planning to file this Motion today that is August 12, 2021. In this
12 Motion, I clearly addressed Gilliam's frivolous and criminal assertions that, page 4, lines 19-22
13 of his August 12, 2021 Order, "there is at least a factual question as to whether permitting an
14 employee to take leave for international travel on only one day's notice would have been a
15 reasonable accommodation consistent with the requirements of Plaintiff's probationary position
16 as a medical instrument technician."

17 In my Motion for Summary Judgment, I clearly addressed this issue. I clearly
18 demonstrated that the Agency discriminated me against my desire to get pregnant, against my
19 sex/gender, against my age, and against my temporary disability that was related to taking a time
20 off to go to Russia to refill a prescription of my hormonal pills and to perform an IVF attempt.

21 Also, I found the case law *EEOC v. BNSF RAILWAY COMPANY*, No. 16-35457 (9th
22 Circuit, 2020) that described that some District Courts entered a preliminary injunction without
23 addressing all four elements of the Prima Facie Case for the Preliminary Injunction on which
24 both Alsup and Spero criminally relied.

25 Read *EEOC v. BNSF RAILWAY COMPANY*, No. 16-35457 (9th Circuit, 2020),

26 "BNSF argues that the district court erred in issuing its injunction, both because it applied
27 the wrong legal standard and because it could not issue a nationwide injunction. BNSF argues
28 that controlling Supreme Court authority required the district court to use the standard four-

AM for Permission to file a MSJ, No. 4:18-cv-03748-HSG

factor test—which considers (1) whether a plaintiff has suffered an irreparable injury, (2) whether remedies available at law are inadequate to compensate for that inquiry, (3) the balance of hardships, and (4) the public interest—before issuing a permanent injunction. See *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). In recent years, the four-factor test has commonly been applied by the Supreme Court to assess the propriety of injunctive relief. See *id.*; *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010).

The district court held that it could grant an injunction to the EEOC **by statute**, **without looking to the four-factor test**. It reached this conclusion because the ADA authorizes any person who proves an ADA violation to seek the remedies provided for in Title VII of the Civil Rights Act of 1964. See 42 U.S.C. § 12117(a). The district court reasoned that under Title VII, when a court finds that a defendant has intentionally engaged in an unlawful employment practice, "the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate." Id. § 2000e-5(g)(1). Indeed, both our court and the Supreme Court have granted permanent injunctions in the Title VII context without analyzing the four-factor test. See, e.g., *Ariz. Governing Comm. for Tax Deferred Annuity & Deferred Comp. Plans v. Norris*, 463 U.S. 1073, 1092 (1983) (Marshall, J., concurring); Int'l *Bhd. of Teamsters v. United States*, 431 U.S. 324, 361 (1977); *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1544 (9th Cir. 1987). **Because the district court had already held that BNSF had violated the ADA and because it found that BNSF had no intention of ceasing its unlawful practice, the district court determined that an injunction was authorized by statute**."

We need not and do not decide today whether eBay and Monsanto require the application of the four-factor test in the Title VII/ADA context because we determine that **even if the four-factor test is applied, that test would be satisfied here**. See *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1044 (9th Cir. 2012). First, if BNSF continued its practice, Holt and others like him would suffer the dignitary harm of being falsely told that their disability or perceived impairment rendered them unfit for certain work. See *Nelson v. Nat'l Aeronautics & Space Admin.*, 530 F.3d 865, 882 (9th Cir. 2008), rev'd on other grounds, 562 U.S. 134 (2011)

("[T]he loss of one's job does not carry merely monetary consequences; it carries emotional damages and stress, which cannot be compensated by mere back payment of wages."). The harms a person suffers when denied a job on the basis of a disability are "emotional and psychological—and immediate." *Chalk v. U.S. Dist. Court Cent. Dist. of Cal.*, 840 F.2d 701, 710 (9th Cir. 1988). And we are satisfied that these harms constitute irreparable injury. See *id*. Relatedly, while Holt can receive back pay and reinstatement at law, no legal remedy can fully right the wrong of such a dignitary affront. See *id*. We thus conclude that the second factor—insufficient remedies at law—is satisfied here too."

**Conclusion.**

I am respectfully asking Judge Gilliam to allow me to file a Motion for Summary Judgment today that is August 12, 2021. In this Motion, I clearly demonstrated that I am entitled to a Summary Judgment as a matter of law. Filing this Motion at the U.S. District Court of New Mexico will only delay the litigation and will only delay my right for relief.

I am respectfully asking the Court to prohibit Attorney Zack to file her Motion for Summary Judgment because Zack is not going to tell the truth to the Court.

I declare under the penalty of perjury and under the Federal laws that all foregoing is true and correct. Executed at San Francisco, CA on August 12, 2021.

Respectfully submitted,

s/ Tatyana Drevaleva

Plaintiff Pro Se

Date: August 12, 2021.